UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette,<br>*On behalf of himself and other similarly situated individuals,*<br><br>　　　　Plaintiff,<br>　v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-2, *in their individual and official capacities*.<br><br>　　　　Defendants. | Court File No. _____<br><br>**MEMORNADUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

## INTRODUCTION

This is a civil rights class action lawsuit seeking prospective injunctive relief against a number of law enforcement agencies and their agents for unconstitutionally interfering with journalists in the course of their work. During the past week of protests following the death of George Floyd, these law enforcement entities have engaged in a pattern and practice of targeting and intimidating members of the news media engaged in reporting activities protected by the First Amendment. They have interfered with the right to record

police officers in public places. They have unreasonably arrested and seized members of the media and their belongings while reporting the news. They have used excessive force against journalists. And they have fired non-lethal ballistics and chemical agents for the purpose of causing pain and injury without constitutionally adequate warning.

The actions set forth in Plaintiff's complaint describe a pattern and practice of targeting journalists in violation of the First, Fourth, and Fourteenth Amendments. As such, a temporary restraining order and preliminary injunction must extend beyond the Plaintiff in order to meaningfully safeguard these bedrock constitutional protections and protect similarly situated journalists.

Although Courts retain equitable authority to craft inunctions that extend beyond the circumstances of the named plaintiffs even when no class is certified, *see Rodgers v. Bryant*, 942 F.3d 451 (8th Cir. 2019), Rule 23's class certification procedures can help frame the scope of the injunction and better manage the litigation. In this case, because Rule 23's prerequisites have been satisfied, the Court should grant the motion for class certification and issue the classwide injunction as set forth in the proposed order. For these reasons, this Court should certify the following class:

> All members of the news media, as the term is used in Emergency Executive Order 20-69, who intend to engage in news gathering or reporting activities in Minnesota related to the protest activities that followed the death of George Floyd and the law enforcement response to those protests.

## **ARGUMENT**

All of the prerequisites for class certification under Rule 23(a) are satisfied here.

First, "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As set forth in the complaint, hundreds of members of the news media are in the Twin Cities covering the protests that followed George Floyd's death and the aftermath. Although no hard and fast number controls the analysis, courts routinely cite 20 persons as a benchmark. *See In re Modafinil Antitrust Litig.*, 837 F.3d 238 (3d Cir. 2016). The class here is many orders of magnitude larger. Moreover, given the chaotic environment caused by the COVID-19 pandemic, the protests, and the resulting civil unrest, joinder of all class members would be particularly unworkable in this case.

Second, "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Although the rule speaks in terms of common questions, "what matters to class certification ... [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal–Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, both common questions and common answers are presented in droves. Do arrests and targeting of journalists through a series of common methods violate the First, Fourth, and Fourteenth Amendment? Are Defendants liable for implementing an unlawful policy or custom as set forth under principles of municipal liability? Have Defendants manifested a failure to properly train and supervise their agents? These questions will not rise and fall according to individualized circumstances. Classwide treatment is appropriate.

Moreover, Rule 23(a)(2)'s commonality requirement does not require class members to be identically situated—far from it. It is "far [less] demanding" than Rule 23(b)(3)'s requirement that "questions of law or fact common to class members

3

predominate over any questions affecting only individual members." *Luiken v. Domino's Pizza, LLC*, 705 F.3d 370, 377 (8th Cir. 2013).

Third, "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The burden of showing typicality is not an onerous one." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982). Here, Plaintiff's experience was typical of the class. He was explicitly targeted, shot at, and threatened with violence as a member of the news media. His experience is emblematic of the pattern and practice of unconstitutional treatment of journalists outlined in the complaint.

Fourth, Plaintiff "will fairly and adequately protect the interests of the class." Plaintiff has no conflicts involving other class members or Defendants. He understands his role as a class representative and his duties to the class in this litigation.

Moreover, class certification is appropriate under Fed. R. Civ. P. 23(b)(1) and (b)(2).

Maintaining individual actions would create a risk of "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Multiple courts issuing multiple injunctions governing the engagement and use-of-force standards for law enforcement would be entirely untenable. Doing so would only contribute to a state of uncertainty and confusion that allows the constitutional violations described in the complaint to continue. Moreover, while the proposed injunction includes an objective standard for identifying members of the news media, it would be entirely unworkable and

unrealistic for law enforcement to identify *specific persons*—like the named Plaintiff—and then act accordingly based on individual injunctions that could potentially vary in their terms from person to person. Journalists *as a class* deserve protection from unconstitutional targeting. Law enforcement *as a class* requires a single, unified, clearly articulated injunction governing conduct towards journalists.

For much the same reasons, class certification is appropriate because "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications." Fed. R. Civ. P. 23(b)(1)(A). A ruling with respect to a single Plaintiff in this case would arguably be strong stare decisis—if not necessarily res judicata—with respect to other putative class members and members of the law enforcement community. An injunction that prohibited, for example, the arrest without probable cause of Journalist A would be strong authority with respect to both Journalist B as well as law enforcement in their interactions with Journalist B. There is no benefit, however, to allowing the overwhelmingly common issues in this case to be litigated individually. The interests of both class members and defendants requires classwide treatment.

Finally, as stated more fully in the complaint, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(1)(A). There is no allegation that Plaintiff has been targeted because of anything unique to him as an individual. Rather, he has been repeatedly targeted because of his membership in a class of journalists. Plaintiff's targeting exists only by virtue of a

5

broader pattern and practice of unconstitutional conduct directed at journalists as a class. Logically, injunctive relief for the "class as a whole" is the only mechanism available to afford relief in light of conduct directed specifically to the class.

The Court should also bear in mind that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. 23(c)(1)(C). The Court remains free to modify the class certification order as necessary in light of further factual development in this case. In a similar vein, the proposed emergency injunctive relief, by its terms, only applies through June 15, 2020, pending further developments in this case. These factors weigh in favor of resolving any competing inferences at this early stage in favor of certifying the proposed class.

## **CONCLUSION**

As set forth in the proposed order, class certification should be granted.

| | |
|---|---|
| Dated: June 2, 2020 | /s/ Kevin C. Riach |

Kevin C. Riach (#0389277)
Dulce J. Foster (#0285419)
Pari I. McGarraugh (#0395524)
Jacob P. Harris (#0399255)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
kriach@fredlaw.com
dfoster@fredlaw.com
pmcgarraugh@fredlaw.com
jharris@fredlaw.com


Adam W. Hansen (#0391704)
**APOLLO LAW LLC**
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: 612.927.2969
adam@apollo-law.com

Teresa Nelson (#269736)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Telephone: 651.529.1692
tnelson@aclu-mn.org

*Attorneys for Plaintiff and the Proposed Plaintiff Class*