UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jared Goyette, *On behalf of himself and other similarly situated individuals,* | Court File No. _____ |
| Plaintiff, v. | **MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-2, *in their individual and official capacities.* | |
| Defendants. | |

---

Plaintiff Jared Goyette, on behalf of himself and a class of individuals similarly situated ("Class Members"), hereby moves for a temporary restraining order ("TRO"). This motion is based on Fed. R. Civ. P. 65, 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution, and is supported by the accompanying Memorandum of Law, Declaration and Affidavit of Jared Goyette in Support of Motion for Temporary Restraining Order, and

Declaration of Isabella Nascimento in Support of Motion for Temporary Restraining Order.

Plaintiffs specifically seek an order enjoining Defendants and their agents, servants, employees, and representatives from:

    A.    Use of chemical agents on a Class Member, including but not limited to mace/oleoresin capsicum spray or mist/pepper spray/pepper gas, tear gas, skunk, inert smoke, pepper pellets, xylyl bromide, and similar substances, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities.

    B.    Use of physical force against a Class Member, including through the use of flash bang grenades, non-lethal projectiles, riot batons, or any other means, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities.

    C.    The arrest, detention, or taking into custody of any Class Member, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the

>  individual is engaged in news gathering activities, except as justified by the presence of probable cause for arrest.
>
> D. The use of threatening language or gestures to harass or intimidate a Class Member, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities.

The requested prohibitions would not apply to situations where Class Members present an imminent threat of violence or bodily harm to persons or damage to property.

The materials submitted in support of this motion demonstrate a threat of irreparable harm to Plaintiff and the Class Members, that the balance of this harm against the harm that the TRO will inflict on other parties weighs in favor of granting the TRO, that Plaintiff and the Class Members are likely to succeed on the merits, and that the public interest favors issuing a TRO.

Dated:  June 2, 2020 /s/ Kevin C. Riach
Kevin C. Riach (#0389277)
Dulce J. Foster (#0285419)
Pari I. McGarraugh (#0395524)
Jacob P. Harris (#0399255)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
kriach@fredlaw.com
dfoster@fredlaw.com
pmcgarraugh@fredlaw.com
jharris@fredlaw.com

Adam W. Hansen (#0391704)
**APOLLO LAW LLC**
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: 612.927.2969
adam@apollo-law.com

Teresa Nelson (#269736)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Telephone: 651.529.1692
tnelson@aclu-mn.org

*Attorneys for Plaintiff*