UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, *On behalf of himself and other similarly situated individuals,* | Court File No. _____ |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER** |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*; Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-2, *in their individual and official capacities*. | |
| Defendants. | |

Plaintiff's Motion for Temporary Restraining Order and Motion for Class Certification came on for hearing on _____ before this Court, the Honorable _____ presiding.

Upon consideration of the papers filed in support of and in opposition to the Motions, arguments of counsel, and the other pleadings and documents on record in this action,

**IT IS ORDERED THAT:**

1. **Class Certification.** Plaintiff's **MOTION FOR CLASS CERTIFICATION** is **GRANTED**. The following Class is certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2):

> All members of the news media, as the term is used in the May 29, 2020 City of Minneapolis Emergency Regulation No. 2020-2-1, who intend to engage in news gathering or reporting activities in Minneapolis related to the protest activities that followed the death of George Floyd and the law enforcement response to those protests.

The Court finds that the requirements of class certification are met for the following reasons:

A. The Class is so numerous that joinder of all members would be impracticable.

B. There are questions of law or fact common to the class, including whether the practices of the Defendants violate the Constitution.

C. The claims of the Named Plaintiff is typical of the claims of the Class.

D. Named Plaintiff and his counsel will adequately protect the interests of the Class.

E. Pursuant to Rule 23(b)(1), prosecuting separate actions by individual Class Members would create a risk of

                inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants, and would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other Class Members and would substantially impair or impede their ability to protect their interests.

      F.      Pursuant to Rule 23(b)(2), Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

2.      Named Plaintiff is hereby appointed as the class representative.

3.      Adam W. Hansen of Apollo Law LLC and Kevin Riach, Dulce Foster, Pari McGarraugh, and Jacob Harris of Fredrikson & Byron, P.A., and Teresa Nelson of ACLU of Minnesota are hereby appointed as Class Counsel. Class Counsel has the requisite experience to be appointed as Class Counsel in this case. Each of the factors enumerated in Fed. R. Civ. P. 23(g) is satisfied.

4. **Temporary Restraining Order.** Plaintiff's **MOTION FOR A TEMPORARY RESTRAINING ORDER** is **GRANTED**. Defendants and their agents, servants, employees, and representatives are hereby enjoined from:

> A. Use of chemical agents on a Class Member, including but not limited to mace/oleoresin capsicum spray or mist/pepper spray/pepper gas, tear gas, skunk, inert smoke, pepper pellets, xylyl bromide, and similar substances, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities, except as authorized in paragraph 5 below.
>
> B. Use of physical force against a Class Member, including through the use of flash bang grenades, non-lethal projectiles, riot batons, or any other means, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities, except as authorized in paragraph 5 below;
>
> C. The arrest, detention, or taking into custody of any Class Member, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities, except as

    authorized in paragraph 5 below or otherwise justified by the presence of probable cause for arrest;

  D. The use of threatening language or gestures to harass or intimidate a Class Member, where the Class Member has identified themselves as a member of the news media or it is reasonably clear that the individual is engaged in news gathering activities, except as authorized in paragraph 5 below.

  5. **Provided, however,** that paragraphs 4(A)-4(D) above do not apply to situations where Class Members present an imminent threat of violence or bodily harm to persons or damage to property.

  6. This Order will remain in effect until June 15 unless otherwise modified by the Court.

**IT IS SO ORDERED.**

Dated: _____     _____
                   United States District Court Judge