UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Michael Shum, Katie Nelson, Tannen Maury, Stephen Maturen, and The Communications Works of America, *On behalf of themselves and other similarly situated individuals*, | Court File No. 20-cv-01302 (WMW/DTS) |
| Plaintiffs, | |
| v. | **CITY OF MINNEAPOLIS AND MINNEAPOLIS POLICE CHIEF MEDARIA ARRADONDO'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT** |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*; Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; John Does 1-10, *in their individual and official capacities*; | |
| Defendants. | |

For its Answer to Plaintiffs' Second Amended Class Action Complaint, Defendants City of Minneapolis and Minneapolis Chief of Police Medaria Arradondo (hereinafter "City Defendants") state and allege as follows:

Except as admitted, qualified or otherwise pleaded herein, City Defendants deny each and every allegation, matter, and thing in Plaintiffs' Second Amended Class Action Complaint.

City Defendants state that the Second Amended Class Action Complaint contains 165 footnotes, some of which are duplicative, to Twitter accounts, news media reports, social media posts, website links, YouTube videos, and a podcast; the footnotes are not susceptible to a responsive pleading. To the extent that the material in the footnotes can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

Plaintiffs have also placed headings over the separate sections of the Second Amended Class Action Complaint. City Defendants have preserved the headings for ease of reference, but to the extent the headings contain allegations against City Defendants, those allegations are denied.

Also, for ease of reference, the City Defendants identify the following abbreviations:

1.      The Communications Workers of America ("CWA").

2.      Minneapolis Police Department ("MPD").

3.      Robert Kroll ("Kroll").

4.      Journalists, television correspondents, television camera crew, and members of the news media (collectively "Press").

5.      The Multi-Agency Command Center ("MACC").

6.      Minnesota State Patrol ("MSP").

7.      Police Officers Federation of Minneapolis ("POFM")

8.      Minnesota Police and Peace Officers Association ("MPPOA").

## INTRODUCTION

To the extent it may be construed to contain allegations against City Defendants, City Defendants deny any allegations contained in the Plaintiffs' "Introduction" section.

## PARTIES

1.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 1.  The allegations are therefore denied.

2.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 2.  The allegations are therefore denied.

3.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 3.  The allegations are therefore denied.

4.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 4.  The allegations are therefore denied.

5.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 5.  The allegations are therefore denied.

6.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 6.  The allegations are therefore denied.

7.      City Defendants are without sufficient information to admit or deny the allegations in Paragraph 7.  The allegations are therefore denied.

8.      City Defendants deny that the CWA lives in or intends to return to Minnesota.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 8.  The remaining allegations in Paragraph 8 are therefore denied.

9.      City Defendants admit the allegations in Paragraph 9.

10.     City Defendants admit the allegations in Paragraph 10.

11.     City Defendants admit that Kroll holds the rank of Lieutenant in the MPD.  The remaining allegations in Paragraph 11 are directed at another party.

12.     The allegations in Paragraph 12 are directed at another party.  City Defendants are without sufficient information to admit or deny the allegations in Paragraph 12.  The allegations are therefore denied.

13.     The allegations in Paragraph 13 are directed at another party.  City Defendants are without sufficient information to admit or deny the allegations in Paragraph 13.  The allegations are therefore denied.

14.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 14.  The allegations are therefore denied.

## JURISDICTION

15.     City Defendants admit that Plaintiffs claim to be entitled to the relief stated in Paragraph 15 of the Second Amended Class Action Complaint pursuant to 42 U.S.C. §§ 1983.  City Defendants deny that they are liable and denies that Plaintiffs are entitled to any relief.

16.     City Defendants admit the allegations in Paragraph 16.

## BACKGROUND

### A.     GEORGE FLOYD'S MURDER AND THE ENSUING UNREST.[1]

17.     City Defendants admit that bystander and body worn camera video exists of four MPD Officers' encounter with George Floyd on May 25, 2020 as alleged in Paragraph 17.  The videos speak for themselves.  City Defendants admit that the involved officers have been charged with varying degrees of murder but are unable to admit or deny whether the acts legally constituted murder as charges are yet untried.  City Defendants admit the involved officers were immediately fired by Chief Arradondo when the video was made known to him.

18.     City Defendants admit the allegations in Paragraph 18 regarding the dissemination of the video, and subsequent breaking news.  City Defendants are

---

[1] To the extent this heading contains an allegation against City Defendants, the allegation is denied.

unable to admit or deny whether the depicted acts legally constituted murder as charges are yet untried.

19.    City Defendants are unable to admit or deny whether the actions of any MPD officer legally constituted murder as charges are yet untried. City Defendants admit the remaining allegations in Paragraph 19, except the City Defendants deny that the "bad actors" were "isolated" because the use of the phrase "isolated" is too vague to allow for a responsive pleading. City Defendants affirmatively allege that the "bad actors" were both extremely dangerous to officer safety and the safety of the public, and many of them attempted to hide amongst the non-violent protestors.

20.    City Defendants admit the allegations in Paragraph 20.

21.    The allegations against the MSP are directed at another party.  City Defendants deny the allegation in Paragraph 21 pertaining to the MPD because the use of the phrase "many" is too vague to allow for a responsive pleading.  City Defendants admit confrontations occurred during this period and some necessitated the use of less-lethal ballistics and chemical irritants without forewarning, but City Defendants deny that every such confrontation occurred without forewarning.

22.    The allegations in Paragraph 22 are denied.

23.    The allegations against the MSP are directed at another party.  City Defendants deny that MPD aggressively confronted members of the news media providing on-the-scene coverage and civilian demonstrators.  City Defendants admit press reported sustaining injuries but deny press were clearly identifiable. City Defendants are without sufficient information as to CNN correspondent Omar Jimenez's arrest and the circumstances of his release to admit or deny the related allegations, but City Defendants deny that they or any MPD personnel were involved in this incident.  Plaintiffs' citations to news media articles in Footnotes 1 and 2 are not susceptible to a responsive pleading; to the extent that the material in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.   Any remaining allegations in Paragraph 23 are denied.

24.    Upon information and belief, admit that Plaintiffs have accurately quoted Governor Walz in Paragraph 24.  Plaintiffs' citation to a news media article in Footnote 3 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 24 are denied.

25.    The allegations against the MSP and "other law enforcement authorities" are directed at other parties.  The allegations in Paragraph 25 against the MPD are denied.

**B.    CURFEWS ESTABLISHED BY EXECUTIVE ORDER.[2]**

26.    Upon information and belief, City Defendants admit the allegations in Paragraph 26.

27.    City Defendants admit the allegations in Paragraph 27.

28.    City Defendants admit the allegations in Paragraph 28.

29.    City Defendants admit the allegations in Paragraph 29.

30.    City Defendants admit the allegations in Paragraph 30.

31.    The allegations against the MSP are directed at another party.  City Defendants admit the allegations in Paragraph 31 as to the City of Minneapolis and affirmatively alleges that the MPD policy does not require credentials for members of the press.

32.    City Defendants admit that the MPD communicated with MSP and Commissioner Harrington in coordinating a response to illegal activities at protests and riots.  City Defendants deny any constitutional violations, or that

---

[2] To the extent this heading contains an allegation against City Defendants, the allegation is denied.

there was any communication or coordination to plan any unconstitutional activity.  Any remaining allegations in Paragraph 32 are denied.

33.    City Defendants deny that the command staff from both the MSP and MPD were in regular communication and coordination for the entire duration of the protests.   Deny that the crowd-control techniques, use of chemical agents and less-lethal ballistics and other crowd control technologies and tactical deployment of officers and troopers called for the violations of constitutional rights that Plaintiffs have alleged in their Second Amended Class Action Complaint.  Any remaining allegations in Paragraph 33 are denied.

34.    City Defendants admit the MACC was set up so multiple agencies could coordinate their response to the protests.  City Defendants deny they had control over any of the agencies listed in Paragraph 34 except the MPD.  City Defendants deny that Kroll coordinated any activities of the MPD through the MACC or otherwise.  The allegation as to the content of the DPS website is directed to another party.  The DPS website speaks for itself. Any remaining allegations in Paragraph 34 are denied.

35.    Upon information and belief, City Defendants admit that Paragraph 35 summarizes and selectively quotes the substance of what Commissioner Harrington testified to at the July 2020 legislative session.

36.     City Defendants admit the allegation that MPD officers and State Patrol troopers were sometimes physically situated side-by-side and in coordination in responding to protests.  Plaintiffs' citation to a news media article in Footnote 8 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 36 are denied.

### C.     DEFENDANTS' UNCONSTITUTIONAL ACTIONS AGAINST THE PRESS COVERING THE RECENT PROTESTS[3]

37.     The allegations in Paragraph 37 are denied as to the City Defendants. The allegations pertaining to other Defendants are directed at other parties.

38.     The allegations in Paragraph 38 are denied as to the City Defendants. The allegations pertaining to other Defendants are directed at other parties.

39.     The allegations in Paragraph 39 are denied as to the City Defendants. The allegations pertaining to other Defendants are directed at other parties.

<u>ARRESTS[4]</u>

40.     The allegations in Paragraph 40 are directed to another defendant. City Defendants deny that they or any MPD officers were involved in this incident.

---

[3] To the extent this heading contains allegations against City Defendants, the allegations are denied.

[4] To the extent this heading contains allegations against City Defendants, the allegations are denied.

To the extent Paragraph 40 makes allegations against City Defendants, those allegations are denied. Plaintiffs' citation to a news media article in Footnote 9 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

41.     Upon information and belief, City Defendants admit that Governor Walz issued the statement in Paragraph 41.  To the extent that the Governor's statement is construed as making any allegations against the City Defendants, the allegations are denied.

42.     The allegations in Paragraph 42 are denied as to the City Defendants.

43.     City Defendants admit that Plaintiffs Tannen Maury, Stephen Maturen, and Craig Lassig were arrested and charged with curfew violations, but are without sufficient information as to whether Plaintiffs identified themselves as members of the press and, therefore, the allegation is denied.  Plaintiffs' citation to a Twitter account in Footnote 11 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 are directed to another defendant. To the extent Paragraph 44 makes allegations against City Defendants, deny that City

11

Defendants were involved in this incident and deny the allegations. Plaintiffs' citations to news media articles in Footnotes 13 and 14 are not susceptible to a responsive pleading; to the extent that the material in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

45.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 45.  The allegations are therefore denied. Plaintiffs' citations to Twitter accounts in Footnotes 15 and 16 are not susceptible to a responsive pleading; to the extent that the material on the Twitter accounts can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

46.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 46.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 17 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

47.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 47.  The allegations are therefore denied.

48.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 48.  The allegations are therefore denied.

49.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 49.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 19 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

50.     The allegations in Paragraph 50 involving the MSP are directed to another defendant.  To the extent the incident involving MSP makes allegations against City Defendants, those allegations are denied.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 50, those allegations are therefore denied.  Plaintiffs' citation to a Twitter account in Footnotes 20 and 21 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

51.     City Defendants deny that there is any Policy 9-200(IV)(1), but affirmatively alleges that no members of the press were arrested by MPD in violation of MPD Policy 9-202(IV)(A)(2)(e).   Any remaining allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

53.     The allegations in Paragraph 53 are directed at another party.  To the extent Paragraph 53 makes allegations against City Defendants, the allegations are denied.

<u>USE OF PHYSICAL FORCE[5]</u>

54.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 54.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 22 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

55.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 55.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 23 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

56.     City Defendants are without sufficient information to admit or deny the allegations that attacks on journalists were "widely documented", the allegations are therefore denied.  The remaining allegations in Paragraph 56 are denied. Plaintiffs' citation to a news media article in Footnote 24 is not susceptible

---

[5] To the extent this heading contains allegations against City Defendants, the allegations are denied.

to a responsive pleading; to the extent that the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

57.     City Defendants are without sufficient information to admit the allegations in Paragraph 57.  The allegations in Paragraph 57 are therefore denied. Plaintiffs cite to a Declaration in Footnote 25. City Defendants allege that no Declaration of Phillip Montgomery has been filed in support of the Second Amended Class Action Complaint.

58.     City Defendants are without sufficient information to admit or deny the allegations involving Philip Montgomery in Paragraph 58 describing actions of unidentified officers at an unidentified location and time.  The allegations are therefore denied.  The remaining allegations in Paragraph 58 are directed at another defendant.  To the extent those allegations can be construed to be allegations against City Defendants, those allegations are denied.

59.     City Defendants are without sufficient information to admit or deny the allegations as to the effect of an alleged projectile hit on Montgomery, or to admit or deny the allegations as to the identity of other journalists who claim to be hit.  City Defendants deny that MPD officers targeted a group of journalists and deny that the journalists were "obviously journalists."  City Defendants are without sufficient information as to whether the group was provoking or obstructing law enforcement or standing peaceably to the side exercising their

First Amendment rights. Admit that the 40mm projectile launchers have sights to assist with aiming, but affirmatively allege that theses sights do not have any capability for magnification. Plaintiffs' citation to a Twitter account in Footnote 26 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied. Any remaining allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are directed to another defendant. To the extent Paragraph 60 makes allegations against City Defendants, the allegations are denied. Plaintiffs' citation to two declarations in Footnote 27 is not susceptible to a responsive pleading; to the extent that the declarations can be construed to contain allegations against the City Defendants, those allegations, if any, are denied.

61. Upon information and belief, City Defendants deny that they or any of their agents or employees were involved in the incident alleged in Paragraph 61. To the extent Paragraph 61 makes allegations against City Defendants, the allegations are denied. Plaintiffs' citation to a news media article in Footnote 28 is not susceptible to a responsive pleading; to the extent that the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

16

62.     The allegations in Paragraph 62 are directed to another defendant.  To the extent Paragraph 62 makes allegations against City Defendants, the allegations are denied.

63.     The allegations regarding the actions of the State Patrol in Paragraph 63 are directed to another defendant.  To the extent the allegations involving the State Patrol in Paragraph 63 makes allegations against City Defendants, deny that City Defendants were involved in that incident and deny the allegations. City Defendants deny that MPD fired a paint ball gun at the car marking it with red paint.  City Defendants are without sufficient information to admit or deny the effects the alleged injury had on Cole.  The allegations are therefore denied. Plaintiffs' citation to a news media article in Footnote 29 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

64.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 64.  The allegations are therefore denied.

65.     The allegations in Paragraph 65 are directed to another defendant.  To the extent the allegations in Paragraph 65 regarding the State Patrol firing less-lethal projectiles at the car of two reporters constitutes allegations against City Defendants, City Defendants deny that they were involved in this incident and deny the allegations.  Plaintiffs' citation to a Twitter account in Footnote 30 is not

susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied. City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 65. The allegations are therefore denied.

66. City Defendants are without sufficient information to admit or deny what caused Tirado's injuries nor the extent thereof, those allegations in Paragraph 66 are therefore denied. Upon information and belief, Tirado is attributed as having made the statements alleged in Paragraph 66, but City Defendants deny that the alleged statements have merit. Plaintiffs' citation to a news media article in Footnote 31 is not susceptible to a responsive pleading; to the extent that the materials in the news media article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

67. City Defendants are without sufficient information to admit or deny the allegations in Paragraph 67. The allegations are therefore denied. Plaintiffs' citations to a Twitter account and news media articles in Footnotes 32, 33, and 34 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter account and in the news media article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

68.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 68.  The allegations are therefore denied. Plaintiffs' citation to a news media article in Footnote 35 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

69.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 69.  The allegations are therefore denied.

70.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 70.  The allegations are therefore denied. Plaintiffs' citations to news media articles in Footnotes 36 and 37 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

71.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 71.  The allegations are therefore denied.  Plaintiffs' citations to a Twitter account in Footnotes 38 and 39 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

72.     Upon information and belief, deny that the MPD and City Defendants were involved in this incident.  Plaintiffs' citation to a Twitter account in Footnote

40 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

73.    City Defendants deny that when the munition was fired near Chesky and his crew that Chesky and his crew were clearly identifiable as news media. City Defendants affirmatively allege that officers clearing the area around the Fifth Precinct were not tuned in to MSNBC to see that Chesky was live on television. Plaintiffs' citation to a Twitter account in Footnote 41 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied. Any remaining allegations in Paragraph 73 are denied.

74.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 74. The allegations are therefore denied.

75.    The allegations in Paragraph 75 regarding the actions of the State Troopers are directed at another party. To the extent those allegations can be construed to be allegations against City Defendants, those allegations are denied. Plaintiffs' citations to a Twitter account in Footnotes 42, 43, and 44 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied. City Defendants are without sufficient information

to admit or deny the remaining allegations in Paragraph 75.  The allegations are therefore denied.

76.     City Defendants admit the allegations in Paragraph 76 that the 40mm Skat Shell and the Direct Impact LE 40mm Extended Range Round were used during the riots.  City Defendants deny that these were used "against journalists" in the sense that journalists were intentionally targeted on the basis of being journalists.  Any remaining allegations in Paragraph 76 are denied.

77.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 77.  The allegations are therefore denied.  Plaintiffs' citation to a website link in Footnote 45 no longer directs to alleged content and is not susceptible to a responsive pleading; to the extent that the materials on the website link can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

78.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 78.  The allegations are therefore denied.  Plaintiffs' citation to a website link in Footnote 46 no longer directs to alleged content and is not susceptible to a responsive pleading; to the extent that the materials on the website link can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

79.     City Defendants admit that Plaintiffs have selectively quoted portions of the MPD Policy and Procedure Manual.  City Defendants deny that these quotes have been used in the appropriate context and the remaining allegations in Paragraph 79 are denied.

80.     City Defendants admit the allegations in Paragraph 80, excepting the last sentence which is denied.  City Defendants affirmatively clarify that the policy provides instructions not "warn[ings]" as suggested in Paragraph 80.

81.     City Defendants deny that MPD fired both the Skat Shell and the Direct Impact Round at journalists in a manner contrary to the manufacturer's warnings or in contravention of its own written policies on use of force.  City Defendants deny that the Skat Shell and Direct Impact Round were used in a manner "likely to cause injury" as the terms "likely" and "injury" are too vague to allow for a responsive pleading.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 81 relating to Plaintiff Goyette, Linda Tirado, or Philip Montgomery.   The allegations are therefore denied.  The remaining allegations, as to MPD, in Paragraph 81 are denied.  Any remaining allegations in Paragraph 81 pertain to other defendants.

82.     The allegations in Paragraph 82 are denied.

83.     The allegations in Paragraph 83 are directed at another party.  To the extent Paragraph 83 makes allegations against City Defendants, those allegations are denied.

<u>USE OF CHEMICAL AGENTS[6]</u>

84.     City Defendants admit an occupant in Squad Car 181 dispersed pepper spray out the window on May 28 in the evening and deny the remaining allegations in Paragraph 84.  Plaintiffs' citation to a Twitter account in Footnote 49 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

85.     City Defendants admit the allegations in Paragraph 85 that officers pepper sprayed the crowd in order to get them to move away.  City Defendants are without sufficient information to admit or deny the fact or circumstances of Tyler Davis being pepper sprayed.  The allegations are therefore denied.  Plaintiffs' citation to a news media article in Footnote 50 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 85 are denied.

---

[6] To the extent this heading contains allegations against City Defendants, the allegations are denied.

86.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 86 regarding whether an MPD Officer pointed a "rifle" at Adams.   Those allegations are therefore denied.   City Defendants affirmatively allege that Adams did not obey officer commands to get on the ground.   Deny that an officer "threw" Adams to the ground but admit that an officer put hands on Adams to ensure compliance with his command.   Admit the officer told Adams not to move.   Admit that another officer sprayed something in Adams' face.   Without sufficient information to admit or deny what effect this spray had on Adams.   Plaintiffs' citations to a Twitter account in Footnotes 51 and 52 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.   Any remaining allegations in Paragraph 86 are denied.

87.     City Defendants deny that they were involved in this incident and deny the allegations in Paragraph 87.   Plaintiffs' citation to a Twitter account in Footnote 53 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

88.     City Defendants are without sufficient information to admit or deny the allegations in Paragraph 88.   The allegations are therefore denied.   Plaintiffs'

24

citation to a Twitter account in Footnote 54 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

89.    City Defendants admit that Plaintiffs have selectively quoted from the use of force policy in Paragraph 89, but deny these statements are taken in their proper context.

90.    The allegations in Paragraph 90 are denied.

91.    The allegations in Paragraph 91 are directed at another party.  To the extent Paragraph 91 makes allegations against City Defendants, the allegations are denied.

<u>USE OF THREATENING LANGUAGE AND GESTURES</u>[7]

92.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 92.  The allegations are therefore denied.  Plaintiffs' citation to a Twitter account in Footnote 56 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

93.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 93.  The allegations are therefore denied. Plaintiffs'

---

[7] To the extent this heading contains allegations against City Defendants, the allegations are denied.

citation to a news media article in Footnote 57 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

94.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 94.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 58 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

95.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 95.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 59 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

96.   To the extent Paragraph 96 contains an allegation against City Defendants, it is denied.

97.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 97.  The allegations are therefore denied.

98.   Upon information and belief, the photograph in Paragraph 98 is of Linda Tirado.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 98.  The allegations are therefore denied.

99.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 99.  The allegations are therefore denied.  Plaintiffs' citation to a social media website in Footnote 60 is not susceptible to a responsive pleading; to the extent that the materials on the social media website can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

100.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 100.  The allegations are therefore denied.

101.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 101.  The allegations are therefore denied.

102.    Upon information and belief, any allegations in Paragraph 102 are directed to another party.  To the extent Paragraph 102 makes allegations against City Defendants, deny that City Defendants were involved in this incident.

103.    City Defendants are without sufficient information to admit or deny any allegations in Paragraph 103.  The allegations are therefore denied.

104.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 104.  The allegations are therefore denied. Plaintiffs' citation to a Twitter account in Footnote 61 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

27

## D.      NAMED-PLAINTIFF JARED GOYETTE.

105.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 105.  The allegations are therefore denied.

106.    City Defendants are without sufficient information to admit or deny the allegations of the whereabouts and actions of Plaintiff Goyette on May 27, 2020 in Paragraph 106.  The allegations are therefore denied.  City Defendants admit that MPD's Third Precinct was located at the intersection of Lake Street and Minnehaha Avenue.  City Defendants admit that MPD officers were protecting the Third Precinct and themselves through the use of less-lethal munitions and tear gas.  The remaining allegations in Paragraph 106 are denied.

107.    City Defendants are without sufficient information to admit or deny the allegations as to what items Plaintiff Goyette was carrying.  The allegations are therefore denied.  City Defendants deny that Goyette was clearly visible as a member of the news media to the officers at the scene and that the items he carried would have been visible to the MPD stationed on top of and outside the Third Precinct.

108.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 108.  The allegations are therefore denied.

109.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 109.  The allegations are therefore denied.   City

28

Defendants affirmatively allege that they have been unable to locate Plaintiff Goyette in MPD body camera footage on the date and time he alleges.

110.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 110.  The allegations are therefore denied.

111.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 111.  The allegations are therefore denied.

112.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 112.  The allegations are therefore denied.

**E.    NAMED-PLAINTIFFS CRAIG LASSIG, TANNEN MAURY, AND STEPHEN MATUREN.[8]**

113.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 113.  The allegations are therefore denied.

114.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 114.  The allegations are therefore denied.

115.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 115.  The allegations are therefore denied.

116.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 116.  The allegations are therefore denied.

---

[8] Plaintiffs' citation to a declaration in Footnote 62 is not susceptible to responsive pleading.  To the extent the declaration can be construed as containing allegations against City Defendants, the allegations are denied.

117.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 117 as to the whereabouts and actions of Plaintiffs Lassig, Maury, and Maturen.   The allegations are therefore denied.   City Defendants admit the allegation in Paragraph 117 that police fired tear gas and less-lethal projectiles near the Fifth Precinct on May 30 and attempted to disburse rioters.  City Defendants deny that police intentionally shot fleeing protesters in the back.

118.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 118.  The allegations are therefore denied.

119.    City Defendants deny the allegations in Paragraph 119 that MPD was involved in the incident.  Upon information and belief, Plaintiffs Lassig, Maury and Maturen were arrested by Hennepin County Sheriff Deputies who wear brown shirts.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 119 or Footnote 63.   The remaining allegations are therefore denied.

120.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 120.  The allegations are therefore denied.

## F.     NAMED PLAINTIFF MICHAEL SHUM[9]

121.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 121.  The allegations are therefore denied.

122.    Upon information and belief, the allegations in Paragraph 122 are directed to another party.  City Defendants deny the allegation that the MPD was firing tear gas and projectiles at the time or location suggested in Paragraph 122. To the extent Paragraph 122 makes any other allegations against City Defendants, the allegations are denied.

## G.     NAMED PLAINTIFF KATIE NELSON

123.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 123.  The allegations are therefore denied.

124.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 124.  The allegations are therefore denied.

125.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 125.  The allegations are therefore denied.

126.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 126.  The allegations are therefore denied.

---

[9] In Footnote 64, Plaintiffs refer to a declaration of Michael Shum, however no such declaration has been filed.

127.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 127.  The allegations are therefore denied.

128.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 128.  The allegations are therefore denied.

129.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 129.  The allegations are therefore denied.

### H.    NAMED-PLAINTIFF CWA

130.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 130 or the Schluess declaration.  The allegations are therefore denied.

131.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 131 or the Cole or Hennessy-Fiske declarations.  The allegations are therefore denied.

132.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 132 or the Schluess declaration.  The allegations are therefore denied.

133.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 133.  The allegations are therefore denied.

134.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 134.  The allegations are therefore denied.

135.   To the extent Paragraph 135 contains an allegation, City Defendants are without sufficient information to admit or deny.  The allegation is therefore denied. The City Defendants deny that CWA is a proper party to this action.

136.   The allegations in Paragraph 136 are denied.

## MUNICIPAL ALLEGATIONS[10]

## I.      THE STATE AND MUNICIPAL DEFENDANTS[11]

137.   City Defendants deny the allegations in Paragraph 137 that pertain to them.  City Defendants are without sufficient information to admit or deny the allegations as to other defendants.  Those allegations are therefore denied.

### a.      Unconstitutional Treatment of Journalists[12]

138.   City Defendants deny the allegations in Paragraph 138 that pertain to them.  City Defendants are without sufficient information to admit or deny the allegations as to other defendants.  Those allegations are therefore denied.

139.   City Defendants deny the allegations in Paragraph 139 that pertain to them.  City Defendants are without sufficient information to admit or deny the allegations as to other defendants.  Those allegations are therefore denied.

---

[10] To the extent this heading contains allegations against City Defendants, the allegations are denied.

[11] To the extent this heading contains allegations against City Defendants, the allegations are denied.

[12] To the extent this heading contains allegations against City Defendants, the allegations are denied.

140.   City Defendants deny the allegations in Paragraph 140 that pertain to them.  City Defendants are without sufficient information to admit or deny the allegations as to other defendants.  Those allegations are therefore denied.

141.   City Defendants deny the allegations in Paragraph 141 that pertain to them.  City Defendants are without sufficient information to admit or deny the allegations as to other defendants.  Those allegations are therefore denied.

142.   City Defendants admit that Chief Arradondo stated that journalists must be protected and that he would make sure that incidents involving the media would be investigated.  Deny that Chief Arradondo used the term "abuses of journalists" to characterize the incidents that occurred involving journalists. Admit that as of September 14, 2020, 105 days from the last of the incidents alleged, that investigations into the incidents alleged in the Second Amended Class Action Complaint are ongoing and that there have been no final determinations relating to discipline, including reprimands, suspensions, or trainings regarding the allegations in Plaintiffs' complaint.  City Defendants deny that actions of the MPD were unlawful.  As to allegations regarding the MSP, City Defendants are without sufficient information to admit or deny the allegations in Paragraph 142, they are therefore denied.  Plaintiffs' citations to news media articles in Footnotes 65 and 66 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those

34

allegations, if any, are denied.  The remaining allegations in Paragraph 142 are denied.

143.    City Defendants deny the allegations in Paragraph 143 that pertain to them and are without sufficient information to admit or deny the allegations as to other defendants.

144.    City Defendants admit that the Minnesota Daily filed a complaint with MPD's Internal Affairs Division in 2002 regarding an incident during the hockey riots.  City Defendants are without sufficient information as to the specifics of the complaint to admit or deny the allegations, they are therefore denied.  City Defendants admit that there was no discipline as a result of this complaint, and affirmatively deny that there was any misconduct.  Plaintiffs' citations to news media articles in Footnotes 67, 68, and 69 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Deny the remaining allegations in Paragraph 144.

145.    City Defendants admit the allegations in Paragraph 145 that Amy Goodman and her crew were arrested but denies Amy Goodman and her crew were complying with police orders.  City Defendants are without sufficient information to admit or deny the allegations in Paragraph 145 regarding Defendant John Harrington's response or regarding the circumstances of the

alleged arrest of "dozens of other journalists."  Those allegations are therefore denied.  City Defendants admit that Goodman and her crew filed a federal civil rights lawsuit, including claims against the SPPD and MPD, and that the lawsuit settled in 2011.  City Defendants deny any basis for liability against the City Defendants.  City Defendants are without sufficient information as to terms of the settlement involving training conducted by the SPPD, and those allegations are therefore denied.  Plaintiffs' citation to news media reports in Footnotes 70 and 71 are not susceptible to a responsive pleading; to the extent that the materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

146.   City Defendants admit the allegations in Paragraph 146 that in 2012, Kelly Benjamin filed a federal civil rights lawsuit against two Minneapolis Police Officers and the Cities of Minneapolis and St. Paul and that it settled in 2013.  City Defendants admit that no discipline or training resulted from this lawsuit.  City Defendants affirmatively allege that no complaints were received regarding this incident.   The remaining allegations in Paragraph 146 are denied.

147.   City Defendants deny the allegations in Paragraph 147 that Chad Nelson personally filed a criminal complaint against Lehner. City Defendants deny the accuracy of the details of Lehner's previous incidents from 2012 and that there were no disciplinary consequences for these 2012 incidents.  City Defendants

are without sufficient information to admit or deny the allegation as to whether former Chief Dolan apologized. The allegation is therefore denied. City Defendants deny that there has not been additional training implemented since these incidents happened. Plaintiffs' citations to news media reports in Footnotes 72 and 73 are not susceptible to a responsive pleading; to the extent that the materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied. Any remaining allegations in Paragraph 147 are denied.

148. The allegations in Paragraph 148 are directed to another defendant. To the extent Paragraph 148 makes allegations against City Defendants, deny that City Defendants were involved in this incident and deny the allegations. Plaintiffs' citations to various articles, posts, and a Twitter account in Footnotes 74, 75, 76, 77 and 78 are not susceptible to a responsive pleading; to the extent that these materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

149. City Defendants admit that former Chief Harteau requested the after-action report identified by Plaintiffs in Paragraph 149. City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 149. The allegations are therefore denied. Plaintiffs' citations to a

publication in Footnote 79 is not susceptible to a responsive pleading; City Defendants maintain the report speaks for itself.

150.   City Defendants admit the DOJ Report made various recommendations, including training.  The DOJ Report speaks for itself.  City Defendants deny the remaining allegations in Paragraph 150.

151.   The allegations in Paragraph 151 relate to another defendant.  To the extent Paragraph 151 makes allegations against City Defendants, those allegations are denied.

152.   The allegations in Paragraph 152 are denied as to the City Defendants.

153.   The allegations in Paragraph 153 are denied as to the City Defendants.

154.   The allegations in Paragraph 154 are denied as to the City Defendants and MPD officers. Plaintiffs' citation to a news media article in Footnote 80 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

155.   City Defendants deny that First Amendment violations occurred during the protests and deny that alleged personal opinions of one officer are representative of other officers.  Plaintiffs' citations to a social media account in Footnotes 81 and 82 are not susceptible to a responsive pleading; to the extent that the materials in the social media posts can be construed to contain allegations

against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 155 are denied.

156.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 156, as to the quotes attributed to unknown officers or troopers or Kroll. The allegations are therefore denied. Deny that the alleged verbal responses are attributable to an "attitude" towards the news media.  Any remaining allegations in Paragraph 156 are denied.

157.   City Defendants admit Plaintiffs have quoted the MPD Policy and Procedure Manual in Paragraph 157.  City Defendants admit that there is not information in the MPD Policy and Procedure Manual on the specific topic of "safeguard[ing] press freedoms at protests" and that Section 6-200 has not been updated since 2008.  City Defendants deny the remaining allegations in Paragraph 157.

158.   The allegations in Paragraph 158 are denied.

159.   The allegations in Paragraph 159 are directed to another defendant. To the extent Paragraph 159 makes allegations against City Defendants, deny that City Defendants were involved in this incident.

160.   City Defendants are without sufficient information to admit or deny the number of articles and by whom they were published regarding the alleged abuse or arrest of journalist as alleged in Paragraph 160.  The allegations are

therefore denied.   City Defendants deny the allegations in Paragraph 160 regarding alleged unconstitutional conduct and any remaining allegations in Paragraph 160

161.   The allegations in Paragraph 161 are denied as to the City Defendants.

b.      **Unconstitutional Use of Force**[13]

162.   The allegations in Paragraph 162 are denied as to the City Defendants.

163.   The allegations in Paragraph 163 are denied.

164.   The allegations in Paragraph 164 are denied.  Plaintiffs' citation to an advisory committee report in Footnote 83 is not susceptible to a responsive pleading; to the extent that the materials in the report can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

165.   City Defendants are without sufficient information as to the allegations in Paragraph 165.  Those allegations are therefore denied. Plaintiffs' citation to a news media article in Footnote 84 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

166.   City Defendants are without sufficient information as to the allegations in Paragraph 166.  Those allegations are therefore denied.  Plaintiffs'

---

[13] To the extent this heading contains allegations against City Defendants, the allegations are denied.

citation to a news media article in Footnote 85 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

167.  City Defendants are without sufficient information as to the allegations in Paragraph 166. Plaintiffs' citation to a news media article in Footnote 86 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

168.  The allegations in Paragraph 168 are denied.

169.  The City Defendants affirmatively allege that the allegations Paragraph 169 do not relate to members of the press and, therefore, have no bearing on this action.  City Defendants admit the allegations in Paragraph 169, as to the existence of lawsuits and settlements for the amounts listed. City Defendants deny that by settling these lawsuits that the underlying allegations were determined to have any merit.  City Defendants allege that the lawsuit complaints speak for themselves.  City Defendants admit that Barze has been a trainer at MPD. City Defendants deny that Barze trained specifically or exclusively on use-of-force or that he was chosen as a trainer in lieu of disciplinary action.  City Defendants admit that Barze has had 12 complaints against him and deny that he has been disciplined only once.  Allegations regarding Kroll's statements are directed at

41

another defendant.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 169.  The allegations are therefore denied.  Plaintiffs' citation to news media articles and a posting in Footnotes 87 to 92 are not susceptible to a responsive pleading; to the extent that these materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

170.    The City Defendants affirmatively allege that the allegations in Paragraph 170 do not relate to members of the press and, therefore, have no bearing on this action.  Due to the provisions of the Minnesota Government Data Practices Act, City Defendants are unable to admit or deny the allegations regarding Ty Jindra in Paragraph 170.  Upon entry of a protective order in this case, City Defendants will file an Amended Answer under seal, if necessary.  City Defendants admit that Jeffrey Jindra was an MPD officer.  City Defendants admit that the City of Minneapolis settled the referenced lawsuit naming Jeffrey Jindra for $110,000.  City Defendants admit that Jeffrey Jindra was not disciplined for this incident.  City Defendants deny that the use of force in that case was unlawful.  Any remaining allegations in Paragraph 170 are denied. Plaintiffs' citation to news media articles in Footnotes 93 to 95 are not susceptible to a responsive pleading; to the extent that these materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

171.   The City Defendants affirmatively allege that none of the allegations in Paragraph 171 relate to members of the press and, therefore, have no bearing on this action.   City Defendants admit that Officer Lucas Peterson shot Terrence Franklin and that Franklin died, and affirmatively allege that Officer Peterson's use of force was objectively reasonable under the circumstances.   City Defendants admit the allegations in Paragraph 171, as to history of lawsuits naming Officer Peterson.   City Defendants are without sufficient information as to the 2008 RNC incident but admit Peterson was not disciplined.   City Defendants deny Officer Peterson's only discipline has been a letter of reprimand.   City Defendants admit that the Franklin lawsuit was settled, but deny it settled for $800,000 and deny that the settlement indicates that the underlying claims had any merit. City Defendants admit that Officer Peterson was not disciplined for the Franklin incident as his actions were objectively reasonable under the circumstances.   City Defendants deny the implication that Officer Peterson should have been disciplined for using deadly force against Franklin in self-defense and in defense of other officers.   City Defendants deny that Peterson is the current training coordinator for the MPD SWAT team. Plaintiffs' citation to news media articles and a posting in Footnotes 96 to 99 are not susceptible to a responsive pleading; to the extent that these materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

172.   The City Defendants affirmatively allege that none of the new allegations in Paragraph 172 relate to members of the press and, therefore, have no bearing on this action.  City Defendants reallege the response to the allegations in Paragraph 147.  City Defendants admit that the City paid $360,000 to settle the referenced lawsuit, and the lawsuit included the allegations asserted in Paragraph 172. City Defendants deny that Lehner was not disciplined for this incident, and affirmatively allege that Lehner was fired for this 2013 incident.  City Defendants admit the allegation that Lehner was sued in 2011 and that the lawsuit settled for $85,000.  City Defendants deny that Lehner was not disciplined, and affirmatively allege that he was suspended for the 2011 incident.  City Defendants are without sufficient information to admit or deny the allegations in Paragraph 172 as to what 2012 incident Plaintiffs refer to.   Therefore, the allegation is denied. City Defendants deny that Lehner was previously investigated by Internal Affairs on 30 occasions, and deny he was suspended twice. City Defendants admit Lehner received two letters of reprimand.   Plaintiffs' citation to news media reports in Footnotes 100 and 101 are not susceptible to a responsive pleading; to the extent that the reports can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

173.   City Defendants admit Plaintiffs have quoted the report they have cited in Paragraph 173, but affirmatively allege that the statements are taken out

of context.  City Defendants deny that none of the DOJ's recommendations have been implemented. Plaintiffs' citation to news media reports in Footnotes 102 and 103 are not susceptible to a responsive pleading; to the extent that the materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

174.    City Defendants admit the allegations in Paragraph 174 that protests erupted in North Minneapolis in 2015, that the DOJ released an after-action report at the request of the City, and that Plaintiffs have quoted from the report.  City Defendants deny the remaining allegations in Paragraph 174.

175.    City Defendants admit that Plaintiffs have quoted the report that they have cited to, in Paragraph 175, with the noted alterations.

176.    City Defendants admit that Plaintiffs have quoted the report they have cited to in Paragraph 176.

177.    City Defendants admit that Plaintiffs have quoted to the report they have cited in Paragraph 177.  City Defendants deny the allegations that there were violations of policy that warranted discipline and further deny that there has been no subsequent training relating to less-lethal or non-lethal weapons

178.    City Defendants admit that Plaintiffs have quoted to the report they have cited in Paragraph 178.  City Defendants affirmatively allege it would have been impossible to discipline any officers for any alleged violations as the report

45

itself notes that "no official complaints were filed by the demonstrators regarding the indiscriminate deployment of chemical agents." City Defendants deny the remaining allegations in Paragraph 178.

179.   City Defendants deny the allegations in Paragraph 179.

180.   City Defendants admit that there was a report and that Plaintiffs have quoted various selections from the draft report in Paragraph 180.   Deny the remaining allegations in Paragraph 180.   Plaintiffs' citation to a draft report in Footnote 105 are not susceptible to a responsive pleading.   The report speaks for itself.

181.   City Defendants are without sufficient information as to the allegations contained Paragraph 181.   Those allegations are therefore denied. Plaintiffs' citations to a news media article and Twitter account in Footnotes 106 and 107 are not susceptible to a responsive pleading; to the extent that the materials can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

182.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 182, as to the statement of former Chief Harteau and as to the statement of former Mayor Rybak.   The allegations are therefore denied. City Defendants deny Plaintiffs' characterization of Chief Arradondo's statement in Paragraph 182. Plaintiffs' citation to a news media article in Footnote 108 is not

susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

183.    The allegations in Paragraph 183 are denied.

**J.      THE POLICYMAKING ROLE OF DEFENDANT KROLL.[14]**

184.    City Defendants admit that Kroll holds the rank of Lieutenant in the MPD and that he is the president of the Police Officers Federation of Minneapolis. City Defendants deny that Kroll has a supervisory role in the MPD or that he acts under color of state law when he acts as Federation President.  All remaining allegations in Paragraph 184 are denied.

185.    City Defendants admit the allegations in Paragraph 185 that Kroll is on leave from his position in the MPD, admit that Kroll is paid by the city through donation of holiday pay by Minneapolis Police Federation members.  City Defendants deny the remaining allegations in Paragraph 185.

186.    City Defendants deny the allegations in Paragraph 186.

187.    City Defendants deny the allegations in Paragraph 187.

188.    The allegations in Paragraph 188 regarding Kroll's actions during the George Floyd protests are directed toward Kroll.  City Defendants deny that there

---

[14] To the extent this heading contains allegations against City Defendants, the allegations are denied.

were "egregious abuses of journalists" and that Kroll inserted himself into the command structure or that he had a policymaking or advisory role. Any remaining allegations in Paragraph 188 are denied.

189. Admit that Kroll wrote an email to command staff on May 29, 2020, and that Plaintiffs have quoted from the email, but deny that the email used the phrase "unhandcuffing." The remaining allegations in Paragraph 189 are denied. Plaintiffs' citation to a news media report in Footnote 110 is not susceptible to a responsive pleading; to the extent that the report can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

190. City Defendants deny the allegations in Paragraph 190. Plaintiffs' citation to a Twitter account in Footnote 111 is not susceptible to a responsive pleading; to the extent that the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

191. The allegations regarding Kroll's intent with his June 2 email are directed toward Kroll. To the extent Paragraph 191 makes allegations against City Defendants, those allegations are denied.

192. City Defendants deny that Kroll has a supervisory role. The allegations regarding Kroll's intent with his June 2 email are directed toward Kroll, but City Defendants deny the existence of or ratification of rampant

unconstitutional conduct as alleged in Paragraph 192.  To the extent Paragraph 192 makes allegations against City Defendants, those allegations are denied.

193.   The allegations regarding Kroll's intent with his June 2 email are directed toward Kroll.   City Defendants denies that Kroll incited any unconstitutional conduct against the press.  To the extent Paragraph 193 makes allegations against City Defendants, those allegations are denied.

194.   The allegations in Paragraph 194 are directed to Kroll.   Upon information and belief, Plaintiffs have quoted a tweet made by former MPD Chief Harteau.  Plaintiffs' citation to a Twitter account in Footnote 112 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

195.   The allegations regarding Kroll's public criticisms of the MPD or its command structure are directed to Kroll.  City Defendants are without sufficient information regarding the extent and content of all of Kroll's interviews in 2015 to respond to the allegation regarding the number and substance of those interviews. City Defendants deny that Kroll "undercut" the then-Mayor or then-Police Chief's orders and statements. To the extent Paragraph 195 makes any other allegations against City Defendants, they are denied.

196.    City Defendants deny that Kroll has any official power to set policy, custom and practice and that any alleged "resistance" or "subversion" of reform was not done in Kroll's capacity as an MPD employee.   City Defendants are without sufficient information to admit or deny the substance of statements made by former Chief Harteau.   Those allegations are therefore denied.   Any remaining allegations in Paragraph 196 are denied. Plaintiffs' citations to news media articles in Footnotes 114 and 115 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

197.    City Defendants are without sufficient information to admit or deny the substance of statements made by former Assistant Chief Kris Arneson.   Those allegations are therefore denied.   Plaintiffs' citation to a news media article in Footnote 116 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

198.    City Defendants admit that in 2017 changes were made to the MPD's deadly force policy.   City Defendants admit that the Federation opposed these changes.   Allegations regarding Kroll's actions taken in opposition to the policy or attacks on the policy made in the context of private conversations are directed to Kroll.   City Defendants are without sufficient information to admit or deny those

allegations and they are therefore denied.  City Defendants deny the remaining allegations in Paragraph 198.  Plaintiffs' citation to a news media article in Footnote 117 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

199.    City Defendants admit the allegations in Paragraph 199, that in 2017, MPD instituted a new policy requiring policy body cameras to be activated when dispatched.  The allegations regarding Kroll's position on the body camera policy are directed to Kroll.  To the extent the remaining allegations in Paragraph 199 contain allegations against City Defendants, they are denied.

200.    City Defendants are without sufficient information to admit or deny the allegations regarding the opinions and statements of former Mayor Rybak. The allegations in Paragraph 200 are therefore denied.  Plaintiffs' citations to news media articles in Footnotes 118 and 119 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

201.    City Defendants deny that Kroll has power, authority, or influence over MPD policy, practice, and custom.  City Defendants admit that Mayor Frey has worked to institute reforms and that he has expressed some frustrations

relating to the functioning of the contract with the POFM. City Defendants deny any remaining allegations in Paragraph 201.

202.    City Defendants admit that Plaintiffs have quoted Mayor Frey in Paragraph 202. City Defendants deny that Plaintiffs have accurately paraphrased Mayor Frey's other statements. Any remaining allegations in Paragraph 202 are denied. Plaintiffs' citations to news media report in Footnote 120 is not susceptible to a responsive pleading; to the extent that the report can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

203.    City Defendants admit the allegations in Paragraph 203 that Mayor Frey banned MPD's use of so-called "warrior-style training" for its officers and admits the statements of Mayor Frey and John Elder.  City Defendants deny that Kroll "usurped" the official training function of the MPD.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 203.  The allegations are therefore denied.  Plaintiffs' citation to news media articles in Footnotes 121 and 122 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

204.    City Defendants admit the allegations in Paragraph 204 insofar as the Plaintiffs have attributed statements to Mayor Frey.  Any remaining allegations in Paragraph 204 are denied.  Plaintiffs' citation to a news media article in Footnote

123 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against the City Defendants, those allegations, if any, are denied.

205. City Defendants deny that Kroll's exerts any influence in his capacity as an employee of the MPD and deny any implication that Kroll is an official policymaker of the MPD. City Defendants admit that Plaintiffs have quoted Chief Arradondo but deny Plaintiffs' characterizations of Chief Arradondo's statements. Plaintiffs' citations to news media reports in Footnotes 124 and 125 are not susceptible to a responsive pleading; to the extent that the materials in the reports can be construed to contain allegations against the City Defendants, those allegations, if any, are denied. The remaining allegations in Paragraph 205 are denied.

206. City Defendants deny the allegations in Paragraph 206 that MPD was withdrawing from contract negotiations due to the Federation's influence of MPD policy, practice, and customs. City Defendants deny that Plaintiffs have properly characterized Chief Arradondo's rationale for withdrawing from negotiations and deny that it demonstrates that the Federation influences or develops MPD policy. City Defendants admit that the quotes in Paragraph 206 from Chief Arradondo and Mayor Frey are correct but deny they have been given their proper context. Any remaining allegations in Paragraph 206 are denied.

207.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 207 as to the activities of Kroll in his capacity as Federation President or how Minnesota legislators view Kroll.  Those allegations are therefore denied.  City Defendants deny the allegation that Kroll is an "official policy maker" for the City Defendants or MPD.  City Defendants deny any remaining allegation in Paragraph 207 against the City Defendants.  Plaintiffs' citation to a Twitter account in Footnote 127 is not susceptible to a responsive pleading; to the extent that the materials on the Twitter account can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

208.   City Defendants admit that Commissioner Harrington and Colonel Langer provided testimony before the joint committee referenced in Paragraph 208.  City Defendants admit that Chief Arradondo, Mayor Frey, nor anyone from the Mayor's staff were called to testify.  City Defendants affirmatively allege that the joint committee originally indicated that they would seek Mayor Frey's testimony, and that Mayor Frey was willing to appear before the joint committee, but the hearing was deemed closed before Mayor Frey or Chief Arradondo had an opportunity to testify. City Defendants deny the allegations in Paragraph 208 that members of the Federation board, which did not include Kroll, were called to testify in any capacity for the MPD or POFM and affirmatively allege that they were called as representatives of the MPPOA, which, according to its website is:

"The Minnesota Police and Peace Officers Association (MPPOA)[, which] was founded in 1922 and its members include municipal police officers, county deputy sheriffs, correctional officers and other public safety professionals employed in the State of MN. The MPPOA is the largest association representing public safety professionals in the State of Minnesota." City Defendants affirmatively allege that the three MPPOA representatives did not have the foundation to explain the official actions of the MPD during the protests; City Defendants deny that the proceedings of the joint committees reflect the command authority or responsibility at the MPD or City of Minneapolis. Plaintiffs' citation to the committee hearing in Footnote 128 is not susceptible to a responsive pleading; to the extent that the hearing can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

209.    City Defendants deny the allegations in Paragraph 209 that Kroll has a policymaking role.  Upon information and belief, City Defendants admit that the County Attorney's Office refused to provide officers with customary Garrity warnings prior to their provision of statements in the Noor trial.  City Defendants are without sufficient information to admit or deny what threats were made by the County Attorney's Office.  The allegations regarding Kroll's behavior and statement in relation to the Noor trial are directed at Kroll.  City Defendants deny that Kroll was acting in his capacity as an MPD employee.  City Defendants are

also without sufficient information to admit or deny the allegations pertaining the statements made by Kroll or Justine Damond's father. These allegations are therefore denied. Plaintiffs' citations to news media articles in Footnotes 129 and 130 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied. Any further allegations against City Defendants contained in Paragraph 209 are denied.

210.    City Defendants admit that Council Member Fletcher commented on Twitter about a slower response time after he proposed diverting money from hiring additional officers. City Defendants admit that Council Member Cunningham agreed with Council Member Fletcher's statement. City Defendants admit that Council Member Fletcher was correctly quoted regarding his comments on the Federation. Admit that Plaintiffs have correctly quoted a tweet by Council Member Ellison. City Defendants deny that officer response time is directed by the Federation. Plaintiffs' citations to Twitter accounts and news media articles in Footnotes 131, 132, 133, and 134 are not susceptible to a responsive pleading; to the extent that the materials on the Twitter accounts and in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied. Deny any remaining allegations in Paragraph 210.

211.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 211 as to how Federation board members refer to Kroll.  That allegation and the implication that the opinion of the Federation board members has any bearing on Kroll's role in the MPD are denied.  City Defendants deny Kroll has any policymaking role at the MPD or that Kroll would have any policymaking role as a Lieutenant even if he were actively serving in the MPD. City Defendants are without sufficient information to admit or deny what Sgt. Schmidt stated in an interview.  Those allegations are therefore denied.  Plaintiffs' citation to a news media article in Footnote 135 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  Any remaining allegations in Paragraph 211 are denied.

212.  City Defendants deny the allegations in Paragraph 212 that Minnesota labor unions stated that Kroll had a role in establishing MPD's policy, practice, and custom, and further deny that Kroll plays such a role.   City Defendants admit Plaintiffs quoted websites in this paragraph.  To the extent that these quotations or websites, including those cited in Footnotes 136 to 139, contain allegations which assert liability on the part of City Defendants, those allegations are denied.

57

213.    City Defendants deny that the statements quoted or paraphrased in Paragraph 213 from community leaders indicate that Kroll or the Federation exercises influence over MPD policy, practice, and custom.  City Defendants are without sufficient information to admit or deny whether these statements from the community leaders are quoted accurately.  They are therefore denied. Plaintiffs' citations to news media articles in Footnotes 140 and 141 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

214.    The allegations in Paragraph 214 are addressed to another defendant. City Defendants are without sufficient information to admit or deny the allegations in Paragraph 214.  Those allegations are therefore denied.  Plaintiffs' citation to a news media article in Footnote 142 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

215.    City Defendants deny the allegations in Paragraph 215 that, in the referenced interview, Kroll was acting in his role as an MPD employee.  City Defendants affirmatively allege that Kroll was speaking as Federation President. The interview speaks for itself.  To the extent Paragraph 215 makes any allegations against City Defendants, those allegations are denied.  Plaintiffs' citation to YouTube in Footnote 143 is not susceptible to a responsive pleading; to the extent

58

that the YouTube video can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

216.   City Defendants deny the allegations in Paragraph 216 that there is a "shadow command structure."   City Defendants admit that Kroll has publicly stated his personal opinion and/or the position of the Police Federation on matters of MPD Policy.   City Defendants deny that the opinions of Kroll are the policy, custom, or practice of the City of Minneapolis or the MPD.   City Defendants are without sufficient information to admit or deny the specific allegations regarding what Kroll has stated in various media interviews.   The allegations are therefore denied. Plaintiffs' citations to news media articles in Footnotes 144 and 145 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.   Any remaining allegations in Paragraph 216 are denied.

217.   The allegations in Paragraph 217 are directed to another party.   City Defendants are without sufficient information to admit or deny the statement attributed to Kroll.   The allegation is therefore denied.   To the extent Paragraph 217 makes allegations against City Defendants, those allegations are denied. Plaintiffs' citations to an article in Footnote 146 is not susceptible to a responsive pleading; to the extent that the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

218.   City Defendants are without sufficient information to admit or deny allegations as to what Kroll stated in a podcast interview.  Those allegations are therefore denied.  Plaintiffs' citation to a podcast in Footnote 147 is not susceptible to a responsive pleading; to the extent that the content in the podcast can be construed to contain allegations against City Defendants, those allegations, if any, are denied.   To the extent Paragraph 218 makes allegations against City Defendants, those allegations are denied.

219.   City Defendants admit the allegations in Paragraph 219 regarding the termination of Rod Weber.  City Defendants admit that the Federation filed an unsuccessful grievance of Officer Weber's termination.   City Defendants are without sufficient information to admit or deny the statements of Kroll in Paragraph 219.  To the extent these statements are meant to be allegations against City Defendants, they are denied.  Plaintiffs' citations to news media articles in Footnotes 148 and 149 are not susceptible to a responsive pleading; to the extent that the materials in the articles can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

220.   City Defendants admit the allegations in Paragraph 220.

221.   City Defendants deny that it is "incredible" that Lehner held a position on the Federation board.  City Defendants deny that Lehner was fired for "unspecified misconduct", see City Defendants' answer to Paragraph 172. City

Defendants are without sufficient information to admit or deny the statements attributed to Kroll.  Those allegations are therefore denied. Plaintiffs' citation to a news media article in Footnote 152 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.  To the extent Paragraph 221 makes allegations against City Defendants, those allegations are denied.

222.   City Defendants deny the allegations in Paragraph 222.

223.   The allegations regarding Kroll's testimony to the U.S. Civil Rights Commission are directed to another defendant.  To the extent Paragraph 223 makes allegations against City Defendants, those allegations are denied.  City Defendants are without sufficient information to admit or deny the allegations as to whether Chauvin was "parroting" Kroll.  Those allegations are therefore denied.  City Defendants deny that Kroll establishes MPD customs and culture. Any remaining allegations in Paragraph 223 are denied.

224.   City Defendants admit that Plaintiffs have quoted from a report of the Minnesota Advisory Committee to the U.S. Commission on Civil Rights in Paragraph 224.  City Defendants deny that Plaintiffs have given the selected quotations the correct context. The report speaks for itself.  City Defendants are without sufficient information to admit or deny the allegations as to the specific

content of Kroll's testimony before the Minnesota Advisory Committee to the U.S. Commission on Civil Rights.  To the extent this paragraph contains allegations which assert liability on the part of City Defendants, those allegations are denied.

225.   City Defendants deny the allegations in Paragraph 225.

226.   City Defendants are without information to admit or deny the allegations in Paragraph 226 regarding Kroll's statements to the media, Kroll's off-duty activities, and the Anti-Defamation League's position on the City Heat motorcycle club.  The allegations are therefore denied.  To the extent Paragraph 226 makes allegations against City Defendants, the allegations are denied. City Defendants affirmatively allege the lawsuit referenced in Paragraph 226 was filed in 2007, not 2009, and admit that the lawsuit alleged that Kroll had engaged in racist conduct.  Any remaining allegations in Paragraph 226 are denied.  Plaintiffs' citation to a news media article in Footnote 156 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

227.   The allegations in Paragraph 227 are directed to another defendant. City Defendants are without sufficient information to admit or deny the allegations relating to Kroll's alleged statements.  The allegations are therefore denied.  To the extent Paragraph 227 contains allegations against City Defendants, those allegations are denied.  Plaintiffs' citation to a news media article in Footnote

157 is not susceptible to a responsive pleading; to the extent that the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

228.    The allegations in Paragraph 228 are directed to another defendant. City Defendants are without sufficient information to admit or deny the allegations relating to Kroll's purported exchange with the unnamed activist.  The allegations are therefore denied.  To the extent Paragraph 228 contains allegations against City Defendants, those allegations are denied. Plaintiffs' citation to a news media article in Footnote 158 is not susceptible to a responsive pleading; to the extent that the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

229.    The allegations in Paragraph 229 are directed to another defendant. City Defendants are without sufficient information to admit or deny the allegations relating to Kroll's purported exchange with an unnamed Minneapolis resident.  The allegations are therefore denied. To the extent Paragraph 229 contains allegations against City Defendants, those allegations are denied. Plaintiffs' citation to a news media article in Footnote 159 is not susceptible to a responsive pleading; to the extent that the materials in the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

230.    City Defendants admit that in 2008 Kroll was sued after allegedly assaulting individuals while off-duty. City Defendants are without sufficient information to admit or deny what is "apparent" to Plaintiffs, but City Defendants affirmatively allege that Kroll was ultimately disciplined for this incident.  City Defendants deny the allegation that Kroll has never been disciplined or that there have been 54 complaints made against him.  City Defendants are without sufficient information to admit or deny the allegation as to how many times Kroll has been sued.  Those allegations, and any remaining allegations in Paragraph 230 are denied.

231.    City Defendants are without sufficient information to admit or deny the allegations in paragraph 231 as they relate to another defendant and a non-party.  They are therefore denied.  Plaintiffs' citation to a news media report in Footnote 161 is not susceptible to a responsive pleading; to the extent that the report can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

232.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 232 as they relate to another defendant, and do not claim to involve an MPD officer.  The allegations are therefore denied. Plaintiffs' citation to a news media article in Footnotes 162 and 163 are not susceptible to a

responsive pleading; to the extent that the article can be construed to contain allegations against City Defendants, those allegations, if any, are denied.

233.  City Defendants deny the allegations in Paragraph 233.

234.   City Defendants deny the allegations in Paragraph 234.

235.  City Defendants deny the allegations in Paragraph 235.

236.  City Defendants deny the allegations in Paragraph 236.

## CLASS ALLEGATIONS[15]

237.  The statements in Paragraph 237 are not subject to a responsive pleading as they are legal conclusions.  To the extent they contain allegations against City Defendants, or the materials referenced in Footnote 164 are construed to contain allegations against the City Defendants, those allegations are denied. City Defendants deny that this lawsuit is susceptible to class certification.

238.  City Defendants deny the allegations in Paragraph 238 that the class is so numerous that joinder is impracticable.  City Defendants admit that there are hundreds of members of news media operating in Minnesota.  City Defendants deny that this lawsuit is susceptible to class certification.

239.  City Defendants deny the allegations in Paragraph 239.

240.  City Defendants deny the allegations in Paragraph 240.

---

[15] To the extent this heading contains allegations against City Defendants, the allegations are denied.

241.   City Defendants deny the allegations in Paragraph 241.

242.   City Defendants deny the allegations in Paragraph 242.

243.   City Defendants deny the allegations in Paragraph 243.

244.   City Defendants deny the allegations in Paragraph 244.

245.   City Defendants deny the allegations in Paragraph 245.

## CAUSES OF ACTION

### COUNT I:
**First Amendment-Free Speech, Free Press, Free Assembly, 42 U.S.C. § 1983**

246.   City Defendants re-state and re-allege all previous paragraphs of this Answer.

247.   City Defendants are without sufficient information to admit or deny the allegations in Paragraph 247.  The allegations are therefore denied.

248.   The allegations in Paragraph 248 are denied as to the City Defendants.

249.   City Defendants deny the allegations in Paragraph 249.

250.   City Defendants are without sufficient information to admit or deny the allegations relating to the Plaintiffs' or purported class' response.   The allegations are therefore denied.  City Defendants deny the remaining allegations in Paragraph 250.

251.   The allegations in Paragraph 251 are denied as to the City Defendants.

252.   The allegations in Paragraph 252 are denied as to the City Defendants.

253.   The allegations in Paragraph 253 are denied as to the City Defendants.

254.    The allegations in Paragraph 254 are denied as to the City Defendants.

255.    The allegations in Paragraph 255 are denied as to the City Defendants.

256.    City Defendants deny the allegations in Paragraph 256.

257.    City Defendants deny the allegations in Paragraph 257 that Plaintiff Lassig was arrested by City Defendants.  City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 257.  Those allegations are therefore denied.

258.    City Defendants deny the allegations in Paragraph 258 that Plaintiff Maury was arrested by City Defendants. City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 258.  Those allegations are therefore denied.

259.    City Defendants deny the allegations in Paragraph 259 that Plaintiff Maturen was arrested by City Defendants. City Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 259.  Those allegations are therefore denied.

260.    The allegations in Paragraph 260 are directed to another defendant. To the extent Paragraph 260 makes allegations against City Defendants, those allegations are denied.

261.    The allegations in Paragraph 261 are denied as to the City Defendants.

262.    The allegations in Paragraph 262 are directed to another defendant. To the extent Paragraph 262 makes allegations against City Defendants, they are denied.

263.    The allegations in Paragraph 263 are denied as to the City Defendants.

264.    The allegations in Paragraph 264 are denied as to the City Defendants.

265.    The allegations in Paragraph 265 are denied as to the City Defendants.

266.    City Defendants deny the allegations in Paragraph 266.

**COUNT II:**
**First Amendment-Retaliation, 42 U.S.C. § 1983**

267.    City Defendants re-state and re-allege all previous paragraphs of this Answer.

268.    City Defendants are without sufficient information to admit or deny the allegations in Paragraph 268.  The allegations are therefore denied.

269.    The allegations in Paragraph 269 are denied as to the City Defendants.

270.    The allegations in Paragraph 270 are denied as to the City Defendants.

271.    City Defendants are without sufficient information to admit or deny the Plaintiffs' or purported class' response.  The allegations are therefore denied. The remaining allegations in Paragraph 271 are denied.

272.    The allegations in Paragraph 272 are denied as to the City Defendants.

273.    The allegations in Paragraph 273 are denied as to the City Defendants.

274.    The allegations in Paragraph 274 are denied as to the City Defendants.

68

275.    The allegations in Paragraph 275 are denied as to the City Defendants.

276.    The allegations in Paragraph 276 are denied as to the City Defendants.

277.    The allegations in Paragraph 277 are denied as to the City Defendants.

278.    City Defendants deny the allegations in Paragraph 278 as Plaintiff Lassig was not arrested by the MPD.

279.    City Defendants deny the allegations in Paragraph 279 as Plaintiff Maury was not arrested by the MPD.

280.    City Defendants deny the allegations in Paragraph 280 as Plaintiff Maturen was not arrested by the MPD.

281.    The allegations in Paragraph 281 are directed to another defendant. To the extent Paragraph 281 makes allegations against City Defendants, they are denied.

282.    The allegations in Paragraph 282 are denied as to the City Defendants.

283.    The allegations in Paragraph 283 are denied as to the City Defendants.

284.    The allegations in Paragraph 284 are denied as to the City Defendants.

285.    The allegations in Paragraph 285 are denied as to the City Defendants.

286.    The allegations in Paragraph 286 are denied.

287.    The allegations in Paragraph 287 are denied.

## COUNT III:
## Fourth Amendment-Unlawful Seizure and Excessive Force, 42 U.S.C. § 1983

288. City Defendants re-state and re-allege all previous paragraphs of this Answer.

289. The allegations in Paragraph 289 are denied as to the City Defendants.

290. The allegations in Paragraph 290 are denied as to the City Defendants.

291. The allegations in Paragraph 291 are denied as to the City Defendants.

292. City Defendants deny the allegations in Paragraph 292 as Plaintiff Lassig was not detained, booked, or cited by the MPD.

293. City Defendants deny the allegations in Paragraph 293 as Plaintiff Maury was not detained, booked, or cited by the MPD.

294. City Defendants deny the allegations in Paragraph 294 as Plaintiff Maturen was not detained, booked, or cited by the MPD.

295. The allegations in Paragraph 295 are directed at another defendant. To the extent Paragraph 295 makes allegations against City Defendants, those allegations are denied.

296. The allegations in Paragraph 296 are denied as to the City Defendants.

297. The allegations in Paragraph 297 are denied as to the City Defendants.

298. The allegations in Paragraph 298 are denied as to the City Defendants.

299. The allegations in Paragraph 299 are denied as to the City Defendants.

300.    City Defendants deny the allegations in Paragraph 300 that no member of putative class committed any crime.  City Defendants are without sufficient information to admit or deny the allegations as to whether any of the named Plaintiffs committed any crimes.  The allegations are therefore denied.

301.    City Defendants deny the allegations in Paragraph 301 that no member of the putative class posed a threat, or, appeared to pose a threat.  City Defendants are without sufficient information to admit or deny the allegations as to whether any of the named Plaintiffs posed a threat, or appeared to pose a threat, to law enforcement.  The allegations are therefore denied.

302.    The allegations in Paragraph 302 are denied as to the City Defendants.

303.    The allegations in Paragraph 303 are denied as to the City Defendants.

304.    The allegations in Paragraph 304 are denied as to the City Defendants.

305.    The allegations in Paragraph 305 are denied as to the City Defendants.

306.    The allegations in Paragraph 306 are denied as to the City Defendants.

307.    The allegations in Paragraph 307 are denied as to the City Defendants.

308.    The allegations in Paragraph 308 are denied.

## COUNT IV:
### Fifth and Fourteenth Amendment-Due Process, 42 U.S.C. § 1983

309.    City Defendants re-state and re-allege all previous paragraphs of this Answer.

310.    The allegations in Paragraph 310 are denied as to the City Defendants.

71

311.   The allegations in Paragraph 311 are denied as to the City Defendants.

312.   The allegations in Paragraph 312 are denied as to the City Defendants.

313.   The allegations in Paragraph 313 are denied as to the City Defendants.

314.   The allegations in Paragraph 314 are denied as to the City Defendants.

315.   The allegations in Paragraph 315 are denied as to the City Defendants.

316.   City Defendants deny the allegations in Paragraph 316.

317.   City Defendants deny the allegations in Paragraph 317 as Plaintiff Lassig was not detained, arrested or cited by the MPD.

318.   City Defendants deny the allegations in Paragraph 318 as Plaintiff Maury was not detained, arrested or cited by the MPD.

319.   City Defendants deny the allegations in Paragraph 319 as Plaintiff Maturen was not detained, arrested or cited by the MPD.

320.   The allegations in Paragraph 320 are directed to another defendant. To the extent Paragraph 320 makes allegations against City Defendants, those allegations are denied.

321.   The allegations in Paragraph 321 are denied as to the City Defendants.

322.   The allegations in Paragraph 322 are denied as to the City Defendants.

323.   The allegations in Paragraph 323 are denied.

## COUNT V:
## Civil Conspiracy, 42 U.S.C. § 1983

324.    City Defendants re-state and re-allege all previous paragraphs of this Answer.

325.    The allegations in Paragraph 325 are denied as to the City Defendants.

326.    The allegations in Paragraph 326 are denied as to the City Defendants.

327.    The allegations in Paragraph 327 are denied as to the City Defendants.

328.    The allegations in Paragraph 328 are denied as to the City Defendants.

329.    The allegations in Paragraph 329 are denied as to the City Defendants.

330.    The allegations in Paragraph 330 are denied as to the City Defendants.

## COUNT VI:
## FAILURE TO INTERVENE, 42 U.S.C. § 1983

331.    City Defendants re-state and re-allege all previous paragraphs of this Answer.

332.    The allegations in Paragraph 332 are denied as to the City Defendants.

333.    The allegations in Paragraph 333 are denied as to the City Defendants.

334.    The allegations in Paragraph 334 are denied as to the City Defendants.

335.    The allegations in Paragraph 335 are denied as to the City Defendants.

336.    The allegations in Paragraph 336 are denied as to the City Defendants.

337.    The allegations in Paragraph 337 are denied as to the City Defendants.

## PRAYER FOR RELIEF

The prayer for relief is not susceptible to responsive pleading.  To the extent that the prayer for relief can be construed to contain allegations against the City Defendants, the allegations are denied.  The City Defendants expressly deny that the Plaintiffs are entitled to any relief as against the City Defendants.

## JURY DEMAND

City Defendants acknowledge that the Plaintiffs have requested a jury trial. City Defendants also demand a jury trial.

## AFFIRMATIVE DEFENSES

1.     The Second Amended Class Action Complaint fails to state a claim upon which relief can be granted.

2.     The Second Amended Class Action Complaint fails to allege a viable class action claim.

3.     Plaintiffs Lassig, Maury, Maturen, and CWA lack standing to bring this action against the City Defendants.

4.     City Defendants affirmatively allege that, at all times relevant to the Second Amended Class Action Complaint, City Defendants are and were protected by qualified immunity and/or any other applicable immunity.

5.     City Defendants allege that the acts upon which the Second Amended Class Action Complaint is based were privileged, were based upon reasonable

suspicion, probable cause, Plaintiffs' consent, or other proper legal standard to believe that Plaintiffs were subject to a lawful seizure, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances such that City Defendants are immune from liability in this action.

6.      One or more of Plaintiffs' claims is barred as Plaintiffs have failed to exhaust available judicial and administrative remedies.

7.      Plaintiffs have suffered no irreparable harm and therefore Plaintiffs are not entitled to injunctive relief.

8.      Plaintiffs have a complete and adequate remedy at law for money damages, if any, and therefore Plaintiffs are not entitled to injunctive relief.

9.      The alleged use of force, if any, was privileged under the common law and/or under Minnesota Statutes § 609.06.

10.    City Defendants are not liable for punitive damages, if any, under applicable law.

11.    City Defendants' actions were justified by Plaintiffs' actions, or the actions of others over whom the City Defendants had no control.

12.    Plaintiffs' injuries or damages, if any, were caused, contributed to, or brought about by Plaintiffs' own intentional, negligent, unlawful, unreasonable, and/or illegal acts or the acts of others over whom City Defendants exercise no

right or dominion or control for whose actions City Defendants are not legally responsible.

13.    Plaintiffs failed to mitigate their damages, if any.

14.    Plaintiffs assumed the risk of injury from their acts and omissions.

15.    City Defendants allege that if Plaintiffs have suffered any injury, damage or harm, such injury, damage or harm was caused by persons, events, and occurrences not involving City Defendants.

16.    City Defendants deny that Plaintiffs have any right to attorneys' fees in this action.

17.    Plaintiffs had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiffs complain; further Plaintiffs voluntarily assumed any risk inhered in the situation that gave rise to the Second Amended Class Action Complaint.  City Defendants further allege that Plaintiffs voluntarily and unreasonably proceeded to encounter a known danger and therefore assumed the risk of any injury or damages

18.    The Second Amended Class Action Complaint against City Defendants is contrary to public policy.

19.    The Second Amended Class Action Complaint is barred by the doctrine of execution of a public duty.

20.    The actions of City Defendants with respect to the Plaintiffs were taken in good faith and in response to the legitimate safety requirements of the situation and not motivated by the Plaintiffs' alleged exercise of First Amendment rights.

21.    Defendant City of Minneapolis alleges that it is a municipality and therefore is immune from liability for punitive damages.

22.    Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

23.    Defendant City of Minneapolis alleges that the City of Minneapolis, through its policy-making officials, has no historical policy of deliberate indifference to unlawful arrest, excessive force, curtailing first amendment rights, first amendment retaliation, or deprivation of due process by MPD officers and that all training and policies fulfill or exceed constitutional requirements.

24.    City Defendants had justification for any of the actions complained of in the Second Amended Class Action Complaint.

25.    City Defendants allege affirmatively that the acts upon which the Second Amended Class Action Complaint was made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public safety and welfare, there was a need for prompt action because

77

of exigent circumstances, and City Defendants attempted to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty, property, or any constitutional rights.

26.   Plaintiffs' claims also may be barred by affirmative defenses contemplated by Rule 12.02 of the Minnesota Rules of Civil Procedure which are not specifically set forth above.  The extent to which the Second Amended Class Action Complaint's claims may be barred by one or more of said affirmative defenses cannot be determined at this time.  Pending further discovery, City Defendants allege and incorporate all such affirmative defenses set forth in Minn. R. Civ. P. 12.02.

27.   City Defendants reserve the right to assert any additional affirmative defenses that are discovered through discovery or the investigation of the Plaintiffs' claims including affirmative defenses against putative class members which may be revealed through discovery if Plaintiffs' class is certified.

**WHEREFORE**, City Defendants pray for an Order of this Court as follows:

1.     Dismissing Plaintiffs' Second Amended Class Action Complaint on the merits and with prejudice in its entirety;

2.     Awarding City Defendants all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

3.     For such other and further relief as this Court deems appropriate.

Dated:  September 14, 2020

JAMES R. ROWADER, JR.
City Attorney
By
*/s/ Heather Robertson*
HEATHER ROBERTSON (#0390470)
KRISTIN R. SARFF (#0388003)
SHARDA ENSLIN (#0389370)
Assistant City Attorneys
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3949
heather.robertson@minneapolismn.gov
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov

*Attorneys for Defendants City of
Minneapolis and Minneapolis Chief of
Police Medaria Arradondo*