UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, and The Communications Workers of America, *On behalf of themselves and other similarly situated individuals*,<br><br>      Plaintiff,<br><br>  vs.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-2, *in their individual and official capacities*.<br><br>      Defendants. | Court File No. 20-cv-01302<br>(WMW/DTS)<br><br>**DEFENDANT MINNEAPOLIS POLICE LIEUTENANT ROBERT KROLL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** |

## INTRODUCTION

Plaintiffs argue that because Defendant Kroll ("Kroll") holds the rank of Lieutenant, he acted under color of law and is liable under §1983. Further, Plaintiffs argue Kroll is liable as a private actor through a civil conspiracy claim. Because Kroll was not a supervisor and there are no alleged facts supporting a conspiracy, the

1

Complaint should be dismissed.

## ARGUMENT

### I. Kroll was Not Acting Under Color of Law

The Complaint contains allegations solely of activities taken by Kroll in his capacity as Federation President. The Supreme Court has stated that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)). "It is firmly established that a defendant in a §1983 suit acts under color of state law when he abuses the position given to him by the *State*." *Id.* at 49–50 (emphasis added). Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law. *See Polk County v. Dodson,* 454 U.S. 312, 319–20 (1981). There are no facts which could be introduced to establish Kroll was acting under color of law.

Per the plain language of the Federation Contract, Kroll is expressly relieved from acting under color of law to work full time on Federation Activities. See Kelly Aff. Ex. 1, ECF No. 62-1 ("Federation Contract"). Kroll's was elected as Federation President by members of the Federation, not by any action by the City of Minneapolis. Although Kroll holds the civil service rank of Lieutenant, he is "relieved from [his] regularly scheduled duties to engage in Federation activities…" Id. He performs no law enforcement duties because he works "exclusively on Federation business on a permanent basis." Id. Because

Kroll is relieved from law enforcement duties, he holds no supervisory responsibility over MPD personnel. His pay comes from the Donated Time Account that the City donates to the Federation to use at the Federation's discretion for Federation activities. Id at 59.

When acting in his capacity as Federation President, Kroll is *not* acting under color of law. See *Kern v. City Rochester*, 93 F.3d 38 (2nd Cir. 1996) (holding president of firefighter union was not acting under color of law when undertaking activities in his union capacity); *see also Cahill v. O'Donnell*, 75 F.Supp.2d 264 (S.D.N.Y. 1999) ("he did not hold his position as president by virtue of actions by the state and he performed function for the union. Not for the government.") While acting as Federation President, he is not a supervisor with MPD because he is relieved of all MPD duties, including enforcement of MPD policies, training, and supervising MPD Officers. Therefore, Kroll was not acting as an agent of the government in the allegations found in the Complaint. The Complaint against Kroll should be dismissed.

Even if Kroll was a supervisor[1], he would only be liable "under section 1983 'if he directly participates in a constitutional violation.'" *Springdale Educ. Assoc. v. Springdale School Dist.* 133 F.3d 649 (8th Cir. 1998) quoting *Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996). The Complaint contains no allegations that Kroll supervised any of the *John Doe* Defendants because Plaintiffs acknowledge Kroll's actual "power" comes from his role as Federation President. "Because vicarious liability is inapplicable to... §1983 suits,

---

[1] Plaintiffs fail to address the holding of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and cite to cases that preceded *Iqbal*.

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* Because no facts have been alleged that Kroll did any act or held any supervisory role over these Defendants, Plaintiffs' §1983 claims against Kroll should be dismissed.

## II. Kroll was Performing Activities as a Union Leader

The Federation Contract explicitly contradicts Plaintiffs' summation of the Federation's policymaking authority. The contract says that if the City and the Federation discuss policies or any other inherent managerial right, said inherent managerial right does not become a mandatory subject of bargaining. The parties to the Federation Contract agreed to PELRA's express public policy: "to promote orderly and constructive relationships between all public employers and their employees." Minn. Stat. 179A.01. The language in 11.07 allows for management to freely communicate with the Union without having to worry about such communication waiving inherent management rights. See Federation Contract, p. 10. PELRA specifically identifies policymaking as an inherent managerial right. See Minn. Stat. §179A.07.

Whatever input Kroll, as Federation President, gives to the City, is only that: input. The facts alleged show that Kroll holds no policymaking authority whatsoever. Kroll, like every Union leader, provides *input*, to management as to the Union members' concerns, morale and what the Union believes is in the best interest its members. Kroll is not a supervisor in MPD while he is engaged in Federation activities. Plaintiff cites to no law to

4

support a claim against a Union Officer based on engaging in concerted Union activities. The Federation and Kroll have a duty to fairly represent its members in collective bargaining and enforcing the Federation Contract. *See Eisen v. State, Dept. of Pub. Welfare,* 352 N.W.2d 731, 735 (Minn.1984). "The union, as the employees' exclusive representative, has a fiduciary obligation to protect the interests of its *members*." *Id* (emphasis added). Plaintiffs complain that Kroll actively advocates for Federation members and speaks out against actions taken by others that risk or harm members of the Federation. Plaintiffs misstate and misunderstand Kroll's duties. As Federation President, Kroll's duties are to represent the members of the Federation. Plaintiffs admit Kroll, himself, took no direct action; they resting instead on allegations of supervisory liability. However, as noted previously, Kroll holds no supervisory authority within MPD due to his status as full-time personnel for Federation activities. See Federation Contract, p. 57.

Plaintiffs' civil conspiracy claim is based on tin-foil hat conspiracy rather than a legally cognizable conspiracy claim. They rest on allegations that Kroll, as Federation President, created a supposed shadow culture that resulted in Plaintiffs' injuries. Plaintiffs do not allege facts to support this allegation; rather, Plaintiffs' "proof" of Kroll's "*de facto* control" is statutorily and Constitutionally protected Union speech and concerted activities, including collective bargaining, speaking on matters of public import, and filing grievances.

MPD alone has the legal authority to create policy and discipline employees engaged in misconduct. Kroll's duty is to ensure that Federation members' rights are represented and protected, including filing grievances and requiring MPD to, on occasion, prove discipline imposed by MPD on a Federation member is supported by just cause. Plaintiffs twist a private non-profit Union's enforcement of a collective bargaining agreement into liability on

5

a Union official for alleged unlawful acts of some of its members. Plaintiffs' argument is absurd and would open the floodgates to civil liability of third parties like Unions, television personalities, and authors. Plaintiffs fail to allege a critical requirement of a civil conspiracy: an actual meeting of the minds. At most, Plaintiffs allege a legally deficient *implied* meeting of the minds, rather than an *actual* meeting of the minds. It therefore fails to meet the minimum threshold of Rule 8 and the suit should be dismissed.

## CONCLUSION

There is no doubt that Kroll took no *direct action* and he holds no supervisory role. As a private actor, he cannot be liable under §1983. Plaintiffs' claims are based solely on Kroll's exercising his rights and duties as Federation President. Plaintiffs fail to allege facts, which proven, support an actual meeting of the minds. Therefore, the complaint should be dismissed.

Dated: November 12, 2020          **KELLY & LEMMONS, P.A.**

/s/ Joseph A. Kelly
Joseph A. Kelly (#389356)
Kevin M. Beck (#389072)
2350 Wycliff Street, #200
St. Paul, MN 55114
(651) 224-3781
F: (651) 223-8019

*Attorneys for Defendant Minneapolis
Police Lieutenant Robert Kroll*