**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jared Goyette, Craig Lassig, Michael Shum, Katie Nelson, Tannen Maury, Stephen Maturen, and The Communications Workers of America, *on behalf of themselves and other similarly situated individuals*, <br><br> Plaintiffs, <br> v. <br><br> City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-10, *in their individual and official capacities*, <br><br> Defendants. | Court File No.: <br> 0:20-cv-01302 (WMW/DTS) <br><br><br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiff's Motion for Temporary Restraining Order came on for hearing on _____ before this Court, the Honorable Judge Wilhelmina M. Wright presiding.

Upon consideration of the papers filed in support of and in opposition to the Motion, arguments of counsel, and the other pleadings and documents on record in this action,

**IT IS ORDERED THAT:**

1.     Plaintiff's **MOTION FOR A TEMPORARY RESTRAINING ORDER** is **GRANTED**.

2.     Defendants Minnesota Department of Public Safety Commissioner John Harrington, in his individual and official capacity, and Minnesota State Patrol Colonel Matthew Langer, in his individual and official capacity ("State Defendants") and their agents, servants, employees, and representatives are hereby enjoined from:

   a.     Arresting, threatening to arrest, or using physical force—including through use of flash bang grenades, non-lethal projectiles, riot batons, or any other means—directed against any person whom they know or reasonably should know is a Journalist (as explained below), unless the State Defendants have probable cause to believe that such individual has committed a crime. For purposes of this Order, such persons shall not be required to disperse following the issuance of an order to disperse, and such persons shall not be subject to arrest for not dispersing following the issuance of an order to disperse. Such persons shall, however, remain bound by all other laws;

   b.     Using chemical agents directed against any person whom they know or reasonably should know is a Journalist (as explained below), including but not limited to mace/oleoresin capsicum spray or mist/pepper spray/pepper gas, tear gas, skunk, inert smoke, pepper pellets, xylyl bromide, and similar substances, unless such Journalist presents an imminent threat of violence or bodily harm to persons or damage to property; and

c. Seizing any photographic equipment, audio- or videorecording equipment, or press passes from any person whom they know or reasonably should know is a Journalist (as explained below), or ordering such person to stop photographing, recording, or observing a protest, unless the State Defendants are also lawfully seizing that person consistent with this Order. Except as expressly provided in Paragraph 3 below, the State Defendants must return any seized equipment or press passes immediately upon release of a person from custody.

3. If any State Defendant, their agent or employee, or any person acting under their direction seize property from a Journalist who is lawfully arrested consistent with this Order, such State Defendant shall, as soon thereafter as is reasonably possible, make a written list of things seized and shall provide a copy of that list to the Journalist. If equipment seized in connection with an arrest of a Journalist lawfully seized under this Order is needed for evidentiary purposes, the State Defendants shall promptly seek a search warrant, subpoena, or other court order for that purpose. If such a search warrant, subpoena, or other court order is denied, or equipment seized in connection with an arrest is not needed for evidentiary purposes, the State Defendants shall immediately return it to its rightful possessor.

4. To facilitate the State Defendants' identification of Journalists protected under this Order, the following shall be considered indicia of being a Journalist: visual identification as a member of the press, such as by carrying a professional or authorized press pass or wearing a professional or authorized press badge or other official press credentials or distinctive clothing that identifies the wearer as a member of the press.

These indicia are not exclusive, and a person need not exhibit every indicium to be considered a Journalist under this Order. The State Defendants shall not be liable for unintentional violations of this Order in the case of an individual who does not carry or wear a press pass, badge, or other official press credential or distinctive clothing that identifies the wearer as a member of the press.

5. The State Defendants are not precluded by the Order from issuing otherwise lawful crowd-dispersal orders for a variety of lawful reasons. The State Defendants shall not be liable for violating this injunction if a Journalist is incidentally exposed to crowd-control devices after remaining in the area where such devices were deployed after the issuance of an otherwise lawful dispersal order.

6. Because the Court considers any willful violation of this Order, or any express direction by a supervisor or commander to disregard or violate this Order, to be a violation of a clearly established constitutional right and thus not subject to qualified immunity in any action brought against any individual employee, officer, or agent of the State Defendants under 42 U.S.C. § 1983, notice of this Order must be widely disseminated. Accordingly, the State Defendants are ordered to provide copies of this Order, in either electronic or paper form, within 24 hours, to: (a) all employees, officers, and agents of the State Defendants currently deployed in Brooklyn Center, Minnesota (or who later become deployed in Brooklyn Center, Minnesota while this Order is in force).

7. Plaintiffs need not provide any security, and all requirements under Rule 65(c) of the Federal Rules of Civil Procedure are waived.

8. The Court authorizes mutual expedited discovery so that the parties can be fully prepared to present all relevant facts and legal issues at a preliminary injunction hearing. The parties shall confer and propose to the Court a schedule for briefing and hearing on whether the Court should issue a preliminary injunction against the State Defendants.

9. This Order shall expire fourteen (14) days after entry, unless otherwise extended by stipulation of the parties or by further order of the Court.

Dated: _____

Wilhelmina M. Wright
United States District Judge