# GENERAL ORDER

| Effective: | March 9, 2021 | **Number:** 21-10-013 HRLFNDT |
|---|---|---|
| **Subject:** | FIRST AMENDMENT ASSEMBLIES; STRIKES AND INDUSTRIAL/LABOR DISPUTES; SIGNS AND BANNERS ON HIGHWAY | |
| **Reference:** | GO 25-014; Minn. Stat. secs. 160.2715; 179.01, subd. 7; 179.121; 299D.03, subd. 1(8); 609.74 | |
| **Special Instructions:** | Rescinds GO 19-10-013 | **Distribution:** A,B,C, N |

## I. PURPOSE

The purpose of this General Order is to provide guidance to members regarding protests, demonstrations, rallies, hereafter referred to as "First Amendment assemblies," and strikes and/or industrial/labor disputes.

## II. GUIDING PRINCIPLES

A. The Minnesota State Patrol (MSP) respects the rights of people to peacefully assemble and express their ideas and will not unreasonably interfere with those engaged in the lawful exercise of their First Amendment rights.

B. MSP respects the rights of the media to cover First Amendment activity and shall never intentionally target them for dispersal or enforcement action based on their media status.

C. Behavior during a demonstration or assembly can be dynamic and vary from lawful actions to criminal behavior. As such, MSP responses shall be measured and appropriate for the situation.

D. The purpose of MSP presence at any First Amendment assembly is to preserve peace, protect public safety, provide traffic safety service, and prevent the destruction of property.

E. Arrests should be made only when necessary, after considering a totality of the circumstances, respecting the First Amendment rights of an individual, and to protect life/property.

F. First Amendment assemblies closing controlled access road systems present inherent danger to those illegally on the roadway, the motoring public who are required to react to the abrupt and unplanned closure, and our members who need to respond to safely handle any event and reopen the roadway.

G. MSP operates within the statutory jurisdiction established by Minn. Stat. Sec. 299D.03.
   1. Minn. Stat. sec. 299D.03, Subd. 1(8), states that while MSP is authorized to cooperate with local law enforcement, it "..shall have no power or authority in connection with strikes or industrial disputes." MSP not only cannot be involved, but has no power to assist local enforcement off a trunk highway for these purposes.
   2. MSP retains the power and responsibility to enforce laws and direct and control traffic on any highway in the event a strike takes place on any trunk highway or within the normal jurisdiction of the State Patrol. MSP will enforce laws protecting the public, and proactively work to keep trunk highways open to traffic, to the best of our abilities.

## III. DEFINITIONS

A. MSP Statutory Jurisdiction

For purposes of this General Order, MSP statutory jurisdiction means the power and authority vested in members pursuant to Minn. Stat. sec. 299D.03, which includes, but is not limited to, enforcing provisions of the law relating to the protection and use of trunk highways, and as peace officers to provide security and protection to the governor and other state employees, state buildings, and for certain state property. Minn. Stat. 299D.03 specifically states that members do not have any power or authority in connection with strikes or industrial disputes.

B. Industrial Dispute

For purposes of this General Order, "industrial dispute" under Minn. Stat. sec. 299D.03, subd. 1(b)(8) means "labor dispute" as defined in Minn. Stat. sec. 179.01, subd. 7. It is defined as any controversy concerning employment, tenure, or conditions or terms of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms, tenure, or other conditions of employment, regardless of whether or not the relationship of employer and employee exists as to the disputants.

- C. Strike
    The temporary stoppage of work by the concerted action of two or more employees as a result of an industrial/labor dispute. Minn. Stat. 179.01, subd. 8.
- D. Clear Notice
    Clear notice that an industrial/labor dispute is in progress would exist where an "on strike" sign is exhibited in a manner which permits drivers of vehicles entering the establishment to see it.
- E. Mobile Response Team (MRT)
    A specialized team of troopers and supervisors organized and implemented as described on General Order 25-014.

## IV. FIRST AMENDMENT ASSEMBLIES

- A. For preplanned events under MSP statutory jurisdiction, the District/Section Commander or designee shall develop an operational plan based on information obtained in a transparent and lawful manner. The plan should be communicated to and followed by involved members, and include consultation with the MRT Commander if the MRT is involved. The plan, at a minimum, should include:
    - a. General Information such as: Information about the event and groups involved, date, time, location, weather, agency contact information and assignments, allied agency contact information, etc.
    - b. Operational Information such as: Briefings, roles and responsibilities, equipment, uniforms, staging, radio communications, resource deployment plan, dispersal order information with consideration to the applicable laws/elements, etc.
- B. If the event is unplanned, the first responding trooper or security officer should conduct an assessment of conditions and communicate them to dispatch for assignment of a supervisor and to facilitate MSP response. The assessment should include, but is not limited to, the following:
    - Location of the event
    - Number of participants
    - Purpose of the event
    - Event leadership (whether apparent/effective), and any communication with leaders regarding intent/plans
    - Any indicators of unlawful activity or impact on lawful use of walkways, roadways, or public buildings
    - Any predicted ability/need to continue monitoring
- C. Communications and coordination with allied agencies should be established and mutual support arranged for when practicable.
- D. Requests for additional resources shall be made through chain of command. Consideration should be given toward activation of the MRT, pursuant to General Order 25-014.
- E. A command structure should be implemented, consistent with training and the operational plan developed for each event.
- F. Assisting Other Agencies
    1. First Amendment assemblies occurring outside of the MSP's statutory jurisdiction are to be addressed primarily by local law enforcement. Involvement of the MSP may only occur if the local agency has requested its assistance, when local efforts are insufficient to control the situation, or immediately in the event another peace officer's life or safety is in jeopardy.
    2. Any pre-planned request for MSP resources to assist with First Amendment assemblies outside MSP statutory jurisdiction shall be vetted through chain of command to the district/section commander. District/section commanders shall coordinate effectively with the lead local agency and communicate any MSP involvement to the appropriate regional major.
    3. Prior to a formal request for help, district/section commanders may assign a limited number of troopers to be inconspicuously available in the general vicinity of an anticipated disturbance or foreseeable trouble. These troopers are not to be involved in the disturbance without authorization from the district/section commander or supervisor, except as necessary to prevent death or injury to another peace officer.

## V. LABOR STRIKES AND INDUSTRIAL DISPUTES

A. Minn. Stat. sec. 299D.03, subd. 1(8), grants MSP the power and authority "to cooperate, under instructions and regulations of the Commissioner of the Department of Public Safety, with all sheriffs and other police officers anywhere in the state, <u>provided that said employees shall have no power or authority in connection with strikes or industrial disputes</u>."

B. When a member of the MSP is made aware of a strike or industrial/labor dispute in their work area, they shall immediately notify their district/section commander of the dispute/strike. The district/section commander shall contact the sheriff or chief of police and advise them of the MSP's abilities and legal limitations restricting the involvement of troopers in any strike or industrial/labor dispute.

C. Jurisdiction may be established when a person or persons involved in an industrial/labor dispute imminently threaten the safety of persons or traffic. In such cases, such information shall be communicated through the chain of command and a plan developed, including dispersal orders when appropriate.

D. Minn. Stat. sec. 179.121 states that any person who operates a motor vehicle which is entering or leaving a place of business or employment where there is a clear notice that an industrial/labor dispute is in progress, and who fails to fully stop at the entrance or exit, or who fails to exercise caution in entering or leaving that place, is guilty of a misdemeanor. For purposes of this statute, if not otherwise marked, the point of entrance or exit should be regarded as the general area where the private property abuts the right-of-way. Further, no enforcement action should be taken if there is clear notice, but there are no persons on foot in the immediate area.

E. MSP will not attempt to prohibit picketing or peaceful demonstrations unless a court order is violated.

F. Regardless of clear notice, all drivers must still exercise reasonable caution in the presence of pickets or other persons at any location in the general area, whether they are on public property or private property.

G. In those instances where other related offenses are committed which endanger persons or property, the offender is to be cited or arrested for the appropriate charge. Consideration shall be given to MSP's area of statutory jurisdiction with the arrest being turned over to the local agency with primary jurisdiction.

H. Local law enforcement agencies may request our help in handling local police service so that their officers can handle the strike situation. Troopers must have the ready ability to communicate by radio with the requesting agency's dispatch center.

   1. Requests of this type should be routed from the chief local enforcement officer through the district/section commander to the Chief of MSP. If the request is granted, troopers may respond to calls for service as requested by the local agency.

   2. Extreme caution should be used in dealing with calls of a nature not normally handled by MSP.

## VI. SIGNS AND BANNERS AND HIGHWAY RIGHT OF WAY

A. Minn. Stat. sec. 160.2715 states that, except for certain road authorities, it is unlawful to maintain, paint, print, place, or affix any advertisement or any object within the limits of any highway, and any violation of this provision constitutes a misdemeanor

B. A person is permitted to hold a sign in a location that is legal for a pedestrian to walk or stand. A sign, however, may not be placed into the ground or onto the ground without a person holding it, nor can it be placed by or affixed/attached to a fence, post, bridge or any structure. If the person is using the fence, bridge or other structure as support for the sign, it should be considered a violation since the structure is partially holding the sign in place.

C. The holding or waving of signs and other distracting behavior upon the highway may be considered a public nuisance crime if the behavior is substantial enough to outweigh the protection of free speech. Factors to consider include the number of people involved, the specific behaviors exhibited, the location, and the number of motor vehicle travelers on the roadway affected. The content of the signs is not relevant in this determination.

## VI. ARRESTS

A. Troopers and supervisors should respond to unlawful behavior according to the operational plan for pre-planned events or under the direction of supervisors for unplanned events. If practicable, this would include appropriate dispersal warnings and advisements and a reasonable response to any resistance encountered before any arrest.

B. Mass arrests should only be employed when alternative strategies appear futile or are unsuccessful and resources are available to successfully accomplish them. Resources must be present to arrest, document, contain, and transport anyone taken into custody. Mass arrests shall only be undertaken upon the order of the Incident Commander or designee. There must be probable cause for each arrest, with respect to the elements of each criminal charge.

C. If employed, mass arrest procedures should integrate reasonable measures designed to keep the arrestee and Trooper safe and to make sure they occur in an efficient manner.

## VII. REPORTS

A. For any involvement under this policy, Troopers shall complete and submit a detailed field report documenting their activities. A supervisory report shall also be completed to document the event details related to time, place and manner, which led to our agency's involvement.

B. After any large scale, high profile, or complicated event covered under this policy, the Chief may call for an after-action debrief to provide a forum for discussion centered on applying any lessons learned to future similar situations.

Approved:

SIGNED 3/9/2021

_____  
**Colonel Matthew Langer, Chief**  
**Minnesota State Patrol**