**The Office of Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect • www.ag.state.mn.us

May 6, 2021

**VIA CM/ECF**

The Honorable Wilhemina M. Wright
United States District Court
316 N. Robert Street
St. Paul, MN  55101

      Re:    **Jared Goyette v City of Minneapolis, et al.,**
             United States District Court File No. 20-cv-1302 (WMW/DTS)

Dear Judge Wright:

Pursuant to Local Rule 7.1(j), State Defendants ask this Court for permission to file a motion to reconsider the briefing schedule issued by this Court this morning (Dkt. 134), or alternatively for the Court to simply issue an amended schedule as this letter contains nearly all the information that State Defendants would include in a motion to reconsider.

*Overview.*  There are compelling reasons to reconsider the briefing schedule, which currently requires Defendants to respond to Plaintiffs' preliminary injunction on Monday, just three business days after it was filed.  Despite no evidence of current or planned protests or demonstrations in the upcoming months, and despite State Defendants'[1] offer to extend the existing TRO through a standard preliminary injunction schedule, Plaintiffs asked this Court to impose an unnecessary and harsh briefing schedule.  Before receiving any response from State Defendants, the Court issued a scheduling order (Dkt. 134), largely accepting Plaintiffs' proposed dates.  State Defendants request that the Court: 1) move the hearing date to allow a normal briefing schedule under the local rules and 2) extend the TRO through the date of resolution of that motion.

*Facts.* The relevant facts are few.  This Court granted the Plaintiffs' TRO on April 16 (Dkt. 105). State Defendants took swift action to distribute the Court's TRO to their own troopers, as well as to the other law enforcement entities involved in Operation Safety Net.  (*See* Foster Decl., Exs. 6-7 (Dkt. 121-1 at 38-47).)  The TRO was in effect for 14 days.  The parties stipulated to extend it another seven days until May 7.  (Dkt 115.)

In the interim, the parties have been engaged in expedited discovery.  (*See* Foster Decl., at Ex. 5 (Dkt. 121-1 at 29).) They have also been engaged in significant discussions about how to avoid the need for any preliminary injunction motion.  When the parties had been unable to come to a

---

[1]  State Defendants include Minnesota Department of Public Safety Commissioner John Harrington, in his individual and official capacity, and Minnesota State Patrol Colonel Matthew Langer, in his individual and official capacity.

The Honorable Wilhemina M. Wright
May 6, 2021
Page 2

full agreement before yesterday (May 5, 2021), and Plaintiffs expressed concern about the TRO expiring, State Defendants verbally offered to agree to extend the TRO through a preliminary injunction motion.  **State Defendants remain amenable to that extension.**

Despite that offer, Plaintiffs filed their motion for a preliminary injunction and an unduly punishing briefing schedule after hours on May 5, 2021.[2]  Plaintiffs sought to have State Defendants' response due on Mothers Day.  By 9:30 am the next day, this Court had extended the TRO and required State Defendants to file their opposition on Monday, May 10.

*Argument.*  The Court may relieve the time pressure occasioned by the expiring of the TRO, by extending it to allow a full dispositive motion briefing schedule (and time for the Court's decision making) under local rule 7.1.  Defendants request a hearing date after June 16th (which is 42 days after May 5).  The Court can base that extension on the consent of the State Defendants (and on the implicit consent of the Plaintiffs) pursuant to Fed. R. Civ. P. 65(b)(2).

Beyond the fact of that consent, there are three important reasons to reconsider the briefing schedule issued this morning. First, Plaintiffs have pointed to no emergency that necessitates such an expedited timeline.  Their briefing acknowledges that Operation Safety Net is demobilizing.  (Dkt. 120 at 16.)  They point to no current protests or demonstrations happening in Minnesota and no planned protests or demonstrations.  (*Id.* at 26-27.)  Plaintiffs' only effort to show urgency is that there is an unspecified court hearing for former officer Kim Potter on May 17, and a June 25 sentencing of Derek Chauvin.  (*Id.*)  As there is no evidence that any protests are planned for the remote and unremarkable May 17 hearing, and the preliminary injunction motion could be resolved by June 25 under the usual dispositive motion timeline that State Defendants seek, Plaintiffs' showing fails to demonstrate any need for expedited briefing.

Second, the expedited briefing ordered by the Court does not give the State Defendants sufficient time to address the significant (and changing) issues raised in the Plaintiffs' preliminary injunction brief.  For example, Plaintiffs now ask the Court to enjoin every law enforcement agency that participated in Operation Safety Net (Dkt. 120 at 33), not just the two State Defendants that are named defendants in this action.  That is a significant and complex issue and State Defendants need time to adequately address it.  In addition, the underlying facts relating to the injunction are still being developed, as the parties continue to exchange expedited discovery this week.  (*See*, *e.g.*, Am. Decl. of Tim Evans ¶ 11 (recanting claim that State Patrol engaged in the acts described in his initial declaration).) It would be prejudicial to State Defendants to ask them to fully brief this important preliminary injunction motion within this extremely compressed schedule.

Third, an extended briefing schedule allows the parties to continue their dialogue about resolving any need for a preliminary injunction without the need for Court intervention.

---

[2]  During the course of the meet-and-confer, Plaintiffs had suggested that Defendants' opposition to the preliminary injunction would be due May 19.  State Defendants objected that they would need more than one week for responsive briefing.  Nevertheless, Plaintiffs then asked the Court to give State Defendants a significantly shorter time: just four days.

The Honorable Wilhemina M. Wright
May 6, 2021
Page 3

                                      Very truly yours,

                                      s/ **Liz Kramer**
                                      LIZ KRAMER
                                      Solicitor General

                                      (651) 757-1010 (Voice)
                                      (651) 282-5832 (Fax)
                                      liz.kramer@ag.state.mn.us

cc:     Counsel of record, via CM/ECF