UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Michael Shum, Katie Nelson, Tannen Maury, Stephen Maturen, and The Communications Workers of America, *On behalf of themselves and other similarly situated individuals*,<br><br>Plaintiff,<br><br>vs.<br><br>City of Minneapolis, et al.<br><br>Defendants. | Court File No.  20-CV-01302 (WMW/DTS)<br><br><br><br>**DECLARATION OF JOSEPH WEINER IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE** |

JOSEPH WEINER, Assistant Attorney General, states as follows:

1. I represent Defendants Minnesota Department of Public Safety Commissioner John Harrington and Minnesota State Patrol Colonel Matthew Langer, in their official and individual capacities (herein "State Defendants").

2. During the week of April 26, 2021, I was contacted by Joshua Rissman, counsel for the Plaintiffs in *Samaha v. City of Minneapolis*, 20-cv-01715, who indicated that he and counsel for the plaintiffs in this matter and in *Armstrong v. City of Minneapolis*, 20-cv-01645, wanted to discuss potential consolidation of these three cases. Counsel in these matters met by Zoom on April 29 to discuss this issue.

3. During the April 29 meeting, I noted that it seemed inappropriate for *Goyette* to be consolidated with *Samaha* and *Armstrong* (herein the "Protester Cases") because State Defendants were not parties to the other matters or subject to the same discovery

obligations.  I also expressed skepticism that there was a workable or non-prejudicial way to consolidate *Goyette* with the Protester Cases but asked Plaintiffs' counsel for the three cases to discuss and provide a potential framework for how consolidation might work in a way to address these concerns.

4. In response to my request, by way of example, Ahmed Davis, counsel for the *Armstrong* Plaintiffs offered during the meeting that those Plaintiffs would simply issue a discovery request to State Defendants seeking "all documents provided in response to discovery requests in the *Goyette* matter."  I reiterated my concerns with such an approach noting that this would not be proper as there likely is not overlap between the claims and confidentiality and data practices concerns were likely different between the matters.

5. By the end of the meeting, Plaintiffs' counsel indicated they would discuss the Defendants' concerns and provide a proposal to address them.  State Defendants received nothing from Plaintiffs before they filed their Motion to Consolidate.

6. State Defendants learned of the motion to consolidate when counsel for the Minneapolis Defendants in *Samaha* sent me a courtesy copy of the filing.  State Defendants were not informed that Plaintiffs would be pursuing this motion and not consulted on the hearing date.

7. Attached to this Declaration as Exhibit 1 is a true and correct copy of the email dated June 21, 2021, from Sarah Moen, a paralegal at Gustafson Gluek, serving the motion and accompanying papers that were filed in the *Samaha* action related to the Motion to Consolidate.

8. Attached to this Declaration as Exhibit 2 is a true and correct copy of an email chain between myself and Mr. Rissman regarding Plaintiffs' proposed amended scheduling order for consolidation.

I SWEAR UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE INFORMATION CONTAINED IN THIS DOCUMENT IS TRUE AND CORRECT.

Executed on June 28, 2021 at Hennepin County, Minnesota.

s/ Joseph Weiner
JOSEPH WEINER

|#4999558-v1