# Ballard Spahr LLP

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
TEL 612.371.3211
FAX 612.371.3207
www.ballardspahr.com

Leita Walker
Tel: 612.371.6222
Fax: 612.371.3207
walkerl@ballardspahr.com

September 2, 2021

**VIA EMAIL**
**jim.keeler@hennepin.us**

Jim Keeler
Sr. Assistant County Attorney
Hennepin County Attorney's Office
A-2000 Government Center, MC 200
Minneapolis, MN 55487

RE: *Goyette et al. v. City of Minneapolis et al.* **(Civil Action No. 20-cv-01302 (D. Minn.))**

Dear Jim,

Thank you for reaching out about the subpoena your client, the Hennepin County Sheriff's Office, received for records related to the arrest of CNN journalist Carolyn Sung in the above-referenced case (the "Subpoena").

As you know, on behalf of Ms. Sung, in the days after her wrongful arrest by the Department of Public Safety and transfer into the custody of the Sheriff's Office, we asked the Sheriff's Office to confirm it had purged all data related to Ms. Sung. It confirmed in an email dated May 27, 2021 that it "has no data regarding Ms. Sung," and thus we were disappointed to learn that, in response to the Subpoena, several previously undisclosed documents were located, including:

1. A video of a bus of arrestees arriving in the jail security garage of the Sheriff's Office and a number of passengers, possibly including Ms. Sung, disembarking;

2. A list of individuals, including Ms. Sung, who were arrested and transported to the jail but not booked (the comments next to Ms. Sung's name state "MSP decided not to book. CNN reporter.");

3. "Authority to detain" paperwork, which I understand was completed not by the Sheriff's Office but by the State Patrol and which purports to include a "Statement of Probable Cause to Detain" that is, as discussed below, patently false; and

DMEAST #45876004 v1

EXHIBIT B

Jim Keeler
September 2, 2021
Page 2

> 4. A handful of pages from a much longer report created by the Criminal Intelligence Division ("CID") of the Sheriff's Office that appears to be a compilation of photographs of those involved in "planned events, protests and rallies," including Ms. Sung (for lack of a better word I refer to it hereafter as the "Dossier").

First, we are concerned that all four categories of documents were not previously disclosed to us when we asked that information gathered during Ms. Sung's wrongful arrest and detention be purged. Please explain how these documents were overlooked, only to be later found in searching for documents responsive to the Subpoena.

Second, we are deeply concerned that the State Patrol's Statement of Probable Cause to Detain as it pertains to Ms. Sung is patently false. Ms. Sung did *not* "def[y] several dispersal orders." She was *not* "actively defiant," she did *not* "refuse[] to leave the area," she did *not* "participate[] in vandalizing and rioting activity" and she did *not* have "to be restrained by several officers." Rather, as set forth in a letter dated April 17 that went to the Governor, DPS, and others,

> Carolyn Sung, an Asian-American CNN producer, was thrown to the ground and arrested by state troopers Tuesday night while trying to comply with a dispersal order. As Sung tried to leave the area as directed, troopers grabbed Sung by her backpack and threw her to the ground, zip-tying her hands behind her back. Sung did not resist and repeatedly identified herself as a journalist working for CNN and showed her credentials. A male security agent hired by CNN to work with Sung was briefly detained, but quickly released upon showing his credentials. Despite repeatedly hearing Sung identify herself as a member of the press and tell the troopers that the zip ties were too tight on her wrists, one trooper yelled at Sung, "Do you speak English?" Sung, whose primary language is English, was placed in a prisoner-transport bus and sent to the Hennepin County Jail, where she was patted down and searched by a female officer who put her hands down Sung's pants and in her bra, fingerprinted, electronically body-scanned, and ordered to strip and put on an orange uniform before attorneys working on her behalf were able to locate her and secure her release, a process that took more than two hours.

Following the opening of an internal affairs investigation, Ms. Sung provided further details about her mistreatment to DPS Investigator Jerry R. Cziok, at which time she also categorically denied that she engaged in any unlawful conduct and affirmatively asserted that she acted with the utmost respect and professionalism toward trained law enforcement officers who violated her civil rights.

Ms. Sung is very concerned that the public disclosure of the false Statement of Probable Cause to Detain could impact her personal and professional reputation. To that end, I requested that

Jim Keeler
September 2, 2021
Page 3

the State Patrol correct the false Statement of Probable Cause to Detain. Unfortunately, and despite knowing its own document is false, the agency has refused to make any correction. I therefore ask that you disclose this letter whenever you disclose the Statement of Probable Cause to Detain to anyone, whether in response to this Subpoena or a future one.

Third, Ms. Sung is also very concerned by the Dossier. We understand that her photograph is just one of dozens that the CID included in the Dossier, which appears to be a compilation of individuals with whom the CID has crossed paths, and whom the CID may choose to profile and monitor during future demonstrations. The Dossier is precisely the sort of record Ms. Sung had in mind when she first requested that the Sheriff's Office purge any information about her that it possessed.

The fact that the Dossier exists and includes individuals doing nothing more than exercising their constitutional rights is itself extremely troubling. But it is completely unacceptable that the Sheriff's Office retained this information after telling Ms. Sung that they had "no data" regarding her. Ms. Sung demands an explanation regarding the purpose of the Dossier and the reason her photograph was included in it, and she demands that her name and photograph be deleted from this and all similar records after the Sheriff's Office complies with its duties under the Subpoena.

Finally, Ms. Sung is aware that there is a protective order in this case and that documents responsive to the Subpoena could be disclosed as confidential or even attorneys' eyes only. However, Ms. Sung is a journalist, and she believes in transparency. Thus, she does not want public records such as those responsive to the Subpoena here shielded from the public, and she demands that you disclose them without restriction. This letter, the letter to the Governor, and Ms. Sung's statement to internal affairs collectively set the record straight regarding the misconduct of those who arrested her, the poor judgment of those who would include her in the Dossier, and the ineptitude of those who represented they had deleted her data.

I look forward to your response to Ms. Sung's demands and requests for explanation. Thank you for your attention to this matter.

Sincerely,

*[signature]*

Leita Walker

cc:   Pari McGarraugh
      Kevin Riach
      Isabella Nascimento

EXHIBIT B