UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Michael Shum, Katie Nelson, Tannen Maury, Stephen Maturen, and The Communications Workers of America, *On behalf of themselves and other similarly situated individuals*,<br><br>Plaintiff,<br><br>vs.<br><br>City of Minneapolis, et al.<br><br>Defendants. | Court File No. 20-CV-01302 (WMW/DTS)<br><br>**RESPONSE TO PLAINTIFFS' INTERROGATORIES TO STATE DEFENDANTS (SET 1)** |

TO: PLAINTIFFS through their counsel Kevin C. Riach, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota, 55402-1425.

Defendants Minnesota Department of Public Safety Commissioner John Harrington and Minnesota State Patrol Colonel Matthew Langer, in their official and individual capacities ("State Defendants") provide the following answers to Plaintiffs' Interrogatories to State Defendants (Set I):

**GENERAL OBJECTIONS**

All answers are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving:

1. All questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

EXHIBIT D

2. The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

3. The right to supplement and/or amend these answers as State Defendants' investigation, discovery and preparation for trial continues.

4. State Defendants object generally to each request herein to the extent that it seeks discovery of:

    a. Information or documents that are protected by the Minnesota Government Data Practices Act, except as a suitable protective order is entered;

    b. Information or documents subject to the attorney/client privilege, the legislative privilege, the public officer privilege of Minn. Stat. Ch. 595, the inter-governmental memoranda or agency deliberative privileges developed at common law, or any other privilege;

    c. Information or documents constituting the work product of State Defendants or its attorneys;

    d. Information generated or documents prepared in anticipation of litigation or for trial by or for State Defendants or its representatives;

    e. Information or documents not in the possession or control of State Defendants or not generated or obtained by State Defendants in the regular course of business;

    f. Information or documents generated or obtained after the date on which Plaintiffs' alleged claim arose;

5. State Defendants object to, and do not accept Plaintiffs' instructions to the extent that they seek to impose duties upon State Defendants that exceed the requirements of the Federal Rules of Civil Procedure. State Defendants' responses assume that words used in the interrogatories have their ordinary and customary meanings without regard to any special meanings assigned to them by the Plaintiffs.

6. State Defendants object to Plaintiffs' interrogatories to the extent that they seek to impose upon State Defendants duties not imposed by the Federal Rules of Civil Procedure.

7. State Defendants state that they do not and will not waive any of its general or particular objections in the event it may furnish materials or information coming within the scope of any such objections.

## ANSWERS AND SPECIFIC OBJECTIONS

In addition to making the foregoing general objections, all of which are preserved, State Defendants respond particularly to Plaintiffs' Interrogatories to State Defendants (Set I), as follows:

**INTERROGATORY NO. 1:** Identify each and every one of Your employees, including all Minnesota State Patrol officers, troopers, and employees, who purged, deleted or destroyed electronic records, including but not limited to emails and text messages, between May 25, 2020 and June 16, 2020.

**ANSWER:** State Defendants object to this Interrogatory as unduly broad and burdensome. State Defendants employ approximately 1,800 employees, the vast majority of which have zero involvement in the facts as alleged in the Second Amended Complaint. Additionally, this Interrogatory is over broad because it seeks information on all deleted records, on any topic whatsoever, even those entirely unrelated to the facts as alleged in the Second Amended Complaint. Subject to these objections, State Defendants state that they expect all employees to comply with their retention policy as well as any applicable litigation holds. State Defendants are not aware of any employee destroying records subject to a required retention period or a litigation hold. State Defendants further state that once a litigation hold is in place, persons subject to the hold are unable to permanently delete their email.

**INTERROGATORY NO. 2:** For each individual identified in your response to Interrogatory No. 1, state the type of records destroyed and the number of records destroyed for each type.

**ANSWER:** State Defendants refer Plaintiffs to their objections and answer to

Interrogatory #1.

**INTERROGATORY NO. 3:**   Identify all methods by which Minnesota State Patrol employees communicated with one another during the George Floyd protests.

**ANSWER:**   State Defendants object to this Interrogatory as unduly broad and burdensome.  State Defendants employ [insert number] employees, the vast majority of which have zero involvement with the George Floyd protests or the facts as alleged in the Second Amended Complaint.  Additionally, this Interrogatory is over broad because it seeks information on all communication types, pertaining to any topic whatsoever, even those entirely unrelated to the facts as alleged in the Second Amended Complaint.  State Defendants construe this Interrogatory to seek communication methods utilized by Minnesota State Patrol and Department of Public Safety employees directly involved in responding to the unrest that occurred in Minnesota immediately following the murder of George Floyd.  Subject to these objections and constructions, State Defendants state that they communicated in person, as well as via email, telephone, dispatch, CAD, radio, and video-conferencing.

**INTERROGATORY NO. 4:**   Describe the Department of Public Safety and Minnesota State Patrol document retention practices.

**ANSWER:**   Subject to the above general objections, and pursuant to Federal Rule of Civil Procedure 33(d), State Defendants refer Plaintiffs to documents bates labeled STATEDEF0001112-STATEDEF0001123.  State Defendants further state that when documents are not subject to a litigation hold or the retention schedule, employees are encouraged not to keep unneeded documents in order to reduce the cost and burden of unnecessary data storage.

**INTERROGATORY NO. 5:**   Describe in detail Your efforts to search for information responsive to these Requests or any other discovery request served by Plaintiffs in this action including the repository of the information, whether hardcopy, electronic or otherwise, identifying every document custodian, listing search terms used, if any, and any other material search parameters.

**ANSWER:**   State Defendants object to this Interrogatory to the extent it seeks information protected by the attorney client privilege and the work product doctrine. Defendants further object as this interrogatory seeks improper discovery on discovery. Subject to these objections, State Defendants state that they have searched emails and text messages as well as MSP Training and Development, Internal Affairs, the TraCS database, and the Power DMS database.

I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE STATED IN THIS DOCUMENT IS TRUE AND CORRECT.

                DEFENDANT MINNESOTA STATE PATROL

                By:_____
                [Name]
                [Title]

Dated: _____

County of Ramsey, State of Minnesota

5

EXHIBIT D

I DECLARE UNDER PENALTY OF PERJURY THAT EVERYTHING I HAVE STATED IN THIS DOCUMENT IS TRUE AND CORRECT.

                                        DEFENDANT MINNESOTA DEPARTMENT OF PUBLIC SAFETY

By:_____
[Name]
[Title]

Dated:  _____

County of Ramsey, State of Minnesota


AS TO OBJECTIONS ONLY:

Dated:  September 1, 2021

KEITH ELLISON
Attorney General
State of Minnesota

s/Joe Weiner
JOSEPH WEINER
Assistant Attorney General
Atty. Reg. No. 0389181

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1189 (Voice)
kathryn.landrum@ag.state.mn.us

ATTORNEY FOR DEFENDANTS MINNESOTA DEPARTMENT OF PUBLIC SAFETY COMMISSIONER JOHN HARRINGTON AND MINNESOTA STATE PATROL COLONEL MATTHEW LANGER, *IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES*

|#5027898-v1