# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Jared Goyette, Craig Lassig, Communications Workers of America, The, Tannen Maury, Katie Nelson, Stephen Maturen, Edward Ou, Timothy Evans, Chris Tuite, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | |
| v. | Case Number: 20-cv-1302 WMW/DTS |
| City of Minneapolis, Medaria Arradondo, Robert Kroll, John Harrington, Matthew Langer, John Does, David Hutchinson, Joseph Dwyer, | |
| Defendants. | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs' motion for a preliminary injunction, (Dkt. 118), is **GRANTED**.

2. Defendants Minnesota Department of Public Safety Commissioner John Harrington, in his individual and official capacity; Minnesota State Patrol Colonel Matthew Langer, in his individual and official capacity; their agents, servants, employees and representatives (collectively, the State Defendants); and all other persons who are in active concert or participation with the State Defendants, are hereby enjoined from:

a. arresting, threatening to arrest, or using physical force—including

through use of flash bang grenades, non-lethal projectiles, riot batons, or any other means—directed against any person whom they know or reasonably should know is a Journalist (as defined in Paragraph 4 below), *unless* the State Defendants have probable cause to believe that such individual has committed a crime. For purposes of this Order, such persons shall not be required to disperse following the issuance of an order to disperse, and such persons shall not be subject to arrest for not dispersing following the issuance of an order to disperse. Such persons shall, however, remain bound by all other laws;

b. using chemical agents directed against any person whom they know or reasonably should know is a Journalist, including but not limited to mace/oleoresin capsicum spray or mist/pepper spray/pepper gas, tear gas, skunk, inert smoke, pepper pellets, xylyl bromide, and similar substances, unless such Journalist presents an imminent threat of violence or bodily harm to persons or damage to property; and

c. seizing or intentionally damaging any photographic equipment, audio-recording or video-recording equipment, or press passes in the possession of any person whom the State Defendants know or reasonably should know is a Journalist, or ordering such person to stop photographing, recording, or observing a protest, unless the State Defendants are lawfully seizing that person consistent with this Order. Except as expressly provided in Paragraph 3 below, the State Defendants must return any seized equipment

or press passes immediately upon release of a person from custody.

3. If any State Defendant, agent or employee of the State Defendants, or any person acting under the State Defendants' direction seizes property from a Journalist who is lawfully arrested consistent with this Order, such State Defendant shall, as soon thereafter as is reasonably possible, make a written list of seized property and shall provide a copy of that list to the Journalist. If property seized in connection with the lawful arrest of a Journalist is needed for evidentiary purposes, the State Defendants shall promptly seek a search warrant, subpoena, or other court order to authorize the continued seizure of such property. If such a search warrant, subpoena, or other court order is denied, or if property seized in connection with an arrest is not needed for evidentiary purposes, the State Defendants shall immediately return the seized property to its rightful possessor.

4. To facilitate the State Defendants' identification of Journalists protected under this Order, the following shall be considered indicia of being a Journalist: visual identification as a member of the press, such as by carrying a professional or authorized press pass or wearing a professional or authorized press badge or other official press credentials or distinctive clothing that identifies the wearer as a member of the press. These indicia are not exclusive, and a person need not exhibit every indicium to be considered a Journalist under this Order. The State Defendants shall not be liable for unintentional violations of this Order in the case of an individual who does not carry or wear a press pass, badge, or other official press credential or distinctive clothing that identifies the wearer as a member of the press.

5. The State Defendants are not precluded by this Order from issuing otherwise

lawful crowd-dispersal orders. The State Defendants shall not be liable for violating this injunction if a Journalist is incidentally exposed to crowd-control devices after remaining in the area where such devices were deployed in conjunction with the enforcement of an otherwise lawful dispersal order.

6. To promote compliance with this Order, the State Defendants shall provide copies of this Order, in either electronic or paper form, within 48 hours, to: (a) all employees, officers, and agents of the State Defendants with any supervisory or command authority over any person who is engaged in the law enforcement response to civil unrest or protests covered by Journalists; and (b) all other persons who the State Defendants have reason to believe are in active concert or participation with the State Defendants in the law enforcement response to civil unrest or protests covered by Journalists.

7. Plaintiffs need not provide any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

8. This Order shall expire upon the entry of final judgment resolving all of Plaintiffs' claims on the merits, unless otherwise provided by further order of the Court.

Date: 10/29/2021                                              KATE M. FOGARTY, CLERK