## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Jared Goyette, Craig Lassig,
The Communications Workers
of America, Tannen Maury,
Katie Nelson, Stephen Maturen,
Edward Ou, Timothy Evans, and
Chris Tuite, *on behalf of themselves
and other similarly situated individuals,*

      Plaintiffs,

v.

The City of Minneapolis; Medaria
Arradondo, *Minneapolis Chief of Police,
in his individual and official capacities;*
Robert Kroll, *Minneapolis Police Lieutenant,
in his individual and official capacities;*
John Harrington, *Minnesota Department of
Public Safety Commissioner, in his individual
and official capacities;* Matthew Langer,
*Minnesota State Patrol Colonel, in his
individual and official capacities;* David
Hutchinson, *Hennepin County Sheriff, in his
individual and official capacities;* Joseph
Dwyer, *Minnesota State Patrol Major, in his
individual capacity;* and John Does 1-2,
*in their individual and official capacities,*

      Defendants.

Case No. 20-cv-1302 (WMW/DTS)

**ORDER**

---

      Plaintiffs move to modify the Amended Pretrial Scheduling Order to extend the fact

discovery deadline and various other discovery and motion deadlines by several months.

Dkt. No. 262. The City of Minneapolis and then-Chief of Police Arradondo, in his individual

and official capacities, (the City Defendants) oppose the motion. The Court finds Plaintiffs

have failed to establish good cause to amend the scheduling order and therefore denies

their motion.

## I.      Factual Background

Plaintiffs commenced this purported class action lawsuit in June 2020 against the City of Minneapolis, the State of Minnesota, and various related individual defendants. Dkt. No. 1. The original complaint was amended multiple times, and the Third Amended Complaint (TAC) was filed pursuant to the parties' stipulation in September 2021. Dkt. Nos. 224, 229. The TAC added three plaintiffs (Ou, Evans, and Tuite) and two defendants: Hennepin County Sheriff Hutchinson in his official and individual capacities, and State Patrol Major Dwyer in his individual capacity.

Plaintiffs, the City Defendants, the State Defendants, and Defendant Kroll served their Rule 26(a)(1) initial disclosures on March 29, 2021. Robertson Decl. Exs. D (City Defs.), E (Plaintiffs), F (State Defs.), and G (Kroll), Dkt. Nos. 273-4, 273-5, 273-6, and 273-7. The City Defendants produced over 6,000 pages of documents. *See id.* Ex. D at 14; City Mem. 5, Dkt. No. 272.

The Amended Pretrial Scheduling Order, issued on January 14, 2021, requires that fact discovery be served in time to be completed on or before December 1, 2021. Order at 1-2, Dkt. No. 89. On July 30, 2021 Plaintiffs served a subpoena for documents on the Hennepin County Sheriff's Office. Robertson Decl. Ex. M, Dkt. No 273-13.[1] On August 3, 2021 Plaintiffs served interrogatories, documents requests, a demand for inspection of devices, and a deposition notice on the State Defendants. *Id.* Ex. N, Dkt. No. 273-14. On August 12, 2021 Plaintiffs served interrogatories and document requests

---

[1] Although the Robertson Decl. ¶ 17 identifies Exhibit M as a subpoena served on the Minnesota Department of Corrections, the exhibit actually is a subpoena to the Hennepin County Sheriff's Office.

on Defendant Kroll, and sent all parties a copy of a subpoena it intended to serve on the police union. *Id.* Exs. O and P, Dkt. Nos. 273-15, 273-16.

Plaintiffs served document requests on the City Defendants on November 5, 2021, making responses due December 5, four days after the fact discovery completion deadline. Robertson Decl. Exs. U (Nov. 5, 2021 email)[2] and V (document requests), Dkt. Nos. 273-21, 273-22; Fed. R. Civ. P. 34(b)(2)(A) (30 days to respond). On November 9, 2021 the City Defendants notified Plaintiffs that the discovery was untimely under the scheduling order and thus they would not respond to it. Robertson Decl. Ex. W (letter), Dkt. No. 273-23.

On November 30, 2021 Plaintiffs moved to modify the scheduling order to extend the fact discovery deadline by eight months, to July 31, 2022, and to extend other discovery and motion deadlines by several months.[3] Dkt. No. 262. Fed. R. Civ. P. 16(b)(4); District of Minnesota Local Rule 16.3. The City Defendants opposed the motion. Dkt. No. 272. The other Defendants agreed to Plaintiffs' proposed amendment. Dkt. No. 265 (meet-and-confer statement). A hearing was held on January 4, 2022. Dkt. No. 279.

## II.    Legal Standard

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue a scheduling order that limits, among other things, the time to complete discovery. Fed. R. Civ. P. 16(b)(1) and (3)(A). A scheduling order "may be modified only for good cause and

---

[2] The City Defendants also argue the document requests were not properly served because the parties' written agreement required all counsel be copied in order to perform service by email, and this discovery was only sent to one counsel. City Mem. 14 n.5, Dkt. No. 272. The Court finds it need not reach the service issue to resolve the present motion.
[3] Plaintiffs seek to extend seven other deadlines by three to four months, including deadlines for amended pleadings/joinder, experts, non-dispositive motions, and class certification. *See* Motion at 2, Dkt. No. 262.

with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary measure of good cause" is the moving party's "diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Reichel Foods, Inc. v. Proseal America, Inc.*, No. 19-cv-2604, 2021 WL 3674495, at *3 (D. Minn. Aug. 19, 2021) (same). There is "not a clear test for when a party is diligent enough to establish good cause." *Shank v. Carleton Coll.,* 329 FR.D. 610, 614 (D. Minn. 2019). However, "the good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.,* 326 F.R.D. 513, 522 (D. Minn. 2018). The "importance of the subject matter of the underlying suit" is not a factor in determining whether good cause exists. *Elkharwily v. Mayo Holding Co.*, No. 12-cv-3062, 2014 WL 3573674, at *2 (D. Minn. July 21, 2014) (rejecting plaintiff's "expansive interpretation" of good cause standard to argue that good cause is present because his lawsuit involves "serious allegations of misconduct relating to public health").

Even when good cause is shown, a Court "retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001). Only then do factors such as prejudice to the nonmoving party come into play. "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717; *see also Bradford*, 249 F.3d at 809 (because movant's minimal efforts failed to satisfy the good cause standard, there was "no need to explore" other factors such as the "existence or degree of prejudice to the party opposing the modification").

4

III.     **Analysis**

A.     **Timeliness and Extraordinary Circumstances Under Local Rule 16.3(d)**

The City Defendants argue that Plaintiffs not only need to show "good cause" under Rule 16(b)(4) but also must satisfy the higher bar of "extraordinary circumstances" under District of Minnesota Local Rule 16.3(d) because they brought their motion to amend the after the deadline for fact discovery had passed. City Mem. 27-29, Dkt. No. 272. Paragraph 16.3(d) states that, "[e]xcept in extraordinary circumstances," the movant must obtain a hearing date for its motion before the deadline it wants to modify has passed.

The City Defendants contend that Plaintiffs' motion to extend the fact discovery deadline is untimely, even though they filed it on November 30, 2021, a day before the deadline expired on December 1. The City Defendants reason that (1) December 1 is a "completed by" deadline, (2) Plaintiffs' discovery therefore would need to have been served by November 1 in order for the City Defendants to have 30 days to respond to it under Rule 34(b)(2)(A), (4) Plaintiffs did not serve discovery on the City Defendants until November 5, and (4) thus, by the time Plaintiffs filed their motion on November 30, the fact discovery deadline had "effectively passed." City Mem. 27, Dkt. No. 272. Accordingly, the City Defendants contend that Plaintiffs must satisfy the higher bar of "extraordinary circumstances" that applies to motions to amend that are not filed until after the deadline has passed. *Id.*

The plain language of LR 16.3(d) does not support the City Defendants' argument. That provision requires that the moving party obtain a hearing date for its motion "before the passing of a deadline that the party moves to modify." Plaintiffs did so here when they

filed their motion and notice of hearing on November 30, a day before the December 1 fact discovery deadline. The City Defendants also cite no cases that interpret LR 16.3(d) to mean that a motion timely filed before the deadline has passed can nonetheless be untimely under their "effectively passed" theory. Accordingly, because Plaintiffs' motion was timely, the "extraordinary circumstances" standard of LR 16.3(d) does not apply.

**B.    Good Cause Under Rule 16(b)(4)**

It is undisputed that Plaintiffs did not serve any discovery on the City Defendants at any time during the lawsuit until their untimely document requests on November 5, 2021. There is also no dispute that the City Defendants did not obstruct Plaintiffs' ability to do so, and they produced several thousand pages of documents with their Rule 26(a)(1) initial disclosures eight months before the December 1, 2021 fact discovery deadline. Plaintiffs also do not allege that any newly disclosed facts or changed circumstances kept them from serving the document requests on the City Defendants within the deadline set by the scheduling order.

Plaintiffs nonetheless contend they have shown good cause because they devoted substantial amounts of time to litigating other aspects of the lawsuit against other Defendants, in particular the preliminary injunction against the State Defendants. They also argue good cause exists because they were spending time drafting the Third Amended Complaint (TAC) which was filed in September 2021; the other Defendants do not oppose modification of the scheduling order; the three plaintiffs added in the TAC should have an opportunity for discovery; Plaintiffs should have discovery from the City Defendants on Plaintiffs' civil conspiracy claim which is asserted against all Defendants;

and the City Defendants will not be prejudiced by modification of the scheduling order. Pl. Mem. 11-12, Dkt. No. 263.

The problem for Plaintiffs is that the reasons they offer do not demonstrate diligence in pursuing discovery of the City Defendants. Nor have they cited any authority for the position that their reasons are appropriate substitutes for diligence to show good cause. It is clear that Plaintiffs have vigorously litigated parts of this case, but equally clear they were not diligent with respect to the City Defendants. They simply did not get around to focusing on the City Defendants in time to meet the fact discovery deadline. This is insufficient to show diligence. *See, e.g., Alexander v. 1328 Uptown, Inc.*, No. 18-cv-1544, 2019 WL 9514655, at *3 (D. Minn. June 20, 2019) ("The only explanation offered for Alexander's delay in seeking veil-piercing discovery was that counsel focused on other discovery first. Alexander's strategic decision to prioritize one type of discovery over his veil-piercing discovery does not amount to diligence, particularly when Alexander did not serve any discovery at all for several months after the Rule 26(f) report.").

First, the fact that other Defendants do not oppose modification of the scheduling order is not relevant to the issue of whether Plaintiffs were "diligen[t] in attempting to meet the order's requirements" with respect to the City Defendants. *Sherman*, 532 F.3d at 716. Rule 16(b)(4) requires good cause and the judge's consent; the stipulation of some of the parties is not dispositive, in particular when opposed by the party most directly affected. Discovery had already been timely served on the other Defendants, it only came too late as to the City Defendants. In late July and August 2021 Plaintiffs served discovery on the State Defendants and Kroll, as well as subpoenas on third parties the police union and

the Hennepin County Sheriff's Office.[4] Robertson Decl. Exs. M, N, O, P. Plaintiffs could have, but did not, serve discovery on the City Defendants until it was too late under the deadline.

Second, nothing about the TAC excuses Plaintiffs' pre-TAC lack of diligence in serving discovery on the City Defendants, and Plaintiffs still had time post-TAC to serve such discovery before the December 1 discovery completion deadline. Plaintiffs emailed a copy of the proposed TAC to all Defendants on September 3, 2021; Defendants agreed to stipulate to it; and it was filed on September 28, 2021. *Id.* Exs. Q and S, Dkt. Nos. 273-17, 273-19; TAC, Dkt. Nos. 227 (sealed), 228 (redacted version). In addition, as noted above, during the month before they circulated their proposed TAC on September 3, Plaintiffs served discovery on other Defendants and served subpoenas on non-parties, but nothing on the City Defendants. Moreover, Plaintiffs, including the three who were newly added, still had almost two months to do so after the TAC was ready on September 3. Plaintiffs do not argue that those three individuals and their claims were not known many months before the discovery deadline. Indeed, at least two of the soon-to-be Plaintiffs actually participated in the litigation several months before they were formally added via the TAC in September 2021. Ou and Tuite filed declarations on May 5, 2021 in support of Plaintiffs' motion for a preliminary injunction against the State Defendants, *see* Dkt. Nos. 123 and 127, and both of them testified at the July 28, 2021 hearing on that motion, *see* Dkt. No. 189.

---

[4] The Sheriff was not added as a defendant to the lawsuit until the TAC was filed in September 2021.

8

Plaintiffs point out that Defendants' answer deadline for the TAC was November 5, 2021, and Defendants waited until that date to file their answers. Pl. Mem. 13, Dkt. No. 263. But the Court sees no relevance to this fact. Plaintiffs do not allege they had any reason or need to wait for the City Defendants to answer the TAC before serving the document requests; they had not needed to do so with respect to the other Defendants. *See* Robertson Decl. Exs. N and O (Aug. 3 and 12, 2021 discovery served on State Defendants and Kroll), Dkt. Nos. 273-14, 273-15. And the City Defendants note that Plaintiffs did not in fact wait for their answer to the TAC, as Plaintiffs served the document requests several hours before the City Defendants filed their answer on November 5. *Id.* Ex. U (Nov. 5, 2021 3:11 p.m. service), Dkt. No. 273-21; City Mem. 21, Dkt. No. 272.[5] Had Plaintiffs believed there was a need to wait, they could have sought an extension of the fact discovery deadline in September when they filed the stipulation for the TAC, because the November 5 answer date was part of that stipulation. *See* Dkt. Nos. 224, 229. It was clear under the scheduling order they would need to serve any discovery before the answers to the TAC were due. Nothing relating to the TAC demonstrates that Plaintiffs were diligent (or excuses their lack of diligence) in attempting to meet the fact discovery deadline with respect to the City Defendants.

Third, Plaintiffs point out that they reviewed thousands of pages of documents that the City Defendants had provided on March 29, 2021. Pl. Mem. 13, Dkt. No. 263. They contend that their document requests, "while extensive," are more focused than they would have been had Plaintiffs not reviewed those documents. *Id.* Thus, "[a]ny prejudice"

---

[5] The court's electronic filing system shows the City Defendants filed their answer [Dkt. No. 250] to the TAC at 11:59 p.m. on November 5, 2021. They had filed their answer to the Second Amended Complaint on September 14, 2020. Dkt. No. 66.

9

from the discovery being "untimely by four days should be weighed against the reduced burden that resulted from the work Plaintiffs' counsel engaged in to ensure the requests were as limited in scope as possible." *Id.* The Court is unpersuaded for several reasons. First and foremost, it is an argument about prejudice, not diligence which is the primary measure of good cause. In addition, the argument that they are gifting a "reduced burden" to the City Defendants is self-serving. Among other things, their document requests identify 53 individual record custodians from whom Plaintiffs seek a variety of records spanning several years and relating to various topics. *See* Robertson Decl. Ex. V, Dkt. No. 273-22. And Plaintiffs are not just seeking responses to these document requests, but also an additional eight months to engage in a full range of additional discovery.

Further, regardless whether written discovery is served on a party early or late during the discovery period, the rules of civil procedure impose an obligation that discovery be appropriately limited in scope, *i.e.,* relevant to a claim or defense in the lawsuit and proportional to the needs of the case, considering the importance of the issues at stake and other considerations described in the rules. *See* Fed. R. Civ. P. 26(b). It is up to the litigant to decide the scope of discovery that will meet his or her litigation goals within the bounds of the discovery rules and the scheduling order. That Plaintiffs wanted to review the documents previously provided by the City Defendants before deciding whether to serve discovery on them is understandable, but waiting until the last minute does not show diligence. The documents were produced eight months before the deadline in the scheduling order, and Plaintiffs had a team of 12[6] attorneys of record in

---

[6] One attorney withdrew on August 13, 2021, Dkt. No. 202, but the other 11 were still of record as of the date Plaintiffs' motion was filed.

this case as of April 26, 2021. *See* Dkt. Nos. 4, 6, 10, 11, 12, 37, 71, 107, 113, 114. Both the volume of documents and the scheduling order deadline were known to Plaintiffs for many months.

Also, Plaintiffs' reference to being "untimely by four days" is disingenuous, because they are not asking for a 4-day extension of any deadline. Rather, they seek to extend the fact discovery deadline by eight months (along with three- to four-month extensions of several other discovery and motion deadlines) during which time they would be able to engage in the full range of discovery of the City Defendants. Their request thus differs from a situation in which, for instance, a party is four days late in submitting its own filing and seeks to extend by four days the time to complete that particular "act." *See* Rule 6(b)(1) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"). Here, in contrast, Plaintiffs seek to *start* their fact discovery of the City Defendants after the deadline for completing it has passed.

Finally, Plaintiffs assert a need for the discovery, in particular for the three plaintiffs added in September 2021 and for the conspiracy claim that includes the City Defendants. But again, as discussed above, that assertion does not go to diligence. Moreover, the same rationale would apply in every case and swallow the rule, because every litigant believes it has a need for the discovery it serves. None of the facts or reasons put forth by Plaintiffs are based on events or changed circumstances that occurred on the eve of the deadline and thereby prevented any reasonable attempts to comply with the scheduling order. *See Sherman*, 532 F.3d at 718 (finding, in amended pleading context, "no change in the law, no newly discovered facts, or any other changed circumstance" existed to justify a finding of good cause).

11

Plaintiffs argue that diligence is not always a requirement to find good cause, but they have not cited any cases finding good cause under circumstances analogous to the situation here. This case differs from *Shank v. Carleton College,* 329 F.R.D. 610 (D. Minn. 2019), which found good cause under Rule 16 to modify a scheduling order to allow amendment of a complaint to add a claim for punitive damages. In *Shank* there was an "ambiguous scheduling order," and at the time of the motion-to-amend deadline the state of the law in this District was "in flux" regarding Rule 15 and the Minnesota statute on punitive damages claims. This "created a 'perfect storm' that amounts to good cause." *Id.* at 615. The Court found the plaintiff's belated motion did not reflect carelessness, neglect, or mere excuses which would justify denying her motion. *Id.* The Court also distinguished "motions to amend involving punitive damages and state substantive law" from "more run-of-the-mill motions to amend," and noted that a "finding of good cause on these unique facts does not give plaintiffs carte blanche to disregard scheduling orders in future cases." *Id.* n.4.

The present case is also distinguishable from *Portz v. St. Cloud State Univ.,* No. 16-cv-1115, 2017 WL 3332220 (D. Minn. Aug. 4, 2017), in which the Court found good cause to allow the plaintiffs to amend their complaint after the deadline had passed. The scheduling order in *Portz* set a November 15, 2016 deadline for not only filing a motion to amend the pleadings but also holding the motion hearing. *Id.* at *2. Two weeks earlier, on October 31, the defendants had produced "two CDs containing vast amounts of information — one CD contained 9,336 documents — in response to Plaintiffs' requests for production." *Id.* On November 16 the plaintiffs moved to file an amended complaint to add two additional claims, arguing they did not previously have a good faith basis to do

so. *Id.* at *2-3. The Court found that the plaintiffs had "shown sufficient diligence" under the circumstances to establish good cause under Rule 16. *Id.* at 4. It stated that "Defendants' delay in production, in the face of repeated attempts to procure discovery by Plaintiffs, likely prevented Plaintiffs from receiving what they viewed as necessary information to bring these additional claims." *Id.* The Court also found the defendants were "not prejudiced by the brief delay in the motion" and that allowing Plaintiffs to add the two claims furthered the Court's interest in "just and efficient progression" of the case.

Here, unlike *Portz,* the City Defendants did not delay in producing vast amounts of documents until two weeks before the relevant deadline. To the contrary, they provided documents eight months before the deadline, and they did so as part of their initial disclosures, not in response to any discovery served by Plaintiffs. And unlike *Shank,* this case does not involve an ambiguous scheduling order, controlling law that was in flux, or other such circumstance that amounts to good cause.

Plaintiffs have not shown they were diligent in attempting to meet the scheduling order's deadline with respect to the City Defendants and that despite their diligence they could not reasonably meet the deadline. Therefore, they have not shown good cause to modify the scheduling order under Rule 16(b)(4).

Because the Court finds no good cause, it need not address the existence or degree of prejudice to the City Defendants if the scheduling order were modified. However, the Court anticipates this Order will be appealed and therefore will briefly address the issue. The City Defendants argue that the "very act of responding to discovery requests, which should have been cut off by the operation of the scheduling order, is prejudicial." City Mem. 26, Dkt. No. 272. But they are referring only to the normal

burdens or "prejudice" a party faces in responding to discovery, which is present in every case in which a discovery deadline is extended.

The analysis under Rule 16(b)(4), to the extent it reaches the prejudice issue at all, is concerned with "unfair" prejudice. *See Reichel Foods,* 2021 WL 3674495, at *4 (because "good cause was lacking, . . . it is unnecessary to consider whether allowing the proposed amendments would cause unfair prejudice"). The time and expense of engaging in discovery can be substantial, as the City Defendants correctly point out. But under the circumstances here, that is not the sort of "unfair prejudice" that would cause this Court to deny a motion to modify the scheduling if such motion had been supported by good cause in the first instance. *Cf. Cardiovascular Systems, Inc. v. Cardio Flow, Inc.,* No. 18-cv-1253, 2020 WL 6262378, at *3  (D. Minn. May 6, 2020) (finding no diligence and no good cause and noting with respect to prejudice that the "case is on the eve of summary judgment" with a "hearing date . . . obtained"; thus, extending the fact discovery deadline would "unduly delay the proceedings, as well as cause prejudice to [the defendant], forcing it to incur new rounds of additional and costly discovery, and depriving it of the meaningful value of obtaining summary judgment" (internal quotation marks omitted)).

## ORDER

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED**: the Plaintiffs' Motion to Amend the Scheduling Order [Dkt. No. 262] is **DENIED**.

Dated: February 8, 2022

_____s/David T. Schultz_____
DAVID T. SCHULTZ
U.S. Magistrate Judge