UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jared Goyette et al.,                                          Case No. 20-cv-1302 (WMW/DTS)

                        Plaintiffs,

                                                               **ORDER**

        v.

City of Minneapolis et al.,

                        Defendants.

---

This matter is before the Court on Plaintiffs' appeal of the February 8, 2022 Order of United States Magistrate Judge David T. Schultz, (Dkt. 317), which denied Plaintiffs' motion to amend the pretrial scheduling order in this case, (Dkt. 328). For the reasons addressed below, the Court affirms the magistrate judge's February 8, 2022 Order.

**BACKGROUND**

The Individual Plaintiffs are journalists, photographers, and other members of the press who filed this lawsuit on behalf of themselves and other similarly situated individuals. Plaintiff Communications Workers of America (CWA) is an international labor union that represents news media workers. Defendant Medaria Arradondo is the former Chief of Police for Defendant City of Minneapolis (collectively, City Defendants). Defendant Robert Kroll was a Minneapolis Police Lieutenant and President of the Police Officers Federation of Minneapolis. And Defendant David Hutchinson is the Hennepin

County Sheriff.[1]   The factual details pertaining to Plaintiffs' allegations against Defendants are addressed in several of this Court's prior orders, including the October 28, 2021 Order granting Plaintiffs' motion for a preliminary injunction.

Plaintiffs commenced this putative class-action lawsuit against State Defendants, City Defendants, and Kroll in June 2020.  All of Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983, alleging various constitutional violations, civil conspiracy and a failure to intervene.  On June 2, 2020, Plaintiff Jared Goyette moved for a temporary restraining order (TRO) to prevent Defendants from further violating the constitutional rights of the press.  The Court denied the motion without prejudice because the protests had ceased and Goyette failed to demonstrate an imminent threat of harm.  Goyette also filed a first amended complaint in June 2020, joining additional plaintiffs and factual allegations but no additional legal claims.  Plaintiffs subsequently filed a second amended complaint in July 2020, joining additional plaintiffs and legal claims.

The magistrate judge issued the now-operative pretrial scheduling order on January 14, 2021.  The pretrial scheduling order required, among other things, all fact discovery to be completed by December 1, 2021.  Thereafter, the parties exchanged initial disclosures on March 29, 2021.  These initial disclosures included more than 6,000 pages of documents produced by City Defendants.

---

[1]    Defendants Minnesota Department of Public Safety Commissioner John Harrington, Minnesota State Patrol Colonel Matthew Langer, and Minnesota State Patrol Major Joseph Dwyer (collectively, State Defendants) reached a mediated settlement with Plaintiffs and were dismissed from this lawsuit in March 2022.

Plaintiffs filed a second motion for a TRO against State Defendants on April 14, 2021.  The Court granted Plaintiffs' second motion for a TRO, concluding that Plaintiffs had demonstrated a likelihood of success on the merits of their claims against State Defendants, a threat of irreparable harm absent a TRO, and that the balance of harms and public interest weighed in favor granting a TRO.  Subsequently, the parties agreed to extend the duration of the TRO until the date of the Court's ruling on Plaintiffs' motion for a preliminary injunction.  On July 28, 2021, the Court held an evidentiary hearing on Plaintiffs' motion for a preliminary injunction and ordered supplemental briefing.

While Plaintiffs' motion for a preliminary injunction was pending, Plaintiffs served discovery requests on State Defendants, Kroll and the Hennepin County Sheriff's Office in July and August 2021.[2]  Plaintiffs did not serve discovery requests on City Defendants during this time.  In September 2021, Plaintiffs filed the now-operative third amended complaint, joining three additional plaintiffs and Defendants Hennepin County Sheriff David Hutchinson and Minnesota State Patrol Major Joseph Dwyer.  The third amended complaint adds no new legal claims.

The Court granted Plaintiffs' motion for a preliminary injunction against State Defendants on October 28, 2021.  More than a week later, on November 5, 2021, Plaintiffs for the first time attempted to serve discovery requests on City Defendants, providing insufficient time for City Defendants to respond before the December 1, 2021

---

[2]     At that time, Hennepin County Sheriff David Hutchinson had not yet been joined as a Defendant in this case, but Plaintiffs sought third-party discovery from the Hennepin County Sheriff's Office.

fact-discovery deadline.[3]  Thereafter, City Defendants notified Plaintiffs that, because the discovery requests were untimely, City Defendants would not be responding.

Plaintiffs moved to modify the pretrial scheduling order on November 30, 2021. In doing so, Plaintiffs sought to extend the fact-discovery deadline by eight months—to July 31, 2022—and to extend other discovery and motion deadlines by several months. City Defendants opposed Plaintiffs' motion.  Although State Defendants, Kroll, and Sheriff Hutchinson did not oppose Plaintiffs' motion to modify the pretrial scheduling order, these defendants did not separately file motions on behalf of themselves or formally join Plaintiffs' motion.  Following a hearing, the magistrate judge denied Plaintiffs' motion in a February 8, 2022 Order.  The magistrate judge concluded that Plaintiffs had not established good cause to amend the pretrial scheduling order because Plaintiffs had not demonstrated that they diligently attempted to comply with the scheduling order's deadlines.  Plaintiffs now appeal the magistrate judge's February 8, 2022 Order.

## ANALYSIS

### I.     Legal Standards

When reviewing an appeal of a magistrate judge's ruling on a nondispositive issue, the standard of review is "extremely deferential."  *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).  A magistrate judge's nondispositive ruling will be modified or set aside only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A);

---

[3]     City Defendants dispute whether Plaintiffs properly served these discovery requests.

Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law. *Id.* (internal quotation marks omitted).

Here, Plaintiffs challenge the magistrate judge's denial of Plaintiffs' motion to amend the pretrial scheduling order. In most cases, a district court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Adherence to the deadlines in a pretrial scheduling order is "critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.' " *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). A "district court has broad discretion in establishing and enforcing the deadlines" in a pretrial scheduling order. *Id.*

A party that seeks to modify a scheduling order must demonstrate good cause to do so. Fed. R. Civ. P. 16(b)(4); LR 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal quotation marks omitted). Good cause under Rule 16(b)(4) may be shown by identifying a change in the law, newly discovered facts or another significant change in circumstance.

*Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). "As a vehicle designed to streamline the flow of litigation through . . . crowded dockets," courts do not treat pretrial scheduling orders lightly "and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). As such, even if the moving party makes the requisite good-cause showing, "the district court retains discretion as to whether to grant the motion" to amend the pretrial scheduling order. *Id.*

When deciding whether a party has demonstrated good cause to amend a pretrial scheduling order, a court's analysis under Rule 16(b)(4) of the Federal Rules of Civil Procedure focuses almost exclusively on the moving party's diligence. *See Sherman*, 532 F.3d at 717 ("Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order."). The United States Court of Appeals for the Eighth Circuit has recognized that the "existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." *Bradford*, 249 F.3d at 809 (internal quotation marks omitted). A court need not address the prejudice factor, however, if the record clearly demonstrates that the moving party did not exercise sufficient diligence. *Id.*

When evaluating a party's diligence under Rule 16(b)(4), a district court may consider the purported "necessity for [the] modification." *Metro Produce Distribs., Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007). Typically, when a litigant has a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order, the litigant's failure to do so demonstrates lack of

diligence regardless of whether the failure resulted from a tactical decision or neglect. *See, e.g.*, *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (observing that the counsel's busy work schedule did not excuse lack of diligence when plaintiff missed dispositive motion filing deadline); *Marmo*, 457 F.3d at 759–60 (observing that the plaintiff had "ample opportunity to develop her expert testimony on the causation issue" and her "tactical decision" as to this issue did not demonstrate good cause to amend the pretrial scheduling order).

## II.   Magistrate Judge's Findings and Conclusions

In a February 8, 2022 Order, the magistrate judge found that Plaintiffs had not demonstrated diligence for several reasons.  First, the magistrate judge rejected Plaintiffs' argument that some of the defendants did not oppose Plaintiffs' motion, concluding that this fact has no relevance to whether Plaintiffs acted diligently.  Second, the magistrate judge found that the filing of a third amended complaint in September 2021 did not excuse Plaintiffs' failure to complete discovery before the December 1, 2021 fact-discovery deadline.  Among other things, the magistrate judge observed that Plaintiffs served discovery on numerous defendants and non-parties before filing the third amended complaint, and the three new plaintiffs and two new defendants named in the third amended complaint were involved in this case for several months before Plaintiffs filed the third amended complaint.  Third, because prejudice is not relevant to Plaintiffs' diligence, the magistrate judge rejected Plaintiffs' contention that City Defendants would not be prejudiced by an extension of the pretrial deadlines.  Nor is Plaintiffs' strategic

decision to delay serving discovery requests relevant to this analysis.  The magistrate judge also observed that City Defendants' initial disclosures, which included more than 6,000 pages of documents, were produced eight months before the fact-discovery deadline and Plaintiffs had a team of 12 attorneys who could have pursued timely discovery from City Defendants.  Fourth, the magistrate judge rejected Plaintiffs' assertion that the "need for the discovery" weighs in favor of granting Plaintiffs' motion, because this argument is irrelevant to whether Plaintiffs acted diligently.

### III.    Plaintiffs' Objections

Plaintiffs object to the magistrate judge's findings and conclusions on two grounds. First, Plaintiffs argue that the magistrate judge erred by disregarding the fact that some of the defendants agreed to the requested modifications to the pretrial schedule and instead focusing on whether Plaintiffs could have served discovery on City Defendants earlier. Second, Plaintiffs argue that significant changed circumstances warrant amending the pretrial scheduling order.  The Court addresses each objection in turn.

### A.    Defendants' Agreement

Plaintiffs first argue that they "were unquestionably diligent in prosecuting this case" and that the magistrate judge erred by concluding otherwise and "misapplie[d] the applicable [legal] standard."  According to Plaintiffs, the magistrate judge erroneously disregarded the fact that every defendant other than City Defendants agreed that the pretrial scheduling order should be modified and instead focused on whether Plaintiffs could have served timely discovery requests on City Defendants.  For at least three

reasons, Plaintiffs' argument is contrary to the legal standard, which the magistrate judge correctly applied.

First, the fact that some of the defendants agreed that the pretrial scheduling order should be modified is irrelevant to the applicable legal standard, which hinges on whether the moving party was diligent in attempting to comply with the pretrial scheduling order. *See Sherman*, 532 F.3d at 716 (observing that the "primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements" (internal quotation marks omitted)). Defendants' agreement has no bearing on Plaintiffs' diligence. Indeed, if parties could merely stipulate to extending pretrial deadlines, the requirement that parties seek the court's permission based on a showing of good cause would be meaningless. *See* Fed. R. Civ. P. 16(b)(4) (providing that a pretrial schedule "may be modified only for good cause and with the judge's consent"); *accord* LR 16.3(b)(1). Establishing and enforcing the deadlines in a pretrial scheduling order are within the discretion of the district court, *not* the discretion of the parties. *See Marmo*, 457 F.3d at 759. For this reason, the magistrate judge did not err by rejecting as irrelevant the fact that some of the defendants agreed to Plaintiffs' requested modifications.

Second, even if agreement from the defendants were relevant to the good-cause analysis, it would hold little persuasive weight in the circumstances presented here. Although *some* of the defendants agreed with Plaintiffs' requested modifications, two of

the four remaining defendants opposed Plaintiffs' motion.[4]   And the two remaining defendants who agreed with Plaintiffs' requested modifications—Kroll and Sheriff Hutchinson—are the two defendants from whom Plaintiffs sought timely discovery.[5]   By contrast, the City Defendants who opposed Plaintiffs' motion are the two defendants from whom Plaintiffs undisputedly failed to seek timely discovery.   Plaintiffs concede that they served their discovery requests on City Defendants several days late and "could have done so" earlier or, alternatively, "could have sought an extension of the discovery deadlines sooner," but they failed to do so.   For this additional reason, the magistrate judge did not err by rejecting as irrelevant the fact that some of the defendants agreed to Plaintiffs' requested modifications.

Third, contrary to Plaintiffs' objections, the magistrate judge did not err by focusing his analysis on whether Plaintiffs could have served discovery on City

---

[4]     Notably, two of the defendants who agreed with Plaintiffs' requested modifications—the State Defendants—are no longer parties to this case.

[5]     In their objections, Plaintiffs contend that the magistrate judge's decision deprives Defendants of a meaningful opportunity to conduct discovery because Defendants could not have reasonably complied with the pretrial scheduling order's deadlines in light of the September 2021 filing of the third amended complaint, which added new parties.   But Defendants' diligence or ability to comply with the pretrial scheduling order was not a relevant issue presented to the magistrate judge.   *See Sherman*, 532 F.3d at 716 (observing that the diligence of the *moving party* is the primary factor to consider when deciding whether good cause exists to modify a pretrial schedule).   Had any of the Defendants moved to amend the pretrial scheduling order, their diligence would have been at issue.   But because none of the defendants moved to modify the pretrial scheduling order, either jointly or independently, their diligence was not relevant to the magistrate judge's analysis.   Nor was the magistrate judge presented with evidence or argument addressing Defendants' diligence.   The magistrate judge had no obligation to address an issue that the parties did not present to him.

Defendants earlier.  To establish diligence, Plaintiffs must show that they attempted to comply with the pretrial schedule but did not have a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order.  *See Albright*, 926 F.3d at 951; *Sherman*, 532 F.3d at 716; *Marmo*, 457 F.3d at 759–60.  The purported need to modify the pretrial scheduling order also may be relevant to a court's evaluation of the moving party's diligence.  *See Metro Produce Distribs.*, 473 F. Supp. 2d at 964.

Here, Plaintiffs' purported need to modify the pretrial schedule, as reflected in the memorandum of law accompanying their motion, arises from Plaintiffs' need to seek discovery from City Defendants.  As such, the magistrate judge correctly focused his analysis on whether Plaintiffs diligently sought discovery from City Defendants, as opposed to whether Plaintiffs diligently litigated other aspects of this case.  As the magistrate judge found, City Defendants have been part of this case since Goyette filed the original complaint in June 2020.  Yet Plaintiffs sought no discovery from City Defendants until November 2021, more than seventeen months after Plaintiffs commenced this litigation and more than seven months after the parties exchanged initial disclosures.  Plaintiffs served their first discovery requests on City Defendants four days late and, thereafter, waited until one day before fact discovery ended to seek an eight-month extension to the fact-discovery deadline.  These undisputed facts do not demonstrate diligent efforts to seek discovery from City Defendants within the confines of the pretrial scheduling order.  Indeed, Plaintiffs concede in their objections that they "could have" sought discovery from City Defendants sooner.  It was not erroneous for the

magistrate judge to focus on whether Plaintiffs could have served discovery on City Defendants earlier, nor was it erroneous for the magistrate judge to conclude that Plaintiffs did not diligently seek discovery from City Defendants earlier.

For these reasons, Plaintiffs' objections to the magistrate judge's February 8, 2022 Order on this basis lack merit.

### B.   Changed Circumstances

Plaintiffs next object to the magistrate judge's purported failure to consider the "[s]ignificant changed circumstances [that] occurred after the entry of the Scheduling Order."

Good cause to modify a pretrial scheduling order may be shown if the moving party acted diligently in light of a change in the law, newly discovered facts or another significant change in circumstance that prevented the moving party from meeting the deadlines in the pretrial scheduling order. *Ellingsworth*, 949 F.3d at 1100. By contrast, a moving party's litigation strategy is not a sufficient basis for establishing good cause. *Id.*

Plaintiffs contend that they spent "months seeking injunctive relief against the State Defendants," which prevented them from seeking discovery from City Defendants before the fact-discovery deadline. But litigation strategy decisions do not excuse a party from the obligation to diligently attempt to comply with a pretrial scheduling order. *Id.* When a litigant has a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order, the failure to do so demonstrates lack of diligence regardless of whether that failure resulted from a tactical decision. *See, e.g.,*

*Marmo*, 457 F.3d at 759–60 (observing that the plaintiff had "ample opportunity to develop her expert testimony on the causation issue" and her "tactical decision" as to this issue did not demonstrate good cause to amend the pretrial scheduling order). The magistrate judge astutely observed that 12 attorneys of record represented Plaintiffs during the discovery period and Plaintiffs were able to serve discovery requests on multiple defendants and non-parties other than City Defendants. Plaintiffs' tactical decision to focus all of their efforts and resources on seeking injunctive relief against State Defendants for six months instead of seeking timely discovery from City Defendants does not demonstrate diligent efforts to comply with the pretrial scheduling order.[6] *See id.*

Moreover, supplemental briefing on Plaintiffs' motion for a preliminary injunction ended in September 2021, more than two months before the fact-discovery deadline. But Plaintiffs did not attempt to seek timely discovery from City Defendants thereafter, as they now concede they "could have done." Nor were Plaintiffs diligent in seeking a modification of the pretrial scheduling order. Instead, Plaintiffs waited until one day before the fact-discovery deadline. From these circumstances, it is abundantly clear that the magistrate judge did not err by concluding that Plaintiffs' tactical decisions about how to allocate their resources were insufficient to demonstrate a diligent attempt to comply with the pretrial scheduling order.

---

[6]    Contrary to Plaintiffs' contention that this was not a "tactical decision," Plaintiffs' decision to focus limited resources on one aspect of a lawsuit, to the detriment of other aspects of the lawsuit, is the type of quintessential tactical decision that attorneys routinely make.

Plaintiffs next contend that compliance with the pretrial scheduling order was not reasonably possible because they filed a third amended complaint in September 2021, adding four new parties and additional factual allegations. This argument is unpersuasive for several reasons.

First, City Defendants were named as defendants in this case in the original complaint filed in June 2020, and City Defendants provided initial disclosures to Plaintiffs six months before Plaintiffs filed the third amended complaint. Despite the ability to do so, Plaintiffs did not seek *any* timely discovery from City Defendants before filing their third amended complaint. In contrast, Plaintiffs sought discovery from State Defendants, Kroll, and other non-parties before filing the third amended complaint. Plaintiffs have not persuasively established why they could not also have sought discovery from City Defendants earlier.

Second, Plaintiffs could have, but did not, seek timely discovery from City Defendants in the nearly five weeks *after* filing the third amended complaint. Although Plaintiffs contend that they needed the benefit of Defendants' answers to the third amended complaint before seeking discovery, they inexplicably were able to serve discovery requests on other defendants and non-parties without first waiting for answers to the third amended complaint. And even if filing the third amended complaint somehow impacted the scope of discovery, Plaintiffs fail to explain why they could not have made *some* effort to seek *some* discovery from City Defendants in October 2021. Had Plaintiffs done so, their attempts to comply with the pretrial scheduling order might

have demonstrated sufficient diligence to warrant a limited extension of the fact-discovery deadline to facilitate focused supplemental discovery. Plaintiffs chose not to do so, however.

Third, although the third amended complaint includes three new plaintiffs and one new defendant, the record reflects that these new parties were involved in this case at least several months before Plaintiffs filed the third amended complaint. And the factual allegations and legal claims pertaining to these newly added parties were largely known to Plaintiffs long before Plaintiffs filed the third amended complaint.[7] Indeed, the three new Individual Plaintiffs provided evidence in support of Plaintiffs' motion for a preliminary injunction in May 2021, nearly five months before Plaintiffs filed the third amended complaint. And although the third amended complaint added Sheriff Hutchinson as a defendant, Plaintiffs previously sought discovery from the Hennepin County Sheriff's Office in July 2021. Plaintiffs' contention that their filing of the third amended complaint somehow prevented them from seeking timely discovery from City Defendants is unpersuasive.

Fourth, Plaintiffs' contention that *Defendants* could not have reasonably completed discovery in the two months after Plaintiffs filed the third amended complaint is immaterial. Defendants are represented by experienced counsel. Defendants could have moved to modify the pretrial scheduling order, but they did not. Defendants'

---

[7]     Notably, the new factual allegations in the third amended complaint largely do not pertain to City Defendants.

diligence and ability to comply with the pretrial scheduling order was not presented to the magistrate judge and is not at issue here.  This argument, therefore, lacks merit.

In summary, Plaintiffs have identified no change in the law, newly discovered facts or other significant change in circumstance that prevented them from even attempting to comply with the pretrial scheduling order by seeking timely discovery from City Defendants.  *See Ellingsworth*, 949 F.3d at 1100.  As such, the magistrate judge did not err by concluding that Plaintiffs did not establish good cause to modify the pretrial scheduling order.

### C.    Alternative Relief

Plaintiffs request, in the alternative, an order modifying the pretrial scheduling order in two respects: first, to provide additional time for all parties other than City Defendants to complete fact discovery based on mutual stipulation, and second, to compel City Defendants to respond to the untimely discovery requests that Plaintiffs served in November 2021.

"Just as parties cannot present arguments to the appellate court that they did not raise before the district court, parties must take before the magistrate, not only their best shot, but all of their shots."  *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (internal quotation marks and brackets omitted).  Arguments not presented to the magistrate judge typically are deemed to be waived.  *Id.*  As such, "[a]n appeal of a magistrate judge's order is an improper venue for new proposals to resolve discovery disputes."  *Lynch v. Experian Info. Sols, Inc.*, ___ F. Supp. 3d ____,

2022 WL 190753, at *4 (D. Minn. Jan. 21, 2022); *accord Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1325 (S.D. Iowa 2005) (collecting cases and observing that "[r]eview of a Magistrate's ruling before the District Court does not permit consideration of issues not raised before the Magistrate because the magistrate's decision should not be disturbed on the basis of arguments not presented to him" (internal quotation marks omitted)).

Plaintiffs did not request from the magistrate judge the alternative relief they now seek.  Plaintiffs could have, but did not, move to compel discovery from City Defendants or seek a more limited modification of the pretrial scheduling order.  And Defendants Kroll and Sheriff Hutchinson could have, but did not, appeal the magistrate judge's order or separately move to modify the pretrial scheduling order.  Granting such relief now, after Plaintiffs have waived such arguments, would be contrary to the magistrate judge's sound conclusion that Plaintiffs failed to show good cause to amend the pretrial scheduling order.

Accordingly, Plaintiffs' request for alternative relief is denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the magistrate judge's February 8, 2022 Order, (Dkt. 317), is **AFFIRMED**.

Dated:  June 6, 2022                                         s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge