UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Katie Nelson, Tannen Maury, Stephen Maturen, Edward Ou, Timothy Evans, Chris Tuite, and The Communications Workers of America, *On behalf of themselves and other similarly situated individuals,*<br><br>   Plaintiffs,<br>v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-10, *in their individual and official capacities,*<br><br>   Defendants. | Court File No.:<br>20-cv-01302 (WMW/DTS)<br><br><br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Plaintiffs' Motion for Class Certification came for hearing on September 15, 2022 before this Court, the Honorable Judge Wilhelmina Wright presiding.

Upon consideration of the papers filed in support of and in opposition to the Motion, arguments of counsel, and the other pleadings and documents on record in this action,

**IT IS ORDERED THAT:**

1

1. Plaintiffs' **MOTION FOR CLASS CERTIFICATION** is **GRANTED**. The following Class is certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2):

    All members of the news media, as the term is used in Emergency Executive Order 20-69, who are engaged in news gathering or reporting activities in Minnesota.

    The class claims are Plaintiffs' claims for injunctive relief under the First, Fourth, and Fourteenth Amendments against Defendant City of Minneapolis and Defendant Interim Police Chief Amelia Huffman in her official capacity.[1]

    The Court finds that the requirements of class certification are met for the following reasons:

    A. The Class is so numerous that joinder of all members would be impracticable.

    B. There are questions of law or fact common to the class, including whether the practices of the Defendants violate the Constitution.

    C. The claims of the Named Plaintiffs are typical of the claims of the Class.

    D. Named Plaintiffs and their counsel will adequately protect the interests of the Class.

    E. Pursuant to Rule 23(b)(1), prosecuting separate actions by individual Class Members would create a risk of inconsistent of varying

---

[1] Plaintiffs' operative complaint lists former Minneapolis Chief Arradondo as a defendant. Arradondo has recently retired. Interim Police Chief Amelia Huffman has thus automatically been substituted as a defendant for the official-capacity claims originally stated against Arradondo. *See* Fed. R. Civ. P. 25(d).

adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants, and would create a risk of adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other Class Members and would substantially impair or impede their ability to protect their interests.

F. Pursuant to Rule 23(b)(2), Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

G. Named Plaintiffs are hereby appointed as the class representatives.

H. Adam W. Hansen and Colin Reeves of Apollo Law LLC, Pari McGarraugh and Karen Schanfield of Fredrikson & Byron, P.A., and Teresa Nelson of ACLU of Minnesota are hereby appointed as Class Counsel. Class Counsel has the requisite experience to be appointed as Class Counsel in this case. Each of the factors enumerated in Fed. R. Civ. P. 23(g) is satisfied.

**IT IS SO ORDERED.**

Dated: [DATE]

                                        Wilhelmina Wright, United States District Court Judge