UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Katie Nelson, Tannen Maury, Stephen Maturen, Edward Ou, Timothy Evans, Chris Tuite and The Communications Workers of America, On behalf of themselves and other similarly situated individuals, | Court File No. 20-cv-01302 (WMW/DTS) |
| Plaintiffs, | |
| v. | |
| City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, in his individual and official capacity; Minneapolis Police Lieutenant Robert Kroll, in his individual and official capacity; Hennepin County Sheriff David Hutchinson, in his individual and official capacity; John Does 1-10, in their individual and official capacities; | **HENNEPIN COUNTY SHERIFF DAVID HUTCHINSON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SURREPLY AND FOR LESSER SANCTION** |
| Defendants. | |

## **INTRODUCTION**

Plaintiffs have filed two post-briefing motions with this Court related to Hennepin County Sheriff David Hutchinson's Motion for Summary Judgment. Both motions address matters which Plaintiffs could—and should—have addressed in their opposition to Hutchinson's summary judgment motion. Both motions are also procedurally improper because they violate this Court's scheduling order, which set June 1, 2022, as the deadline for non-dispositive motions. Plaintiffs have not asked this Court to extend this deadline, and they cannot make the requisite showing for such an extension under

either the federal or local rules.  In addition, both motions fail on their merits.

Regarding Plaintiffs' motion for leave to file a surreply, Plaintiffs ask this Court to believe that Plaintiffs could not have foreseen Hutchinson's objection to Plaintiffs' submission of declarations from previously undisclosed witnesses.  In fact, Plaintiffs knew, or should have known, about their own late disclosure at the time they filed their opposition to Hutchinson's summary judgment motion, and Plaintiffs chose not to address this issue in their opposition.  Plaintiffs' complaint that Hutchinson raised "new issues" in his reply rings especially hollow given that, in meet and confer discussions, Plaintiffs took the position that a separate motion by Hutchinson on these issues would be procedurally improper.  Plaintiffs should not be permitted additional briefing for issues they chose to ignore in their opposition.

Plaintiffs' conditional motion requesting a lesser sanction for Plaintiffs' own misconduct also fails on the merits.  Plaintiffs' lack of diligence in determining the identities of the witnesses upon whom they would rely is not a substantial justification for their failure to comply with Rule 26.  In addition, Hutchinson has been prejudiced by Plaintiffs' eleventh-hour disclosure, and Plaintiffs' offer of a deposition for each undisclosed witness would not permit Hutchinson to conduct additional needed discovery to uncover impeachment and contextual evidence.  In addition, as courts have recognized, procedural delays at this advanced stage of litigation are themselves prejudicial. Plaintiffs request to have the undisclosed witnesses deposed as a lesser sanction should be rejected and the testimony of the undisclosed witnesses automatically excluded under Rule 37(c)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Plaintiffs have repeatedly, and unsuccessfully, sought to extend the deadlines in the pretrial scheduling order – including the non-dispositive motion deadline.**

The Amended Pretrial Scheduling Order that governs deadlines in this matter set several deadlines, including: fact discovery completion—December 1, 2021; joinder and amended pleadings—January 3, 2022; non-dispositive motions—June 1, 2022; and dispositive motions—December 1, 2022.  (Doc. 89).[1]  The Amended Pretrial Scheduling Order was entered in January 2021, but Plaintiffs did not add Hutchinson – or anyone from Hennepin County—as a defendant until Plaintiffs filed their Third Amended Complaint in September 2021.  (Doc. 228.)  Instead of seeking to modify deadlines when Plaintiffs filed their Third Amended Complaint, Plaintiffs waited another two months to move to modify the Amended Pretrial Scheduling Order on November 30, 2021—one day before the close of fact discovery and five weeks from the deadline to amend pleadings.  (Doc. 262.)  Plaintiffs sought extensions to eight deadlines, including the non-dispositive motion deadline.  (Order, Doc. 317, at 3, n.3; Doc 262 at 2.)

On February 8, 2022, the magistrate judge denied Plaintiffs' motion to amend the Amended Pretrial Scheduling Order in its entirety.  (Order, Doc. 317.)  The magistrate judge concluded that Plaintiffs had failed to show diligence and, therefore, "they have not shown good cause to modify the scheduling order under Rule 16(b)(4)."  (*Id.*, at 13.)  On

---

[1] A Second Amended Pretrial Scheduling Order was entered in June 2022 (Doc. 364) to extend the class certification deadline.  The fact discovery, joinder / amended pleadings, and motion deadlines remain unchanged.  (*Id.*)

Plaintiffs' appeal, this Court affirmed the magistrate judge's decision.  (Order, Doc. 358.) This Court noted that "litigation strategy decisions do not excuse a party from the obligation to diligently attempt to comply with a pretrial scheduling order."  (*Id.*, p. 12.) The Court also recognized that "[t]o establish diligence, Plaintiffs must show that they attempted to comply with the pretrial schedule but did not have a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order." (*Id.*)  Concluding that Plaintiffs had not shown such diligence, this Court affirmed the magistrate judge's denial of Plaintiffs' motion to modify the schedule, including the non-dispositive motion deadline.

While Plaintiffs' appeal of the magistrate judge's February 8 order was pending, on April 4, 2022, Plaintiffs again moved to amend the scheduling order in order to file a Fourth Amended Complaint to join two Hennepin County Sheriff's Office deputies as defendants.  (Order, Doc. 359, p. 5.)  Hutchinson opposed this motion.  (*Id.*, p. 1.)  The magistrate judge denied Plaintiffs' motion, again concluding that Plaintiffs had not shown sufficient diligence to meet the good cause standard required to permit the amendment of the scheduling order.  (*Id.*, p.11-12.)  Plaintiffs did not appeal the magistrate judge's decision.

**B. Many documents have been produced in this action and Plaintiffs have received Hutchinson's discovery responses.**

Despite Plaintiffs' failure to extend the scheduling order in this action, a large number of documents have been filed and produced over the nearly three-year life of this case.  To date, Plaintiffs have produced more than 11,000 pages of documents.

(Declaration of Sarah McLaren in Opposition to Plaintiffs' Motions for Leave to File Surreply and for Lesser Sanction ("McLaren Decl."), ¶ 3.)  The City of Minneapolis has produced over 7,000 pages of documents, and the State Defendants, prior to their dismissal, produced more than 1,500 pages of documents.  (*Id.*, ¶¶ 4-5.)  In addition, while no one from Hennepin County was a party to this action until Hutchinson was joined as a defendant in September 2021, Hennepin County produced 2,685 pages of emails to Plaintiffs in response to a June 2020 data practices request.  (Order, Doc. 359, p. 2.)  Hennepin County also produced additional documents in response to Plaintiffs' July 2021 subpoena.  (*Id.*, p. 3.)

After Hutchinson was added as a defendant, and while Plaintiffs' first motion to modify the scheduling order was under advisement with the magistrate judge, Plaintiffs and Hutchinson served each other with discovery requests.  Plaintiffs served on Hutchinson requests for document production and interrogatories on January 7, 2022, and Hutchinson served document requests and interrogatories on Plaintiffs on January 26, 2022, which included requests for authorizations for medical records and releases of information to be completed by the named plaintiffs.  (*Id.*, p. 4.)  Hutchinson responded to Plaintiffs' discovery requests on February 7, 2022, one day before the magistrate judge denied Plaintiffs' first request to modify the scheduling order.  (*Id.*)  Hutchinson clarified two of his 21 responses to document requests on February 11.  (*Id.*)  Plaintiffs did not respond to any of Hutchinson's discovery.

**C. Plaintiffs waited until after the close of dispositive motion briefing to seek relief from their own discovery violations.**

On January 19, 2023, Plaintiffs filed a number of declarations in opposition to Hutchinson's Motion for Summary Judgment, including the declarations of Chandan Khanna (Doc. 464), Jon Stegenga (Doc. 465), and Michael Elliott (Doc. 466) (the "Undisclosed Witnesses"). None of the Undisclosed Witnesses were named in Plaintiffs' Rule 26(a)(1) disclosures, despite Plaintiffs having amended such disclosures on two occasions. (Second McLaren Decl., Doc. 484, ¶ 3; Ex. A, Doc. 484-1.)

Upon Hutchinson's request, prior to Hutchinson's submission of his reply brief in support of summary judgment, Hutchinson and Plaintiffs met and conferred on Plaintiffs' failure to timely disclose the Undisclosed Witnesses. (Second McLaren Decl., Doc. 484, ¶ 4; Ex. B, Doc. 484-2.) As a result of this meet and confer process, Plaintiffs were not able to identify any iteration of their Rule 26(a)(1) disclosures that contained the names of any of the Undisclosed Witnesses. (Second McLaren Decl., Doc. 484, ¶ 5.) Plaintiffs instead claimed that the Undisclosed Witnesses' names appear within documents filed or produced in this case prior to Hutchinson being added as a party, and that Elliott is offered as a "rebuttal witness." (Second McLaren Decl., Doc. 484, ¶ 5; Ex. B, Doc. 484-2.) Plaintiffs claimed that their Rule 26(a)(1) disclosures therefore incorporated the names of the Undisclosed Witnesses because their disclosures contain catchall provisions that purport to include "persons identified by any party or non-party in response to" discovery and "persons necessary to provide rebuttal testimony." (Second McLaren Decl., Doc. 484, ¶ 5.) Plaintiffs also offered to make the Undisclosed Witnesses

available for deposition, and argued that their non-disclosure is therefore harmless. (*Id*.) Hutchinson explained that a deposition would not be appropriate when dispositive motions were nearly fully briefed, and that this was especially true when this action will be three years old at the oral argument on the pending dispositive motions and discovery had already been closed for nearly fourteen months. (*Id.*, ¶ 6.)

Also as a result of the meet and confer process, Plaintiffs informed Hutchinson that they would object to Hutchinson bringing a motion to strike the declarations of the Undisclosed Witnesses as procedurally improper. (*Id.*, ¶ 7; Ex. B, Doc. 484-2.) Plaintiffs also informed Hutchinson that Plaintiffs would object to any request by Hutchinson to receive additional words for his reply brief in support of his motion for summary judgment to address Plaintiffs' failure to include the names of the Undisclosed Witnesses in Plaintiffs' Rule 26(a)(1) disclosures. (Second McLaren Decl., Doc. 484, ¶ 7.)

On February 9, 2023, Hutchinson filed his reply brief in support of his summary judgment motion. (Doc. 482.) In this brief, he addressed, among other issues, the inadmissibility of the declarations of the Undisclosed Witnesses. (*Id.* at p. 3-6.) Hutchinson's summary judgment briefing complied with the standard word count limitation. (Doc. 482-1.) That same day, Plaintiffs informed Hutchinson that they expected to seek leave to file a surreply memorandum. (McLaren Decl., ¶ 7, Ex. 2.) On February 13, Plaintiffs informed Hutchinson that they would also file a motion under Rule 37(c) proposing an alternative sanction. (*Id.*.) Hutchinson informed Plaintiffs that he would oppose both motions. (*Id.*, ¶ 8.) When asked by Plaintiffs for his legal basis in opposing the Rule 37 motion, Hutchinson informed Plaintiffs that Plaintiffs were required

to meet both the Rule 16 and Rule 37 standards for such a motion.  (*Id*.)  These motions followed.

## **ARGUMENT**

I.   **Plaintiffs' Motions Fail Procedurally under Local Rule 16.3(d) and Rule 16 of the Federal Rules of Civil Procedure.**

Even though Plaintiffs seek to bring two non-dispositive motions more than eight months after the deadline this Court set in its scheduling order, Plaintiffs ignore two relevant legal standards governing their present motions – Local Rule 16.3(d) and Rule 16 of the Federal Rules of Civil Procedure.  Plaintiffs instead focus their argument on why they believe Hutchinson will not be prejudiced by Plaintiffs' requested relief.  As discussed below, Hutchinson will be prejudiced, but more importantly, Plaintiffs cannot satisfy their burden of showing the necessary "extraordinary circumstances" required under this Court's Local Rules or the "good cause" required by the Federal Rules.

### A.  **Plaintiffs cannot show the requisite extraordinary circumstances under Local Rule 16.3(d).**

Under the local rules, a party must obtain a hearing date on a motion to change a deadline *before* the deadline passes "[e]xcept in extraordinary circumstances."  D. Minn. L.R. 16.3(d).  Here, Plaintiffs previously asked the Court to extend the June 1, 2022, non-dispositive motion deadline, (Order, Doc. 317, at 3, n.3; Doc 262 at 2.), and this Court affirmed the magistrate judge's denial of Plaintiffs' request.  (Order, Doc. 358.)  Plaintiffs now seek to bring two non-dispositive motions without any renewed request to extend the non-dispositive motion deadline contained in the Amended Pretrial Scheduling Order.  This same order states: "The following schedule will govern these proceedings

unless modified pursuant to Local Rule 16.3." (Doc. 89, p. 1.)  The plain language of District of Minnesota Local Rule 16.3(d) dictates that, because Plaintiffs did not obtain a motion hearing date on or before June 1, 2022, they must satisfy the higher bar of "extraordinary circumstances" to warrant modification of the non-dispositive motion deadline.  However, Plaintiffs have made no attempt to demonstrate, or even discuss, such extraordinary circumstances.

The absence of any attempt by Plaintiffs to discuss the extraordinary circumstances standard under Local Rule 16.3(d) is a sufficient basis to deny Plaintiffs' motions.  *See Heiderscheid v. Dakota Cty. Sheriff Office*, No. 18-CV-1180 (JNE/LIB), 2020 WL 5128147, at *5 (D. Minn. July 22, 2020) (stating that plaintiff's failure to "discuss much less demonstrate the requisite 'extraordinary circumstances' . . . represents a sufficient basis to deny Plaintiff's Motion . . .").  If the Court determines that Plaintiffs have not satisfied the "extraordinary circumstances" standard, then it need not conduct a good cause analysis under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3(b)(1).  *See Coleman v. Minneapolis Public Schools*, No. 18-CV-2283 (DSD/ECW), 2020 WL 6042394, at *5 (D. Minn. Oct. 13, 2020) (stating a good cause analysis is unnecessary when the court decides the extraordinary circumstances standard is not met).

## B.  Plaintiffs cannot satisfy the good cause standard.

Even if Plaintiffs' motions were not subject to the extraordinary circumstances standard under Local Rule 16.3(d), Plaintiffs also fail the less rigorous good cause analysis under Federal Rule of Civil Procedure 16(b)(4).  Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent."

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citation omitted). "[D]istrict courts enjoy broad discretion under Rule 16(b) and in matters of trial management in general." *Schenk v. Chavis*, 259 Fed. Appx. 905, 907 (8th Cir. 2008).

Plaintiffs do not even attempt to show diligence in complying with this Court's non-dispositive motion deadline. Instead, Plaintiffs make two principle arguments regarding the timing of their motions, both of which fail the Rule 16 standard.

First, Plaintiffs argue that a surreply brief is necessary to allow Plaintiffs to respond "to new arguments raised for the first time in reply that [Plaintiffs] did not previously have an opportunity to address." (Motion, Doc. 488, p. 3.) This argument ignores the fact that, at the time they filed their opposition to Hutchinson's summary judgment motion, Plaintiffs were aware, or at least should have been aware, that the Undisclosed Witnesses' names did not appear in any iteration of Plaintiffs' Rule 26(a)(1) disclosures. Plaintiffs were not somehow surprised by a new argument in Hutchinson's reply – instead, they consciously decided not to address their own late disclosure in their opposition brief. Such a tactical choice does not entitle Plaintiffs to ignore the non-dispositive motion deadline or receive additional briefing.

Second, Plaintiffs argue that they did not know until mere days before they filed their opposition to Hutchinson's summary judgment motion that they would be using the Undisclosed Witnesses to support their case. (Mem. in Supp., Doc. 495, p. 4.) At the same time, Plaintiffs argue that Hutchinson should have been aware that Plaintiffs could

submit declarations from the Undisclosed Witnesses because the Undisclosed Witnesses'
names appear in documents filed or produced in this case prior to Hutchinson being
joined as a party in September 2021.  (Second McLaren Decl., Doc. 484, ¶ 4, Ex. B, Doc.
484-2.)  Plaintiffs cannot have it both ways.  If the Undisclosed Witnesses' importance
should have been obvious to Hutchinson based on events that happened before he joined
this action in September 2021, there is no justification for Plaintiffs' failure to ever name
these witnesses in their Rule 26(a)(1) disclosures.  There is similarly no excuse for
Plaintiffs' failure to seek any needed extension of this Court's non-dispositive motion
deadline prior to its expiration in June 2022.  At a minimum, Plaintiffs could have
addressed their non-disclosure and the relevant legal standards at the time they filed their
brief in opposition to Hutchinson's summary judgment motion.

For reasons unexplained by Plaintiffs, whether they be tactical or inadvertent,
Plaintiffs chose to omit the Undisclosed Witnesses' names from their Rule 26(a)(1)
disclosures, to fail to address their non-disclosure in their opposition brief, and to file the
present motions without seeking an extension of the non-dispositive motion deadline.
Strategic decisions and tactical choices that lead to missed deadlines do not amount to
good cause.  *See Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594, 610-11 (8th Cir.
2011) (affirming district court's denial of motion for leave to amend complaint on ground
that tactical choice to pursue claim earlier did not show diligence); *AGA Med. Corp. v.
W.L. Gore & Assocs., Inc.*, No. 10-3734, 2012 WL 12888665, at *7 (D. Minn. Oct. 5,
2012) (stating lack of action "may be careless, inadvertent, strategic or due to other
pressing matters, but it does not amount to the requisite due diligence . . .").  Plaintiffs

appear to claim it was not possible for them to know the importance of the Undisclosed Witnesses prior to February 2023. (Mem. in Supp., Doc. 495, p. 4.) But it was not only possible, but incumbent on Plaintiffs, to manage their case in a timely and diligent manner—particularly where Plaintiffs argue that the Undisclosed Witnesses' names were known to the parties based on documents filed or produced in this action prior to September 2021.

In bringing this litigation, Plaintiffs opted to file a complex putative class action with numerous named Plaintiffs and Defendants and a Third Amended Complaint with 497 paragraphs of allegations. It is up to the party litigating its case, whether straight forward or complex, to protect its interests before deadlines pass rather than continue to seek relief from the Court to accommodate the party's lack of diligence. Here, admittedly knowing of the Undisclosed Witnesses' existence prior to filing their Third Amended Complaint in September 2021, Plaintiffs could have—and should have—determined the witnesses' importance and timely disclosed them under Rule 26(a)(1). In the alternative, if needed, Plaintiffs should have timely renewed their request to extend the non-dispositive motion deadline prior to its expiration. At a minimum, Plaintiffs should have addressed these issues in their opposition brief. *See Wagner v. Franchoice, Inc.*, No. 19-CV-940 (MJD/ECW), 2020 WL 6939622, at *10 (D. Minn. Nov. 25, 2020) (stating it was "incumbent on Plaintiff to take steps to protect his interests" and seek modification of pretrial scheduling order to a date that allowed the time needed). Failing to timely present arguments to a Court or to seek a needed modification to the scheduling order to keep a case on track does not satisfy the good cause standard.

### C. Hutchinson is prejudiced by Plaintiffs' repeated disregard of the case schedule.

Prejudice to the non-moving party generally is not considered absent a showing of diligence by the moving party. *Sherman*, 532 F.3d at 717; *see also Metro Produce Distributions, Inc. v. City of Minneapolis*, 473 F. Supp. 2d 955, 964 (D. Minn. 2007) (stating prejudice to non-moving party can provide additional reason for denying motion to amend). Here, it is not necessary to reach the question of prejudice to Hutchinson because Plaintiffs have not demonstrated that extraordinary circumstances or good cause warrant leave to extend the non-dispositive motion deadline to permit the present motions. Even so, Sheriff Hutchinson would be prejudiced by allowing Plaintiffs to pursue these motions outside of the scheduling order.[2]

Scheduling orders are a critical tool both for the courts to manage crowded dockets and for parties to litigate their cases. *See Coleman*, 2020 WL 6042394, at *3. Under Rule 16, scheduling orders "set[] time limits for interposing various motions that otherwise might be used as stalling techniques." Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment. Here, Plaintiffs moved to amend the non-dispositive motion deadline once and were denied. (Docs. 317, 358.) Now, after the close of dispositive motion briefing, Plaintiffs have not even sought this Court's permission prior to filing untimely non-dispositive motions. This case is now approaching three years old, dispositive motions are fully briefed, and the trial ready date

---

[2] Hutchinson will also be prejudiced by Plaintiffs' requested lesser sanction for their non-disclosure of the Undisclosed Witnesses. This prejudice is discussed separately in Part III.B.2, *infra.*

is April 3, 2023.  (Docs. 89, 364.)  Rewarding Plaintiffs' disregard for this Court's orders will only encourage Plaintiffs to continue to ignore the case schedule, leading to ongoing motion practice and uncertainty—all of which would be inefficient, time consuming, and unnecessarily costly and, therefore, unfairly prejudicial to Hutchinson.

## II.     There is No Basis to Award Plaintiffs the Opportunity to File a Surreply Brief.

As discussed above, Plaintiffs' request to for leave to file a surreply brief is based on their claim that they could not have previously addressed Hutchinson's argument that the Undisclosed Witnesses' declarations are inadmissible.  (Motion, Doc. 488, p. 3.)  In fact, Plaintiffs chose not to address the legal consequences of their non-disclosure in their opposition brief, and they should not be rewarded with additional briefing.  In their motion, Plaintiffs cite cases for the proposition that a court has discretion to grant a party leave to file a surreply brief.  (*Id.*)  While this Court certainly has discretion to grant such a request, Plaintiffs are not entitled to such discretionary relief here, where they knew of – and chose not to – address these issues in their opposition brief.

## III.    Plaintiffs Are Not Entitled to Their Requested Lesser Sanction.

Parties must disclose the identity of each individual "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  When a party fails to identify a witness per Rule 26(a), that party shall not use that "witness to supply evidence on a motion, at a hearing, or at a trial," unless the party's failure is either substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  "A district court may exclude such . . . testimony as a self-executing sanction

when the party's failure is not substantially justified or harmless." *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc*., No. 17-CV-5096 (WMW/BRT), 2020 WL 1617879, at *2 (D. Minn. Apr. 2, 2020), *aff'd,* 30 F.4th 1339 (Fed. Cir. 2022)).  For anything less than exclusion, the non-disclosing party must seek an alternative sanction by motion.  *See id.* (noting that, 'on motion,' court may impose alternative sanction) (citing *Vanderberg v. Petco Animal Supplies Stores, Inc*., 906 F.3d 698, 702–03 (8th Cir. 2018)).  Exclusion is appropriate even in the absence of bad faith.  *Id.* at *3.

### A. Plaintiffs' failure to name the undisclosed witnesses in their Rule 26(a)(1) disclosures violates Rule 26.

Here, there is no dispute that Plaintiffs failed to include the names of the Undisclosed Witnesses in their Rule 26(a)(1) disclosures.  (Second McLaren Decl., Doc. 484, ¶ 5; Ex. A, Doc. 484-1.)  Plaintiffs claim that this omission does not violate Rule 26 because the Undisclosed Witnesses' names appear within documents filed or produced in this case prior to Hutchinson being added as a party, and that Elliott is offered as a "rebuttal witness."  (Second McLaren Decl., Doc. 484, ¶ 5, Ex. B, Doc. 484-2.)  Plaintiffs claim that these witnesses are therefore encompassed by catchall provisions of Plaintiffs' disclosures that purport to include all "persons identified by any party or non-party in response to" discovery and all "persons necessary to provide rebuttal testimony."  (*Id.*)  Plaintiffs also argue that one of the Undisclosed Witnesses' (Khanna) recent commencement of a separate civil action against Hutchinson, *Sens, et al. v. Hutchinson, et al.* Court No. 22-cv-3009 (DWF/DTS), somehow satisfies Plaintiffs' Rule 26 obligations in this action.  (Mem. in Supp., Doc. 495, p. 5.)

Plaintiffs' argument renders the requirements of Rule 26 meaningless. Rule 26(a)(1) cannot be ignored "merely because, after all discovery is done, one can point to a random document here or there to show the information was made known to the other party during the discovery process." *United States ex rel. Higgins v. Bos. Sci. Corp.*, No. 11-CV-2453 (JNE/TNL), 2020 WL 968218, at *13 (D. Minn. Feb. 28, 2020). "If the Court were to accept [this] reading of Rule 26(a)(1) and bring it to the logical end, a litigant could name whoever they wanted in their initial disclosures so long as, come the end of discovery, they could point to some scattered documents or other discovery that was provided.  This undermines the purpose and intent of Rule 26(a)(1)." *Id.*; *see Baird v. Blackrock Institutional Trust Company, N.A.*, 330 F.R.D. 241, 244-45 (N.D. Cal. 2019) (concluding that defendant did not adequately disclose a witness's identity by incorporating the plaintiffs' initial disclosures in defendant's initial disclosures and by producing documents showing that the witness regularly key attended meetings). Although this Court has excused a party's failure to name a witness in Rule 26 disclosures where that witness was named in the party's interrogatory answers, *Fair Isaac Corp. v. Fed. Ins. Co.*, 447 F. Supp. 3d 857, 884 (D. Minn. 2020), here, while Hutchinson responded to Plaintiffs' discovery requests, Plaintiffs have never responded to Hutchinson's discovery requests.  (Order, Doc. 489, p. 4.)

Plaintiffs' argument is especially weak in cases, such as this, where a large number of documents have been produced.  Here, the parties collectively produced nearly 20,000 pages of documents in discovery.  (McLaren Decl., ¶¶ 3-5.)  Plaintiffs alone produced more than 11,000.  (*Id.*, ¶ 3.)  In similar situations courts have rejected a non-

disclosing party's attempt to point to names appearing in documents produced as sufficient to satisfy its Rule 26 obligations. *See United States ex rel. Higgins*, 2020 WL 968218, at *10 (concluding that the appearance of a witness's name in 400 documents within the 30,000 documents produced did not excuse a party from timely naming the witness in its Rule 26(a)(1) disclosures); *Taylor v. New York State Office for People with Dev. Disabilities*, No. 1:13-cv-740 (NAM/CFH), 2016 WL 2858856, at *6 (N.D.N.Y. May 13, 2016) ("Defendants were not required to cull the document production and assume that plaintiff would call at trial any number of the individuals mentioned therein."). In fact, this argument undercuts the non-disclosing party's claim that it could not have timely included all witnesses in its Rule 26(a)(1) disclosures. *See United States ex rel. Higgins*, 2020 WL 968218, at *10 ("If it should have been readily apparent to Relator from this initial production of 30,000 documents that Huffman was a person likely to have discoverable information to Boston Scientific's defenses, then it should have been even more apparent to Boston Scientific that Huffman was a person likely to have discoverable information related to its own defenses.")

Here's Plaintiffs argue that the Undisclosed Witnesses' names appear in roughly 10 documents file or produced in this case prior to Hutchinson being joined as a party. These documents are among the nearly 20,000 pages of documents produced in this case. (McLaren Decl., ¶¶ 3-5.) This is not a sufficient disclosure to satisfy Rule 26.

With respect to Plaintiffs' other arguments, as discussed in Hutchinson's reply memorandum, (Doc. 482, p. 6-7, 11-12, 14), Elliott's testimony is being offered not "solely for impeachment", but instead as affirmative evidence to support Plaintiffs'

claims.  And Plaintiffs cannot point to any authority supporting their claim that Khanna's

commencement of a separate action against Hutchinson on December 1, 2022, the same

day that Hutchinson filed for summary judgment in this action, (McLaren Decl., ¶ 6,

Ex. 1; Doc. 395), in any way operates as a Rule 26 disclosure.  Plaintiffs' failure to ever

name the Undisclosed Witnesses in their Rule 26(a)(1) disclosures violates Rule 26.

**B. Plaintiffs' failure to disclose the Undisclosed Witnesses was not substantially justified or harmless.**

*1. No substantial justification*

The only explanation that Plaintiffs give for their failure to comply with Rule 26 is

that they did not know until days before they filed their opposition to Hutchinson's

summary judgment motion that they would be using the Undisclosed Witnesses to

support their case.  (Mem. in Supp., Doc. 495, p. 4.)  As discussed above, Part I.B, this

points to a lack of diligence by Plaintiffs, rather than a substantial justification excusing

their failure to comply with the Federal Rules and this Court's scheduling order.  There is

no substantial justification for Plaintiffs' actions.

*2. Plaintiffs' actions have prejudiced Hutchinson, and three depositions do not render Plaintiffs' discovery violation harmless*

Plaintiffs argue that their Rule 26 violation is harmless because they have offered

to make the Undisclosed Witnesses available for deposition.  A disclosure in the midst of

dispositive motion practice cannot be rendered "harmless" by a deposition.  *Niazi*

*Licensing Corp.*, 2020 WL 1617879, at *3 ("failure to timely produce such discovery

evidence is not harmless simply because any prejudice can be remedied by a continuance

and additional depositions"); *Fu v. Owens*, 622 F.3d 880, 883-84 (8th Cir. 2010)

(affirming exclusion of witness affidavit at summary judgment where witness not disclosed before close of discovery, despite absence of bad faith).

Plaintiffs' argument, indeed, would negate the need for scheduling orders or timely disclosures. A party could simply wait until opposing a dispositive motion to determine the witnesses upon whom they would rely, and then ask the Court to permit additional depositions should the opposing party object to the late disclosure. Such a practice would not lead to the "just, speedy, and inexpensive determination of every action and proceeding" as is required by the Federal Rules. Fed. R. Civ. P. 1. Not surprisingly, Plaintiffs' suggested approach has been rejected by courts. *See Niazi Licensing Corp.*, 2020 WL 1617879, at *3; *Fu*, 622 F.3d at 883-84; *Engleson v. Little Falls Area Chamber of Com.*, 210 F.R.D. 667, 672 (D. Minn. 2002) (concluding that the delay of permitting a plaintiff to belatedly disclose an expert, followed by the expected delays of the defendants naming a responsive expert, followed by depositions, would be "neither justified nor harmless"); *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1064 (D. Minn. 1999), *vacated in part on other grounds*, 290 F.3d 1364 (Fed. Cir. 2002) ("Although a continuance, and a reopening of discovery, might alleviate some of the prejudice inflicted by unfair surprise, such a remedy would wreak its own distinctive prejudice, by unnecessarily prolonging the pretrial processing of the Plaintiffs' claims, with the attendant expense of further discovery, and prolonged Motion practice.").

Contrary to Plaintiffs' argument, Hutchinson has been prejudiced by Plaintiffs' discovery violation and such prejudice cannot be rendered harmless by deposing the

Undisclosed Witnesses.  As this Court has recognized, Hutchinson has made a series of strategic decisions in this action, including not moving to extend discovery when he was added to this case and not seeking an appeal from the magistrate's order denying Plaintiffs' requested modification of the pretrial deadlines.  (Order, Doc. 358, p. 17.)  As all litigants would, Hutchinson made these decisions based on the information that was before him at the time, including Plaintiffs' Rule 26(a)(1) disclosures.  Plaintiffs' discovery violation is an unjustified attempt to enlarge the record in this case in violation of the governing rules, after Hutchinson has made strategic decisions about discovery as well as the framing of his opening submission for summary judgment.  Plaintiffs' actions therefore prejudice Hutchinson.

Nor can such prejudice be undone by three depositions.  This is not a situation in which a party claims a technical Rule 26 violation from which no harm resulted.  *See Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790 (8th Cir. 2018) (affirming district court's decision that Rule 26 violation was harmless where belatedly disclosed photographs were similar to photographs previously produced by objecting party); *Soo Line R. Co. v. Werner Enterprises*, 8 F. Supp. 3d 1130, 1138 (D. Minn. 2014), *aff'd sub nom. Soo Line R.R. Co. v. Werner Enterprises*, 825 F.3d 413 (8th Cir. 2016) (concluding Rule 26 violation was harmless where expert was disclosed by deadline for rebuttal experts, as opposed to initial experts, and sufficient time for expert discovery remained).

Instead, Hutchinson is surprised by the content[3] of the declarations of the Undisclosed Witnesses, and he would need additional discovery beyond the three depositions to "impeach [the Undisclosed Witnesses'] testimony or place it in context." *See Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, No. 4:18-CV-0236-DGK, 2019 WL 302514, at *5 (W.D. Mo. Jan. 23, 2019) (concluding that, where late disclosure could necessitate additional discovery beyond the deposition of the witness at issue, "excluding [the witness's] testimony is the simpler, fairer option that is most consistent with the letter and the spirit of the rules of discovery.")  Plaintiffs' failure to disclose the Undisclosed Witnesses is neither substantially justified nor harmless, and the Undisclosed Witnesses' declarations should be automatically excluded under Rule 37(c)(1).

### 3.  Plaintiffs' request for a lesser sanction should be denied.

"Under Rule 37(c)(1), when a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court 'on motion.'" *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, No. 17-CV-5096 (WMW/BRT), 2020 WL 1617879, at *3 (D. Minn. Apr. 2, 2020), aff'd, 30 F.4th 1339 (Fed. Cir. 2022) (quoting *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018)).  Here, after objecting to Hutchinson bringing a motion to strike as "procedurally improper", (Second McLaren Decl., Ex. B, Doc. 484-2), Plaintiffs have brought their own affirmative motion for lesser sanctions under Rule 37.  (Doc. 493.)  As discussed

---

[3] As discussed in Hutchinson's reply brief, although not relevant for purposes of summary judgment, Elliott makes many false assertions in his declaration.  (*See* Reply Br., Doc. 482, p. 7 n.3.)

above, this motion is procedurally improper under the pretrial scheduling order and Plaintiffs have not even attempted to make the necessary showing for an extension of the scheduling order under Rule 16. In addition, even if Plaintiffs' motion was not procedurally barred, Plaintiffs are not entitled to a lesser sanction and their motion should be denied on the merits.

In the Eighth Circuit, when considering a party's request for a lesser sanction for a Rule 26 violation, "the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). While "the exclusion of evidence is a harsh penalty and should be used sparingly," *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir.1995), exclusion may be appropriate even if "the record contains no hint of bad faith." *Vanderberg*, 906 F.3d at 704; *see also Fu*, 622 F.3d at 883–84.

Here, an analysis of factors articulated by *Wegener* shows that Plaintiffs are not entitled to their requested lesser sanction. Plaintiffs have no reason for their noncompliance with Rule 26 other than their belated decision to rely on the testimony of the Undisclosed Witnesses. (Mem. in Supp., Doc. 495, p. 4.) "But ignorance, without diligence, is not a viable excuse." *Niazi Licensing Corp.*, 2020 WL 1617879, at *3; *see Wegener*, 527 F.3d at 693 (untimely production of expert report was not substantially justified when party failed to exercise due diligence). The surprise and prejudice to Hutchinson also favor exclusion. As discussed in Part III.B.2, *supra*, Hutchinson was

surprised by the content of the Undisclosed Witnesses' declarations, and he would need additional discovery beyond three depositions to evaluate the context of each witnesses' claims, as well as impeachment material.  The need to essentially re-open discovery, on the eve of the trial-ready date and nearly three years into the life of this lawsuit, would greatly impact the order and efficiency of the resolution of this case.  And, as discussed in Hutchinson's reply in support of his summary judgment motion, even if the witnesses' declarations are considered, Hutchinson is still entitled to summary judgment.  (Doc. 482, p. 6-15.).  Even so, Plaintiffs' actions violate long-standing, fundamental rules.  Plaintiffs' requested lesser sanction is not warranted, and the declarations of the Undisclosed Witnesses should be automatically excluded under Rule 37(c)(1).

## **CONCLUSION**

For the foregoing reasons, Hutchinson respectfully requests that the Court deny Plaintiffs' Motion for Leave to File a Surreply (Doc. 488) and Plaintiffs' Conditional Motion for a Lesser Sanction (Doc. 493) in their entirety.

Respectfully submitted,

Dated: March 3, 2023

**MARY F. MORIARTY**
**Hennepin County Attorney**

By: /s/  *Sarah McLaren*
JAMES W. KEELER, JR.
(#0176199)
Sr. Assistant County Attorney
SARAH McLAREN (#0345878)
Assistant County Attorney
DEVONA L. WELLS (#0392052)
Assistant County Attorney
2000A Government Center, MC200
300 South Sixth Street
Minneapolis, MN 55487
Telephone: (612) 348-5532
FAX No: (612) 348-8299
Jim.Keeler@hennepin.us
Sarah.McLaren@hennepin.us
Devona.Wells@hennepin.us

***Attorneys for Defendant Hennepin***
***County Sheriff David Hutchinson***